

13-CV-05948-CMP



FILED RECEIVED LODGED
OCT 29 2013
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TIMOTHY DIETZ,

    Plaintiff,

vs.

QUALITY LOAN SERVICE CORP. OF WASHINGTON;

WELLS FARGO HOME MORTGAGE;

WELLS FARGO BANK, N.A.,

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,

DOE DEFENDANTS 1 - 20

    Defendants.

Case No.: CV13 5948 RJB

VERIFIED COMPLAINT

TRIAL BY JURY DEMANDED

## COMPLAINT

Plaintiff, TIMOTHY DIETZ, Individually, hereby sues Defendant QUALITY LOAN SERVICE CORP. OF WASHINGTON, for violations of the Fair Debt Collections Practices Act (Hereinafter "FDCPA"), Washington Deed of Trust Act (Hereinafter "WDTA"),

VERIFIED COMPLAINT
DEMAND FOR JURY TRIAL

Timothy Dietz, pro se
2503 34th Ave
Longview Washington 98632
360-442-9832

Defendant WELLS FARGO HOME MORTGAGE for violations of the FDCPA, WELLS FARGO BANK, N.A., for violations of the FDCPA, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.

1. This is an action for damages and injunctive relief brought by Plaintiff for violations of the FDCPA 15 U.S.C. § 1692 *et seq.*, the WDTA RCW § 61 *et seq.*, Upon belief and information, Plaintiff contends that many of these practices are widespread by the Defendants. Plaintiff intends to propound discovery to Defendants identifying these other individuals who have suffered similar violations.

2. Plaintiff contends that the Defendants have violated such laws by repeatedly harassing Plaintiff in attempts to collect an alleged but nonexistent debt.

3. All conditions precedent to the bringing of this action have been performed, waived or excused.

## JURISDICTION

4. Jurisdiction of this court arises under 15 U.S.C. § 1692k, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. 28 U.S.C. § 1331 and 28 U.S.C. § 1391.

5. Venue is proper in this District as the Plaintiff resides here, the Defendants transact business here, and the conduct complained of occurred here.

6. This is an action for damages which exceed $5,000.00.

## PARTIES

7. Plaintiff, TIMOTHY DIETZ, (Hereinafter "Mr. Dietz"), is a natural person and is a resident of the State of Washington.

VERIFIED COMPLAINT
DEMAND FOR JURY TRIAL

Timothy Dietz, pro se
2503 34th Ave
Longview Washington 98632
360-442-9832

8. Upon information and belief the Defendant, QUALITY LOAN SERVICE CORP. OF WASHINGTON (Hereinafter "QLS"), is a foreign corporation, authorized to do business in Washington, with offices located at 2141 5th Ave, San Diego, California 92101.

9. Upon information and belief the Defendant, WELLS FARGO HOME MORTGAGE (Hereinafter "WFHM"), is a foreign corporation, authorized to do business in Washington, with offices located at 1 Home Campus, Des Moines, Iowa 50328.

10. Upon information and belief the Defendant, WELLS FARGO BANK, N.A. (Hereinafter "WFB"), is a foreign corporation, authorized to do business in Washington, with offices at 464 California St, San Francisco, California 94104.

11. Upon information and belief the Defendant, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. (Hereinafter "MERS"), is a foreign corporation, not authorized to do business in Washington, with offices at 1818 Library Street, Reston, Virginia 20190.

12. DOES 1-20 are for any parties currently unknown in which through discovery of these proceedings becomes known as an affiliated entity or entity of interest in the matters set herewithin.

## GENERAL ALLEGATIONS

13. On September 26, 2008, Mr. Dietz executed a Promissory Note [EXHIBIT A] for $192,375.00 with Hyperion Capital Group, L.L.C. (hereinafter "HCG") as the lender. Mr. Dietz is the sole owner of the real property in question.

