THE HONORABLE ROBERT J. BRYAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TIMOTHY DIETZ,

    Plaintiff,

    v.

QUALITY LOAN SERVICE CORP. OF WASHINGTON; WELLS FARGO HOME MORTGAGE; WELLS FARGO BANK, N.A.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; DOE DEFENDANTS 1-20,

    Defendants.

No. 13-05948-RJB

**WELLS FARGO AND MERS'S MOTION TO DISMISS**

<u>**NOTE ON MOTION CALENDAR:**</u>
**DECEMBER 20, 2013**

## I. INTRODUCTION AND RELIEF REQUESTED

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendants Wells Fargo and MERS respectfully request that the Court dismiss with prejudice the claims Plaintiff Timothy Dietz has asserted against them.[1]

This is a post-sale "wrongful foreclosure" case. Dietz alleges causes of action for violation of the Fair Debt Collection Practices Act ("FDCPA") and violation of the Washington Deed of Trust Act ("DTA"). His FDCPA claim fails as a matter of law because Wells Fargo is not a "debt collector" by definition under the Act and cannot be liable for violating the same. His DTA claim was not brought against Wells Fargo or MERS and, even if it was, the claim is

---

[1] "Wells Fargo" is, collectively, Defendant Wells Fargo Home Mortgage and Defendant Wells Fargo Bank, N.A. "MERS" is Defendant Mortgage Electronic Registration Systems, Inc. "Dietz" is Plaintiff Timothy Dietz.

DEFENDANTS WELLS FARGO AND MERS'S MOTION TO DISMISS - 1
No. CV-13-05948-RJB

105727.1513/5874546.1

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

barred because Dietz failed to bring a motion to restrain the sale of his former property before it occurred.  Although MERS is named in the Complaint, none of Dietz's four causes of action specifically mention MERS.  Further, the allegations against MERS – namely that it executed its routine duties as nominee (agent) of the note holder – are not sufficient to support a claim for relief.  Because Dietz's detailed and specific Complaint fails to state a claim against Wells Fargo or MERS, Dietz's claims against these defendants should be dismissed with prejudice.

## II.  FACTS[2]

On September 26, 2008, Dietz consummated a loan (the "Loan") by executing a promissory Note (the "Note") for $192,375.00 with Hyperion Capital Group, L.L.C. ("HCG") as the lender.  Compl. ¶ 13, ECF No. 1.

On September 26, 2008, Dietz executed a Deed of Trust (the "DOT") naming HCG as the lender, securing property commonly known as 2503 34th Ave, Longview, Cowlitz County, Washington, 98632 (the "Property").  *Id.* at ¶ 15.  The DOT was recorded into the records of Cowlitz County on October 3, 2008, under Recording Number 3378077.  *Id.*  The Property is Dietz's primary residence.  *Id.*

On or about May 17, 2011, America's Servicing Company, a division of Wells Fargo, recorded an assignment (the "Assignment") of the DOT to Wells Fargo in the county records.  Assignment, Ex. B to Lorber Decl.  The Assignment was executed by MERS.  *Id.*  Dietz contends he was in default at the time the Assignment was recorded.  Compl. ¶ 16, ECF No. 1.

After recording the Assignment, Wells Fargo recorded a second Assignment in the county records.  2nd Assignment, Ex. C to Lorber Decl.  The Assignment and 2nd Assignment are functionally identical: they were both recorded by Wells Fargo entities, they were both executed by MERS representatives, and they both assigned MERS' record agency interest in the DOT to Wells Fargo and gave public notice that Wells Fargo was the successor beneficiary of the DOT.  *Compare* Exs. B and C to Lorber Decl.

---

[2] The Complaint states that the relevant recorded land records are attached as exhibits.  However, these documents do not appear in the record.  Copies of the documents are attached to the accompanying Declaration of Abraham K. Lorber ("Lorber Decl.").

DEFENDANTS WELLS FARGO AND MERS'S MOTION TO DISMISS - 2
No. CV-13-05948-RJB
105727.1513/5874546.1

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

On February 21, 2012, Wells Fargo recorded an appointment of successor trustee (the "Appointment"), naming Defendant Quality Loan Service Corp. of Washington ("QLS") as successor trustee of the DOT. Appointment, Ex. D to Lorber Decl.