14. On September 26, 2008, Mr. Dietz executed a Deed of Trust [EXHIBIT B] with HCG as the lender, securing property commonly known as 2503 34th Ave, Longview, Cowlitz County, Washington, 98632, and said Deed of Trust was recorded into the records of

VERIFIED COMPLAINT
DEMAND FOR JURY TRIAL

Timothy Dietz, pro se
2503 34th Ave
Longview Washington 98632
360-442-9832

Cowlitz County on October 03, 2008, under Recording Number 3378077. Said property is Mr. Dietz's primary resident.

15. On May 17, 2011, an alleged assignment of Deed of Trust dated May 05, 2011 [EXHIBIT C], from MERS, as nominee for HCG, to WFB was recorded into the records of Cowlitz County under Recording Number 3436945.

16. The Assignment of Deed of Trust recorded as Recording Number 3436945 was recorded while the alleged debt was under default.

17. The alleged Assignment of Deed of Trust recorded as Recording Number 3436945 is false and misleading.

18. On May 18, 2011, an alleged assignment of Deed of Trust dated May 16, 2011 [EXHIBIT D], from MERS, as nominee for HCG, to WFB was recorded into the records of Cowlitz County under Recording Number 3437015.

19. The alleged Assignment of Deed of Trust recorded as Recording Number 3437015 is false and misleading.

20. On February 21, 2012, an alleged Appointment of Successor Trustee dated February 10, 2012 [EXHIBIT E], from WFB to QLS was recorded into the records of Cowlitz County under Recording Number 3451510.

21. As Substitute Trustee, QLS receives instructions from WFHM

22. In connection with the collection of an alleged debt, QLS sent written communication to Mr. Dietz on or about July 27, 2012. QLS stated, in relevant part, as follows:

"THIS NOTICE IS SENT FOR THE PURPOSE OF COLLECTING A DEBT. THIS OFFICE IS ATTEMPTING TO COLLECT A DEBT ON BEHALF OF THE HOLDER AND OWNER OF THE NOTE. ANY INFORMATION

VERIFIED COMPLAINT
DEMAND FOR JURY TRIAL

Timothy Dietz, pro se
2503 34th Ave
Longview Washington 98632
360-442-9832

OBTAINED BY OR PROVIDED TO THIS COMPANY OR THE CREDITOR WILL BE USED FOR THAT PURPOSE."

23. The communication from QLS alleges WFB to be the new owner of an alleged Note.

24. WFB had a duty under 15 U.S.C. § 1641(g), not later than 30 days after the date on which a mortgage loan is sold, to notify the Mr. Dietz in writing of such an event. WFB breeched that duty.

25. Mr. Dietz has no contractual obligation to pay Defendants.

26. This communication from QLS provided Mr. Dietz with the disclosures required pursuant to 15 U.S.C. § 1692g(a) in an improper manner. QLS stated, in relevant part, as follows: "Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office within 30 days after receiving this notice, this office will obtain verification of the debt and mail you a copy of the verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor."

27. On or about August 4, 2012, Mr. Dietz sent a notice of dispute letter to QLS.

28. On August 29, 2012, a Notice of Trustee's Sale was recorded into Cowlitz County Records under Recording Number 3462652 setting a sale date of December 28, 2012.

29. On or about August 30, 2012, and at other times since, Mr. Dietz has received communication from QLS, continuing attempts to collect an alleged but nonexistent debt.

VERIFIED COMPLAINT
DEMAND FOR JURY TRIAL

Timothy Dietz, pro se
2503 34th Ave
Longview Washington 98632
360-442-9832

30. Communication related to debt collection does not become unrelated to debt collection simply because it also relates to the enforcement of a security interest. A "debt" is still a "debt" even if it is secured.

31. On or about September 8, 2012, Mr. Dietz received communication from QLS alleging to be a Validation of Debt.

32. The alleged validation from QLS has failed as a validation of debt for several reasons.

33. The alleged validation from QLS fails to establish a connection of an alleged debt between WFHM or WFB and Mr. Dietz.