Over the next six months, Dietz engaged in correspondence with QLS disputing his debt. *See* Compl. ¶¶ 22-50. These exchanges culminated on August 29, 2012 when QLS recorded a notice of trustee's sale (the "1st Notice of Sale") against the Property. 1st Notice of Sale, Ex. E to Lorber Decl. The 1st Notice of Sale states, on its face, that Dietz was $23,887.12 behind on the Loan at the time it was executed. *Id.* at ¶ III. On October 17, 2012, QLS discontinued the 1st Notice of Sale via a recorded notice. Discontinuance, Ex. F to Lorber Decl.

On October 17, 2012, QLS recorded a second notice of trustee's sale (the "2nd Notice of Sale"), scheduling a non-judicial foreclosure of the Property for February 13, 2013. 2nd Notice of Sale, Ex. G to Lorber Decl.

The sale was postponed several times and the 2nd Notice of Sale eventually expired without a sale taking place. Compl. ¶¶ 61, 64, 72. On May 21, 2013, QLS recorded a new notice of sale (the "3rd Notice of Sale") scheduling a non-judicial foreclosure sale of the Property for September 20, 2013. 3rd Notice of Sale, Ex. H to Lorber Decl. The 3rd Notice of Sale states, on its face, that Dietz was $33,456.86 behind on the Loan at the time it was executed. *Id.* at ¶ III. The 3rd Notice of Sale also states that Dietz had been in default for almost three years. *Id.* at ¶ IV (stating interest was due on the Note from December 1, 2010).

QLS ended up selling the Property on September 20, 2013 and the Property reverted to Wells Fargo. Trustee's Deed, Ex. I to Lorber Decl.

Dietz did not file a motion to restrain the sale in either this Court or Cowlitz County Superior Court before the sale occurred.[3]

### III.  EVIDENCE RELIED UPON

This motion relies on the allegations in Dietz's Complaint, the recorded documents

---

[3] *See* search for cases in Cowlitz County Superior Court filed in or after 2010 including parties named "Dietz, T," http://dw.courts.wa.gov/index.cfm?fa=home.superiorsearch&terms=accept, accessed Nov. 13, 2013.

DEFENDANTS WELLS FARGO AND MERS'S MOTION TO DISMISS - 3
No. CV-13-05948-RJB

105727.1513/5874546.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

attached as Exhibits to the Lorber Declaration of which the Court may take judicial notice, and the other pleadings and papers on file with the Court in this matter.[4]

## IV.  ISSUE

Should Dietz's Complaint be dismissed with prejudice because it fails to state a claim upon which relief can be granted?

## V.  ARGUMENT

### A.  Motion to Dismiss Standard

This Court has recently articulated the Fed. R. Civ. P. 12(b) standard:

> Fed.R.Civ.P. 12(b)(6) motions to dismiss may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir.1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295 (9th Cir.1983). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964–65, 167 L.Ed.2d 929 (2007) (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 1965. Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974.
>
> * * *
>
> In assessing whether a case should be dismissed with prejudice and without leave to amend, five factors should be considered: "(1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint." *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir.2004) (citing *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir.1995)). "Futility alone can justify the denial of a motion for leave to amend." *Id.*

*Call v. Routh Crabtree Olsen, P.S.*, Case No. 13-5241 RJB, 2013 WL 3805651, * 4, 6 (July 18, 2013) (dismissing case with prejudice and without leave to amend).

---

[4] The Court may take judicial notice of publicly recorded documents and may consider the documents without turning this motion into a motion for summary judgment. *See, e.g., Shaw v. Hahn*, 56 F.3d 1128, 1129 n. 1 (9th Cir. 1995); *See United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (court may consider documents to which the complaint "refers extensively" or "form the basis of the plaintiffs' claim"); *Parrino v. FHP, Inc.*, 146 F.3d 669, 707 (9th Cir. 1998) ("A court may consider evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion.").

DEFENDANTS WELLS FARGO AND MERS'S MOTION TO DISMISS - 4
No. CV-13-05948-RJB

105727.1513/5874546.1

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

This case should be dismissed with prejudice and without leave to amend because Dietz's causes of action fail as a matter of law and cannot be rehabilitated.

B. **Dietz Fails to State a Claim for Relief for Violation of the FDCPA.**

Dietz's 1st and 4th causes of action are for violation of the FDCPA, 15 U.S.C. §§ 1692(g)(b) and 1692(e)(5) respectively. Compl. 11, 14. These claims do not mention MERS and there is no allegation in the Complaint that MERS engaged in any activities that could be construed as "debt collection." This claim fails against Wells Fargo for several reasons, chief among them that is Wells Fargo is not a "debt collector" under the Act. *See Lamb v. Mortgage Electronic Registration Systems, Inc.,* Case No. C10-5856RJB, 2011 WL 5827813, *5 (W.D. Wash. Nov. 18, 2011) (Rule 12(b)(6) dismissal of FDCPA claim on grounds that the lender defendants were not "debt collectors" under the Act).