34. The alleged validation from QLS failed to provide the name and address of the original creditor.

35. The endorsements on the alleged Note, provided by QLS, are false, fraudulent and unauthorized.

36. The alleged Note, provided by QLS, clearly states "Sign Original Only."

37. The alleged Note, provided by QLS, has endorsements to a "copy" of the alleged Note and not to the original document.

38. The alleged Assignment of Deed of Trust, provided by QLS, is deceptive and fails to qualify as an Assignment of Deed of Trust for several reasons.

39. The alleged Assignment of Deed of Trust, provided by QLS, does not reflect any consideration of value that MERS allegedly received.

40. MERS does not hold authority to accept monies in connection with Mr. Dietz's property and therefore MERS could not have received any consideration nor could they qualify as a beneficiary.

VERIFIED COMPLAINT
DEMAND FOR JURY TRIAL

Timothy Dietz, pro se
2503 34th Ave
Longview Washington 98632
360-442-9832

6 of 16

41. The State of Washington has rejected the argument that MERS qualifies as a beneficiary of the Deed of Trust.

42. The alleged Assignment of Deed of Trust, provided by QLS, does not reflect any dates upon which the alleged assignment took place.

43. The alleged Assignment of Deed of Trust, provided by QLS, fails to also assign the Promissory Note.

44. MERS is not a party to the Promissory Note (see exhibit A) and holds no authority to assign the Note.

45. The Note and Deed of Trust are inseparable, the former as essential, the latter as an incident. An assignment of the Note carries the Deed of Trust with it, while an assignment of the latter alone is a nullity.

46. The alleged Assignment of Deed of Trust is allegedly signed by Amy Toske as an Assistant Secretary.

47. Amy Toske is not an employee of MERS but rather an employee of WFHM and allegedly assigned the Deed of Trust to the same entity that employs her establishing a conflict.

48. With the Assignments of Deed of Trust being invalid, the Appointment of Successor Trustee must also follow as invalid.

49. Mr. Dietz relied on these misrepresentations to his detriment as he has paid monies to Wells Fargo.

50. The false Assignments of Deed of Trust were a material misrepresentation designed to bolster the false belief in Mr. Dietz that Wells Fargo was the rightful owner of the Dietz Deed of Trust.

VERIFIED COMPLAINT
DEMAND FOR JURY TRIAL

Timothy Dietz, pro se
2503 34th Ave
Longview Washington 98632
360-442-9832

51. On October 17, 2012, a Notice of Trustee's Sale was recorded into Cowlitz County Records under Recording Number 3465768 setting a sale date of February 15, 2012.

52. On or about November 10, 2012, Mr. Dietz sent a notice of debt validation to WFHM.

53. On or about November 27, 2012, Mr. Dietz received communications from WFHM alleging to be a validation of debt.

54. This communications from WFHM provided Mr. Dietz with the disclosures required pursuant to 15 U.S.C. § 1692. WFHM stated, in relevant part, as follows:

> "This communication is an attempt to collect a debt and any information obtained will be used for that purpose."

55. The communications from WFHM fails as verification for several reasons. WFHM did not provide any documents that establish a connection to an alleged debt between Mr. Dietz and WFHM or WFB.

56. The copies of customer account activity statements provided by WFHM do not include any reference to WFB or WFHM anywhere within these documents.

57. The copy of the Note provided by WFHM does not include any reference to WFB or WFHM anywhere within the Note.

58. The copy of the Deed of Trust provided by WFHM does not include any reference to WFB or WFHM anywhere within the Deed of Trust.

59. The copy of closing statements provided by WFHM do not include any reference to WFB or WFHM anywhere within the closing documents.

60. On January 24, 2012, Mr. Dietz called QLS to ask about the declaration from the beneficiary, which is a requisite to a Trustee sale, as required by the WDTA, RCW § 61.24.030(7)(a). A representative of QLS stated that QLS had the declaration from the

VERIFIED COMPLAINT
DEMAND FOR JURY TRIAL

Timothy Dietz, pro se
2503 34th Ave
Longview Washington 98632
360-442-9832

8 of 16

beneficiary. During that conversation Mr. Dietz asked that a copy of that declaration be sent to him.