1. **Wells Fargo is not a "Debt Collector" Under the FDCPA Because it is the Successor-Lender and Servicer of the Loan.**

The Fair Debt Collection Practices Act applies only to "debt collectors" as defined by that statute. 15 U.S.C. § 1692a(6); *see Fleeger v. Bell*, 95 F. Supp. 2d 1126, 1130 (D. Nev. 2000) ("[i]n order to assert direct liability under the FDCPA, a plaintiff must show that the defendant's actions or status rendered it a 'debt collector' for purposes of the Act. Ordinarily, the FDCPA protects consumers against only those entities that collect debts for third parties."). The FDCPA defines "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or ***due another***." 15 U.S.C. § 1692a(6) (emphasis added). Thus, the term "debt collector does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned." *Perry v. Stewart Title Co.* 756 F.2d 1197, 1208 (5th Cir. 1985). *See* 15 U.S.C. § 1692a(6)(F)(iii).[5] This "creditor exception" exists because "creditors are generally presumed to

---

[5] *See, e.g., Aubert v. American Gen. Fin., Inc*., 137 F.3d 976, 978 (7th Cir. 1998) (holding that those who collect in

DEFENDANTS WELLS FARGO AND MERS'S MOTION TO DISMISS - 5
No. CV-13-05948-RJB

105727.1513/5874546.1

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

restrain their abusive collection practices out of a desire to protect their corporate goodwill" *Aubert*, 137 F.3d at 978. Thus, under the law, there is a "creditor exception" to the definition of "debt collector" under the Act. However, there is also a "default exception" to the "creditor exception" in the instance a creditor is assigned the debt while it is in default.

Dietz has alleged that he was in default at the time the Assignment was recorded in 2011. Compl. ¶ 16, ECF No. 1. Presumably, Dietz will argue that Wells Fargo falls into the default exception to the creditor exception under *Perry*. 756 F.2d at 1208. However, the year 2011 does not constitute the "time [the debt] was assigned" for the purpose of the Act.

As this Court has held, an assignment does not have any effect on the rights and obligations of the borrowers under the Note and the Deed of Trust, and the beneficiary's authority to act does not derive from the assignment. *See, e.g.*, *Lynott v. Mortg. Elec. Reg. Sys., Inc.*, No. 12-cv-5572-RBL, 2012 WL 5995053, at *2 (W.D. Wn. Nov. 30, 2012) (holding that "U.S. Bank is the beneficiary of the deed because it holds Plaintiff's note, not because MERS assigned it the deed"). "Washington State does not require the recording of such transfers and assignments." *Corales v. Flagstar Bank, FSB*, 822 F. Supp. 2d 1102, 1109 (W.D. Wn. 2011). This is because the recording is for the benefit of third parties. *Id.*; *see also In re United Home Loans*, 71 B.R. 885, 891 (Bankr. W.D. Wn. 1987) ("An assignment of a deed of trust . . . is valid between the parties whether or not the assignment is ever recorded. . . . Recording of the assignments is for the benefit of third parties[.]"). Thus, the 2011 Assignment is meaningless for the purpose of determining whether the Loan was in default at the time it was assigned.

Thus, the facts of this case as alleged in the Complaint are as follows:

- 2008 – Wells Fargo purchases loan. Compl. ¶ 69, ECF No. 1;
- 2010 – Dietz defaults. 3rd Notice of Sale at ¶ IV, Ex. H to Lorber Decl;
- 2011 – Assignment and 2nd Assignement are for benefit of title only.

---

their own name and on behalf of themselves are not subject to the federal FDCPA); *accord Pollice v. National Tax Funding, L.P.*, 225 F.3d 379, 403 (3rd Cir. 2000); *Wadlington v. Credit Acceptance Corp.*, 76 F.3d 103, 106 (6th Cir. 1996) (referencing S.Rep. No. 95-382, 95th Cong., 1st Sess. 3 and explaining, "[the] legislative history of the federal FDCPA indicates conclusively that a debt collector does not include the consumer's creditors."); *Beck v. Alliance Funding Co.*, 113 F. Supp. 2d 274, 275 (D. Conn. 2000).