61. On or about February 4, 2013, Mr. Dietz received communications from QLS, which included a notice of Continuance of Trustee sale date now set for March 8, 2013.

62. On or about February 6, 2013, Mr. Dietz received communications from WFHM, which included a notice of Continuance of Trustee sale date now set for March 8, 2013.

63. On February 7, 2013, Mr. Dietz called WFHM to inquire as to why the trustee sale date had been continued. The representative for WFHM told Mr. Dietz that there was a document missing. When Mr. Dietz asked what that document was the representative for WFHM said that she could not elaborate.

64. On February 15, 2013, Mr. Dietz went to the location where his property was to be sold. A representative for QLS announced that the Sale of Mr.. Dietz's property had been postponed. When Mr. Dietz asked the Representative as to why the sale had been postponed he was told that it was because Mr. Dietz had filed bankruptcy. Mr. Dietz has never filed for bankruptcy.

65. On February 15, 2013, Mr. Dietz called WFHM to ask about the bankruptcy and was told by a representative for WFHM that he could not talk to Mr. Dietz because there was a cease and desist on his account, one in which Mr. Dietz did not initiate.

66. Trustees have an obligation of good faith to the borrower, beneficiary and grantor as defined in the WDTA RCW § 61.24.010(4). However, out of State Trustees have failed to honor their obligation of "good faith" to the borrower. Because the WDTA dispenses with many protections commonly enjoyed by borrowers under judicial foreclosures, Beneficiaries and Trustees must strictly comply with the statutes and courts must strictly

VERIFIED COMPLAINT
DEMAND FOR JURY TRIAL

Timothy Dietz, pro se
2503 34th Ave
Longview Washington 98632
360-442-9832

construe the statutes in the borrower's favor. Without statutory authority, any action taken is invalid.

67. On or about March 3, 2013, Mr. Dietz sent a notice of dispute to WFHM.

68. On or about March 23, 2013, Mr. Dietz received communications from WFHM in response to Mr. Dietz's dispute letter dated March 3, 2013.

69. WFHM stated that WFHM purchased Mr. Dietz's loan after his closing of September 26, 2008. This conflicts with other references that WFB is the owner of Mr. Dietz's Note and Deed of Trust which is being asserted by WFHM and QLS.

70. On April 17, 2013, Mr. Dietz faxed a letter to QLS and WFHM calling attention to items of concern during the foreclosure process and offering an opportunity to resolve these concerns before litigation.

71. On April 19, 2013, Mr. Dietz faxed a notice of intent to litigate to QLS and WFHM, again, offering an opportunity to resolve concerns before litigation..

72. On May 21, 2013, A Notice of Trustee Sale was [EXHIBIT F] was recorded into the records of Cowlitz County under Recording Number 3480408 setting a sale date of September 20, 2013.

73. On or about June 6, 2013, Mr. Dietz received communications from QLS, which included an alleged declaration from the beneficiary.

74. This declaration is false, fraudulent and unauthorized and fails for several reasons.

75. This declaration is dated January 5, 2012, which is about 36 days before QLS was appointed as successor trustee.

76. This declaration was not signed on the date it alleges to be signed.

77. This declaration is not notarized.

VERIFIED COMPLAINT
DEMAND FOR JURY TRIAL

Timothy Dietz, pro se
2503 34th Ave
Longview Washington 98632
360-442-9832

10 of 16

78. This declaration was allegedly signed by Sheri Brawley. Sheri Brawley does not have first hand knowledge of the note or other obligation that she is declaring.

79. Sheri Brawley does not work for WFHM or WFB.

80. On September 29, 2013, QLS conducted a foreclosure sale on Mr. Dietz's property which is located at 2503 34th Ave, Longview, Washington 98632.