DEFENDANTS WELLS FARGO AND MERS'S MOTION TO DISMISS - 6
No. CV-13-05948-RJB

105727.1513/5874546.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

These facts are insufficient to show that Wells Fargo acquired rights to the Loan while it was in default. In fact, they show just the opposite. As servicer and lender of the Loan, Wells Fargo is not a debt collector under the FDCPA and the FDCPA claims fail as a matter of law. *Perry*, 756 F.2d at 1208.

**2.   Dietz's 15 U.S.C. § 1641(g) Claim is Time-Barred.**

Dietz alleges that Wells Fargo violated 15 U.S.C. § 1641(g) by failing to notify him within 30 days after it purchased the Loan. Compl. ¶ 24, ECF No. 1. As explained above, Wells Fargo purchased the Loan in 2008. However, even using the later date of the 2011 Assignment, this claim is barred by FDCPA's one year statute of limitations, 15 U.S.C. § 1640(e), as this lawsuit was not filed until 2013.

**3.   Dietz's 15 U.S.C. § 1692(g) Claim Fails as a matter of Law.**

Dietz alleges Wells Fargo violated 15 U.S.C. § 1692(g)(b), requiring creditors to validate debts. Compl. ¶¶ 82-91. Even if Wells Fargo is a "debt collector" (it is not), Dietz's § 1692(g) claim fails as a matter of law.

Dietz concedes that Wells Fargo sent him a debt validation notice within the required time period, but he claims the validation was insufficient because:

- WFHM did not provide any documents that establish a connection to an alleged debt between Mr. Dietz and WFHM or WFB.

- The copies of customer account activity statements provided by WFHM do not include any reference to WFB or WFHM anywhere within these documents.

- The copy of the Note provided by WFHM does not include any reference to WFB or WFHM anywhere within the Note.

- The copy of the Deed of Trust provided by WFHM does not include any reference to WFB or WFHM anywhere within the Deed of Trust.

- The copy of closing statements provided by WFHM do not include any reference to WFB or WFHM anywhere within the closing documents.

*Id.* at ¶¶ 55-59. However, the allegedly omitted information is not required under the statute and cannot form the basis of an FDCPA claim. *See* 15 U.S.C. § 1692(g)(b) (requiring new creditor to provide only "a copy of such verification or judgment, or name and address of the

DEFENDANTS WELLS FARGO AND MERS'S MOTION TO DISMISS - 7
No. CV-13-05948-RJB

105727.1513/5874546.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

original creditor.").

Wells Fargo's status as Dietz's new creditor is supported by Dietz's admission that QLS had already provided him a copy of the endorsed Note.  Compl. ¶¶ 36-37 (although Dietz alleges the endorsement is fraudulent).  Further, the fact that Wells Fargo was not mentioned in the pre-endorsed Note, DOT, or loan closing documents is entirely consistent with Wells Fargo acquiring an interest in the Loan *after* it was originated.

Dietz fails to allege facts sufficient to support his § 1692(g) claim.  To the extent Wells Fargo can be liable as a "debt collector" (it cannot), Dietz's § 1692(g) claim should be dismissed with prejudice.

### 4. Dietz's 15 U.S.C. § 1692(e)(5) Claim Fails as a Matter of Law.

Dietz alleges that Wells Fargo violated 15 U.S.C. § 1692(e)(5) by virtue of its "wrongful foreclosure."  Compl. ¶¶ 104-112.  Notwithstanding the fact that Wells Fargo is not a "debt collector," claims based on foreclosure activities are not permissible under § 1692(e)(5).

While the 9th Circuit has yet to rule on the issue of whether "foreclosure proceedings constitute 'debt collection' within the ambit of the FDCPA, most district courts within the circuit have found that they are not."  *Jara v. Aurora Ln. Servs., LLC*, Case No. C11-00419LB, 2011 WL 6217308, *4 (N.D. Cal. Dec. 14, 2011).

> Foreclosing on a trust deed is distinct from the collection of the obligation to pay money. The FDCPA is intended to curtail objectionable acts occurring in the process of collecting funds from a debtor. But, foreclosing on a trust deed is an entirely different path. Payment of funds is not the object of the foreclosure action. Rather, the lender is foreclosing its interest in the property.

*Hulse v. Ocwen Fed. Bank, FSB*, 195 F. Supp. 2d 1188, 1204 (D.Or. 2002).