81. Because of the many misrepresentations of Defendants, Mr. Dietz has suffered mental and emotional anguish.

## COUNT I

## VIOLATION OF THE FAIR DEBT COLLECTIONS PRACTICES ACT

## (FDCPA) 15 U.S.C. § 1692g(b)

82. Paragraphs 1 through 80 are re-alleged as though fully set forth herein.

83. Mr. Dietz is a consumer within the meaning of the FDCPA, 15 U.S.C. § 1692a(3).

84. QLS is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

85. QLS, through communications with the Plaintiff has identified themselves as debt collectors.

86. WFHM is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

87. WFB is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

88. 15 U.S.C. § 1692g(b) reads in relevant part:

> "(b) Disputed debts
> If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or any copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector."

VERIFIED COMPLAINT
DEMAND FOR JURY TRIAL

Timothy Dietz, pro se
2503 34th Ave
Longview Washington 98632
360-442-9832

89. 15 U.S.C. § 1692a(6) reads in relevant part;

> "As used in this title-
> (6) The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principle purpose of which is the collections of any debt, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Not withstanding the exclusion provided by clause (F) of the last sentence of this paragraph, the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts. For the purpose of section 8708(6), such terms also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principle purpose of which is the enforcement of security interests. The term does not include-
> > (F) any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity
> > > (iii) concerns a debt which was not in default at the time it was obtained by such person."

Since this alleged debt was in default at the alleged time it was acquired, and QLS and WFHM and WFB do not meet any definitions of exclusions then they are subject to the FDCPA in it's entirety.

90. QLS, WFHM and WFB had a duty under the FDCPA and they have willfully breeched that duty.

91. Defendants have caused damage to Plaintiff by willfully violating the FDCPA § 1692a(6) and Plaintiff is entitled to relief as a matter of law.

**WHEREFORE**, Plaintiff demands the entry of Final Judgment against Defendants QLS, WFB and WFHM for compensatory damages, interests, costs, attorneys' fees, and any other and further relief which is just and proper under the totality of the circumstances.

## COUNT II

VERIFIED COMPLAINT  
DEMAND FOR JURY TRIAL

Timothy Dietz, pro se  
2503 34th Ave  
Longview Washington 98632  
360-442-9832

12 of 16

## VIOLATION OF WASHINGTON STATE DEED OF TRUST ACT

## (WDTA) RCW § 61.24.030(7)(a)

92. Paragraphs 1 through 80 are re-alleged as though fully set forth herein.

93. Mr. Dietz is a Person within the meaning of the WDTA RCW § 61.24.005(11).

94. QLS is a Trustee within the meaning of the WDTA RCW § 61.24.005(16).

95. WDTA RCW § 61.24.030(7)(A) reads in part:

> "That it shall be a requisite to a trustee sale:
> (7)(a) That, for residential property, before the notice of trustee's sale is recorded, transmitted, or serve, the trustee shall have proof that the beneficiary is the owner of any promissory note or other obligation secured by the deed of trust. A declaration by the beneficiary made under penalty of perjury stating that the beneficiary is the actual holder of the promissory note or other obligation secured by the deed of trust shall be sufficient proof as required under this subsection."

QLS had a duty to properly honor all requisites as outlined in the WDTA and they have willfully and maliciously breached that duty

96. Defendant has caused damage to Plaintiff by willfully violating the WDTA and Plaintiff is entitled to relief as a matter of law.

**WHEREFORE**, Plaintiff demands the entry of Final Judgment against Defendant QLS for compensatory damages, interests, costs, attorneys' fees, and any other and further relief which is just and proper under the totality of the circumstances.

## COUNT III

## VIOLATION OF WASHINGTON STATE DEED OF TRUST ACT

## (WDTA) RCW § 61.24.010(4) AND RCW § 61.24.030(7)(b)

97. Paragraphs 1 through 80 are re-alleged as though fully set forth herein.

98. Mr. Dietz is a Person within the meaning of the WDTA RCW § 61.24.005(11).

99. QLS is a Trustee within the meaning of the WDTA RCW § 61.24.005(16).

VERIFIED COMPLAINT  
DEMAND FOR JURY TRIAL

Timothy Dietz, pro se  
2503 34th Ave  
Longview Washington 98632  
360-442-9832

100. The WDTA RCW § 61.24.010(4) reads in part:

> "The Trustee or Successor Trustee has a duty of good faith to the borrower, beneficiary, and grantor."