The trend of the 9th Circuit district courts appears to be the position taken by the Court in the *Armacost* case.  *See Jara*, 2011 WL 6217308 at *5 (citing *Armacost v. HSBC Bank USA*, No. 10–CV0274–EJL–LMB, 2011 WL 825151 (D.Idaho Feb.9, 2011)).  That is:

> Acts required to institute foreclosure proceedings, such as the recording of a notice of default, alone, are not debt collection activities for purposes of the FDCPA unless alleged in relation to a claim for violation of 15 U.S.C. § 1692f(6).

DEFENDANTS WELLS FARGO AND MERS'S MOTION TO DISMISS - 8
No. CV-13-05948-RJB

105727.1513/5874546.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

Case 3:13-cv-05948-RJB   Document 6   Filed 11/22/13   Page 9 of 11

*Jara*, 2011 WL 6217308 at *5.

Here, Dietz purports to bring a claim under § 1692(e)(5) related to foreclosure activities – foreclosure activities are not within the ambit of this section of the statute and the claim should therefore be dismissed with prejudice.

**C.    Dietz Fails to State a Claim Against Wells Fargo or MERS for Violation of the DTA.**

Dietz's 2nd and 3rd causes of action allege violation of the DTA, RCW 61.24.030(7)(a) and 030(7)(b) respectively.  Compl. 13-14, ECF No. 1.  By its terms, this claim is asserted against Quality only:

> **WHEREFORE**, Plaintiff demands the entry of Final Judgment against Defendant QLS for compensatory damages, interests, costs, attorneys' fees, and any other and further relief which is just and proper under the totality of the circumstances.
>
> **WHEREFORE**, Plaintiff demands the entry of Final Judgment against Defendant QLS for compensatory damages, interests, costs, attorneys' fees, and any other and further relief which is just and proper under the totality of the circumstances.

*Id.* at ¶¶ 96, 103 (emphasis in original).

Even if the Court construes the claim to include Wells Fargo and MERS, such claim is barred by waiver because Dietz failed to bring a motion to restrain the sale before it occurred. *See* RCW 61.24.127; *Brown v. Household Realty Corp.*, 146 Wn. App. 157, 163, 189 P.3d 233 (2008); *Plein v. Lackey*, 149 Wn.2d 214, 227-28, 67 P.3d 1061 (2003).

Moreover, as held by Washington Supreme Court in *Bain*, the mere inclusion of MERS in the loan transaction is not, by itself, actionable.  *Bain v. Metro. Mortg. Gp.*, Inc., 175 Wn.2d 83, 119-120, 285 P.3d 34 (2012).  Dietz's Complaint includes none of the allegations regarding inability to determine the correct creditor that the Washington Supreme Court has stated should be part of any valid MERS-based CPA claim.  *Id.* at 119.

Dietz's DTA claims are no bar to dismissal of Wells Fargo and MERS as the claims are not asserted against them.  To the extent they are asserted against Wells Fargo and MERS, the DTA claims are waived by operation of law and should be dismissed with prejudice.

DEFENDANTS WELLS FARGO AND MERS'S MOTION TO DISMISS - 9
No. CV-13-05948-RJB

105727.1513/5874546.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

### VI. CONCLUSION

For the foregoing reasons, Dietz's claims against Wells Fargo and MERS should be dismissed with prejudice.

DATED: November 22, 2013

LANE POWELL PC

By /s/Abraham K. Lorber
Ronald E. Beard, WSBA No. 24014
beardr@lanepowell.com
Abraham K. Lorber, WSBA No. 40668
lorbera@lanepowell.com
1420 Fifth Avenue, Suite 4200
PO Box 91302
Seattle, WA 98111-9402
Telephone: 206.223.7000
Fax: 206.223.7107

Attorneys for Defendants Wells Fargo Home Mortgage, Inc., Wells Fargo Bank, N.A., and Mortgage Electronic Registration Systems, Inc.

DEFENDANTS WELLS FARGO AND MERS'S MOTION TO DISMISS - 10
No. CV-13-05948-RJB
105727.1513/5874546.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

**CERTIFICATE OF SERVICE**

I certify that on the date indicated below, I caused the foregoing document to be filed with the Clerk of the Court via the CM/ECF system. In accordance with their ECF registration agreement and the Court's rules, the Clerk of the Court will send e-mail notification of such filing to the following persons:

Timothy Dietz
2503 34th Ave
Longview WA  98632
timthepostman@yahoo.com

I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

SIGNED November 22, 2013 at Seattle, Washington


/s/Debi Wollin
Debi Wollin

DEFENDANTS WELLS FARGO AND MERS'S MOTION TO DISMISS - 11
No. CV-13-05948-RJB
105727.1513/5874546.1

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107