101. The WDTA RCW § 61.24.030(7)(b) reads in part:

> "Unless the trustee has violated his or her duty under RCW 61.24.010(4), The trustee is entitled to rely on the beneficiary's declaration as evidence of proof required under this subsection."

102. QLS has a duty of good faith have breeched their duty of good faith including, but not limited to, willful and repeated misrepresentations.

103. Defendant has caused damage to Plaintiff by willfully violating their duty of good faith and Plaintiff is entitled to relief as a matter of law.

**WHEREFORE**, Plaintiff demands the entry of Final Judgment against Defendant QLS for compensatory damages, interests, costs, attorneys' fees, and any other and further relief which is just and proper under the totality of the circumstances.

## COUNT IV

## VIOLATION OF THE FAIR DEBT COLLECTIONS PRACTICES ACT

## (FDCPA) 15 U.S.C. § 1692e(5)

104. Paragraphs 1 through 80 are re-alleged as though fully set forth herein.

105. Mr. Dietz is a consumer within the meaning of the FDCPA, 15 U.S.C. § 1692a(3).

106. QLS is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

107. WFHM is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

108. WFB is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

109. 15 U.S.C. § 1692e(5) reads in part;

> "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the

VERIFIED COMPLAINT  
DEMAND FOR JURY TRIAL

Timothy Dietz, pro se  
2503 34th Ave  
Longview Washington 98632  
360-442-9832

14 of 16

general application of the foregoing, the following conduct is a violation of this section:
> (5) The threat to take any action that cannot legally be taken or that is not intended to be taken."

110. WFHM, QLS and WFB have communicated threats of foreclose, and have foreclosed, on Mr. Dietz's property before successfully establishing a legal standing to do so.

111. WFHM, QLS and WFB have a duty to honorably follow the guidelines as set forth in FDCPA and WFHM, QLS and WFB have breeched that duty.

112. Defendants have caused damage to Plaintiff by willfully violating the FDCPA and Plaintiff is entitled to relief as a matter of law.

**WHEREFORE,** Plaintiff demands the entry of Final Judgment against WFHM for compensatory damages, interests, costs, attorneys' fees, and any other and further relief which is just and proper under the totality of the circumstances.

## DEMAND FOR JURY TRIAL

113. Mr. Dietz hereby demands a trial by jury as a matter of law.

114. Mr. Dietz requests leave to amend any portion of this complaint as necessary.

Dated this 29th day of October, 2013

_____
Timothy Dietz, *pro se*
2503 34th Ave
Longview, Washington 98632
timthepostman@yahoo.com
360-442-9832

## VERIFICATION OF COMPLAINT

STATE OF WASHINGTON
COUNTY OF COWLITZ

VERIFIED COMPLAINT
DEMAND FOR JURY TRIAL

Timothy Dietz, pro se
2503 34th Ave
Longview Washington 98632
360-442-9832

15 of 16

BEFORE ME personally appeared Timothy Dietz who, being by me first duly sworn and identified in accordance with Washington law, deposes and says:

1. My name is Timothy Dietz, plaintiff herein.
2. I have read and understood the attached foregoing complaint filed herein, and each fact alleged therein is true and correct of my own personal knowledge

FURTHER THE AFFIANT SAYETH NAUGHT.

_____
Timothy Dietz, Affiant

SWORN TO and subscribed before me this 29th day of October, 2013.

_Cynthia L Corl_
Notary Public

My commission expires: 6-14-14



VERIFIED COMPLAINT
DEMAND FOR JURY TRIAL

Timothy Dietz, pro se
2503 34th Ave
Longview Washington 98632
360-442-9832