THE HONORABLE ROBERT J. BRYAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TIMOTHY DIETZ,<br><br>                                    Plaintiff,<br><br>           v.<br><br>QUALITY LOAN SERVICE CORP. OF<br>WASHINGTON; WELLS FARGO HOME<br>MORTGAGE; WELLS FARGO BANK,<br>N.A.; MORTGAGE ELECTRONIC<br>REGISTRATION SYSTEMS, INC.; DOE<br>DEFENDANTS 1-20,<br><br>                                    Defendants. | No. 13-05948-RJB<br><br>**DECLARATION OF ABRAHAM K.<br>LORBER**<br><br><u>Noted for consideration:</u><br>December 20, 2013 |

Abraham K. Lorber declares and says:

I am an attorney for Defendants Wells Fargo and MERS in this matter. I am over the age of 18, I am a citizen of the United States, I am competent to make this declaration, and I do so on the basis of personal knowledge. I make this declaration in support of Defendant Wells Fargo's Motion for Summary Judgment.[1]

1.      Attached hereto as **Exhibit A** is a true and correct copy of a Deed of Trust recorded under Cowlitz County Auditor's No. 3378077 on October 3, 2008.

2.      Attached hereto as **Exhibit B** is a true and correct copy of an Assignment of Deed of Trust recorded under Cowlitz County Auditor's No. 3436945 on May 17, 2011.

---

[1] "Wells Fargo" is, collectively, Defendant Wells Fargo Home Mortgage and Wells Fargo Bank, N.A.
"MERS" is Defendant Mortgage Electronic Registration Systems, Inc.

DECLARATION OF ABRAHAM K. LORBER- 1
No. CV-13-05948-RJB
105727.1513/5883300.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

3.      Attached hereto as **Exhibit C** is a true and correct copy of an Assignment of Deed of Trust recorded under Cowlitz County Auditor's No. 3437015 on May 18, 2011.

4.      Attached hereto as **Exhibit D** is a true and correct copy of an Appointment of Successor Trustee recorded under Cowlitz County Auditor's No. 3451510 on February 21, 2012.

5.      Attached hereto as **Exhibit E** is a true and correct copy of a Notice of Trustee's Sale recorded under Cowlitz County Auditor's No. 3462652 on August 29, 2012.

6.      Attached hereto as **Exhibit F** is a true and correct copy of a Notice of Discontinuance of Trustee's Sale recorded under Cowlitz County Auditor's No. 3465762 on October 17, 2012.

7.      Attached hereto as **Exhibit G** is a true and correct copy of a Notice of Trustee's Sale recorded under Cowlitz County Auditor's No. 3465768 on October 17, 2012.

8.      Attached hereto as **Exhibit H** is a true and correct copy of a Notice of Trustee's Sale recorded under Cowlitz County Auditor's No. 3480408 on May 21, 2013.

9.      Attached hereto as **Exhibit I** is a true and correct copy of a Trustee's Deed Upon Sale recorded under Cowlitz County Auditor's No. 3489605 on September 27, 2013.

10.     The exhibits attached hereto were downloaded by my Firm on November 13, 2013 from the Cowlitz County Auditor's website.

I affirm under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

SIGNED November 22, 2013, at Seattle, Washington.


Abraham K. Lorber

DECLARATION OF ABRAHAM K. LORBER- 2
No. CV-13-05948-RJB
105727.1513/5883300.1

**CERTIFICATE OF SERVICE**

I certify that on the date indicated below, I caused the foregoing document to be filed with the Clerk of the Court via the CM/ECF system.  In accordance with their ECF registration agreement and the Court's rules, the Clerk of the Court will send e-mail notification of such filing to the following persons:

Timothy Dietz
2503 34th Ave
Longview WA  98632
timthepostman@yahoo.com

I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

SIGNED November 22, 2013 at Seattle, Washington


                                        s/Debi Wollin
                                        Debi Wollin

DECLARATION OF ABRAHAM K. LORBER- 3
No. CV-13-05948-RJB
105727.1513/5883300.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

EXHIBIT A

After Recording Return To:
HYPERION CAPITAL GROUP, LLC
5885 SW MEADOWS ROAD, SUITE 850
LAKE OSWEGO, OREGON 97035

**3378077**
10/03/2008 02:55:40 PM                         Pages: 12
Deed Of Trust   COWLITZ COUNTY TITLE COMPANY  54.00
Cowlitz County Washington

158545 MH

_____ [Space Above This Line For Recording Data] _____

# DEED OF TRUST

| FHA CASE NO. |
| --- |
| 561-8751648-703 |

Loan Number: 4047861
MIN: 1003072-0000042841-1

Grantor(s) (Last name first, then first name and initials):
1. DIETZ, TIMOTHY J.
2.
3.
4.
5.
6.
☐ Additional names on page       of document.

Grantee(s) (Last name first, then first name and initials):
1. MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., (MERS)
2. COWLITZ COUNTY TITLE COMPANY
3.
4.
5.
6.
☐ Additional names on page       of document.

Legal Description (abbreviated: i.e., lot, block, plat or section, township, range):
LONGVIEW HOMESTEADS LOT 20 LOT 1 OF BLK 14

Full legal description on page  `2   of document.
Assessor's Property Tax Parcel(s) or Account Number(s): 0-5311
Reference Number(s) Assigned or Released:
☐ Additional references on page       of document.

FHA WASHINGTON DEED OF TRUST - MERS
6/96                              Page 1 of 11                         DocMagic *CForms* 800-649-1362
                                                                      www.docmagic.com

12/54

THIS DEED OF TRUST ("Security Instrument") is made on SEPTEMBER 25, 2008 .
The grantor is TIMOTHY J. DIETZ, A MARRIED MAN

("Borrower").

The trustee is COWLITZ COUNTY TITLE COMPANY

("Trustee").

The beneficiary is Mortgage Electronic Registration Systems, Inc. ("MERS") (solely as nominee for Lender, as hereinafter defined, and Lender's successors and assigns). MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.
HYPERION CAPITAL GROUP, LLC, A LIMITED LIABILITY COMPANY

("Lender")

is organized and existing under the laws of OREGON ,
and has an address of 5885 SW MEADOWS ROAD, SUITE 850, LAKE OSWEGO, OREGON 97035
Borrower owes Lender the principal sum of ONE HUNDRED NINETY-TWO THOUSAND THREE HUNDRED SEVENTY-FIVE AND 00/100      Dollars (U.S. $ 192,375.00      ).
This debt is evidenced by Borrower's note dated the same date as this Security Instrument ("Note"), which provides for monthly payments, with the full debt, if not paid earlier, due and payable on OCTOBER 1, 2038       . This Security Instrument secures to Lender: (a) the repayment of the debt evidenced by the Note, with interest, and all renewals, extensions and modifications of the Note; (b) the payment of all other sums, with interest, advanced under paragraph 7 to protect the security of this Security Instrument; and (c) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described property located in                     COWLITZ
County, Washington:
LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART HEREOF.
A.P.N.: 0-5311

which has the address of 2503 34TH AVENUE

[Street]

LONGVIEW                              , Washington        98632  ("Property Address"):

[City]                                                   [Zip Code]

DocMagic eForms 800-649-1362
www.docmagic.com

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument; but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing or canceling this Security Instrument.

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

**UNIFORM COVENANTS.** Borrower and Lender covenant and agree as follows:

1.  **Payment of Principal, Interest and Late Charge.** Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and late charges due under the Note.

2.  **Monthly Payment of Taxes, Insurance, and Other Charges.** Borrower shall include in each monthly payment, together with the principal and interest as set forth in the Note and any late charges, a sum for (a) taxes and special assessments levied or to be levied against the Property, (b) leasehold payments or ground rents on the Property, and (c) premiums for insurance required under paragraph 4. In any year in which the Lender must pay a mortgage insurance premium to the Secretary of Housing and Urban Development ("Secretary"), or in any year in which such premium would have been required if Lender still held the Security Instrument, each monthly payment shall also include either: (i) a sum for the annual mortgage insurance premium to be paid by Lender to the Secretary, or (ii) a monthly charge instead of a mortgage insurance premium if this Security Instrument is held by the Secretary, in a reasonable amount to be determined by the Secretary. Except for the monthly charge by the Secretary, these items are called "Escrow Items" and the sums paid to Lender are called "Escrow Funds."

Lender may, at any time, collect and hold amounts for Escrow Items in an aggregate amount not to exceed the maximum amount that may be required for Borrower's escrow account under the Real Estate Settlement Procedures Act of 1974, 12 U.S.C. § 2601 et seq. and implementing regulations, 24 CFR Part 3500, as they may be amended from time to time ("RESPA"), except that the cushion or reserve permitted by RESPA for unanticipated disbursements or disbursements before the Borrower's payments are available in the account may not be based on amounts due for the mortgage insurance premium.

If the amounts held by Lender for Escrow Items exceed the amounts permitted to be held by RESPA, Lender shall account to Borrower for the excess funds as required by RESPA. If the amounts of funds held by Lender at any time are not sufficient to pay the Escrow Items when due, Lender may notify the Borrower and require Borrower to make up the shortage as permitted by RESPA.

The Escrow Funds are pledged as additional security for all sums secured by this Security Instrument. If Borrower tenders to Lender the full payment of all such sums, Borrower's account shall be credited with the balance remaining for all installment items (a), (b), and (c) and any mortgage insurance premium installment that Lender has not become obligated to pay to the Secretary, and Lender shall promptly refund

DocMagic *eForms* 800-849-1362
www.docmagic.com

any excess funds to Borrower. Immediately prior to a foreclosure sale of the Property or its acquisition by Lender, Borrower's account shall be credited with any balance remaining for all installments for items (a), (b), and (c).

    **3.   Application of Payments.**   All payments under paragraphs 1 and 2 shall be applied by Lender as follows:

    FIRST, to the mortgage insurance premium to be paid by Lender to the Secretary or to the monthly charge by the Secretary instead of the monthly mortgage insurance premium;

    SECOND, to any taxes, special assessments, leasehold payments or ground rents, and fire, flood and other hazard insurance premiums, as required;

    THIRD, to interest due under the Note;

    FOURTH, to amortization of the principal of the Note; and

    FIFTH, to late charges due under the Note.

    **4.   Fire, Flood and Other Hazard Insurance.**   Borrower shall insure all improvements on the Property, whether now in existence or subsequently erected, against any hazards, casualties, and contingencies, including fire, for which Lender requires insurance. This insurance shall be maintained in the amounts and for the periods that Lender requires. Borrower shall also insure all improvements on the Property, whether now in existence or subsequently erected, against loss by floods to the extent required by the Secretary. All insurance shall be carried with companies approved by Lender. The insurance policies and any renewals shall be held by Lender and shall include loss payable clauses in favor of, and in a form acceptable to, Lender.

    In the event of loss, Borrower shall give Lender immediate notice by mail. Lender may make proof of loss if not made promptly by Borrower. Each insurance company concerned is hereby authorized and directed to make payment for such loss directly to Lender, instead of to Borrower and to Lender jointly. All or any part of the insurance proceeds may be applied by Lender, at its option, either (a) to the reduction of the indebtedness under the Note and this Security Instrument, first to any delinquent amounts applied in the order in paragraph 3, and then to prepayment of principal, or (b) to the restoration or repair of the damaged Property. Any application of the proceeds to the principal shall not extend or postpone the due date of the monthly payments which are referred to in paragraph 2, or change the amount of such payments. Any excess insurance proceeds over an amount required to pay all outstanding indebtedness under the Note and this Security Instrument shall be paid to the entity legally entitled thereto.

    In the event of foreclosure of this Security Instrument or other transfer of title to the Property that extinguishes the indebtedness, all right, title and interest of Borrower in and to insurance policies in force shall pass to the purchaser.

    **5.   Occupancy, Preservation, Maintenance and Protection of the Property; Borrower's Loan Application; Leaseholds.**   Borrower shall occupy, establish, and use the Property as Borrower's principal residence within sixty days after the execution of this Security Instrument (or within sixty days of a later sale or transfer of the Property) and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless the Lender determines that requirement will cause undue hardship for Borrower, or unless extenuating circumstances exist which are beyond Borrower's control. Borrower shall notify Lender of any extenuating circumstances. Borrower shall not commit waste or destroy, damage or substantially change the Property or allow the Property to deteriorate, reasonable wear and tear excepted. Lender may inspect the Property if the Property is vacant or abandoned or the loan is in default. Lender may take reasonable action to protect and preserve such vacant or abandoned Property. Borrower shall also be in default if Borrower, during the loan application process, gave materially false or inaccurate

FHA WASHINGTON DEED OF TRUST - MERS
6/96               **Page 4 of 11**               *DocMagic* **℮Forms** 800-649-1362
                                                                  **www.docmagic.com**

information or statements to Lender (or failed to provide Lender with any material information) in connection with the loan evidenced by the Note, including, but not limited to, representations concerning Borrower's occupancy of the Property as a principal residence. If this Security Instrument is on a leasehold, Borrower shall comply with the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and fee title shall not be merged unless Lender agrees to the merger in writing.

    6.   **Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of any part of the Property, or for conveyance in place of condemnation, are hereby assigned and shall be paid to Lender to the extent of the full amount of the indebtedness that remains unpaid under the Note and this Security Instrument. Lender shall apply such proceeds to the reduction of the indebtedness under the Note and this Security Instrument, first to any delinquent amounts applied in the order provided in paragraph 3, and then to prepayment of principal. Any application of the proceeds to the principal shall not extend or postpone the due date of the monthly payments, which are referred to in paragraph 2, or change the amount of such payments. Any excess proceeds over an amount required to pay all outstanding indebtedness under the Note and this Security Instrument shall be paid to the entity legally entitled thereto.

    7.   **Charges to Borrower and Protection of Lender's Rights in the Property.** Borrower shall pay all governmental or municipal charges, fines and impositions that are not included in paragraph 2. Borrower shall pay these obligations on time directly to the entity which is owed the payment. If failure to pay would adversely affect Lender's interest in the Property, upon Lender's request Borrower shall promptly furnish to Lender receipts evidencing these payments.

    If Borrower fails to make these payments or the payments required by paragraph 2, or fails to perform any other covenants and agreements contained in this Security Instrument, or there is a legal proceeding that may significantly affect Lender's rights in the Property (such as a proceeding in bankruptcy, for condemnation or to enforce laws or regulations), then Lender may do and pay whatever is necessary to protect the value of the Property and Lender's rights in the Property, including payment of taxes, hazard insurance and other items mentioned in paragraph 2.

    Any amounts disbursed by Lender under this paragraph shall become an additional debt of Borrower and be secured by this Security Instrument. These amounts shall bear interest from the date of disbursement at the Note rate, and at the option of Lender shall be immediately due and payable.

    Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender; (b) contests in good faith the lien by, or defends against enforcement of the lien in, legal proceedings which in the Lender's opinion operate to prevent the enforcement of the lien; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which may attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Borrower shall satisfy the lien or take one or more of the actions set forth above within 10 days of the giving of notice.

    8.   **Fees.** Lender may collect fees and charges authorized by the Secretary.

    9.   **Grounds for Acceleration of Debt.**

        (a)   **Default.** Lender may, except as limited by regulations issued by the Secretary in the case of payment defaults, require immediate payment in full of all sums secured by this Security Instrument if:

            (i)   Borrower defaults by failing to pay in full any monthly payment required by this Security Instrument prior to or on the due date of the next monthly payment, or

FHA WASHINGTON DEED OF TRUST - MERS
6/96                      Page 5 of 11                **DocMagic** *eForms* 800-649-1362
www.docmagic.com

(ii) Borrower defaults by failing, for a period of thirty days, to perform any other obligations contained in this Security Instrument.

**(b)   Sale Without Credit Approval.**  Lender shall, if permitted by applicable law (including section 341(d) of the Garn-St. Germain Depository Institutions Act of 1982, 12 U.S.C. 1701j - 3(d)) and with the prior approval of the Secretary, require immediate payment in full of all sums secured by this Security Instrument if:

(i)  All or part of the Property, or a beneficial interest in a trust owning all or part of the Property, is sold or otherwise transferred (other than by devise or descent), and

(ii)  The Property is not occupied by the purchaser or grantee as his or her principal residence, or the purchaser or grantee does so occupy the Property, but his or her credit has not been approved in accordance with the requirements of the Secretary.

**(c)   No Waiver.**  If circumstances occur that would permit Lender to require immediate payment in full, but Lender does not require such payments, Lender does not waive its rights with respect to subsequent events.

**(d)   Regulations of HUD Secretary.**  In many circumstances regulations issued by the Secretary will limit Lender's rights, in the case of payment defaults, to require immediate payment in full and foreclose if not paid.  This Security Instrument does not authorize acceleration or foreclosure if not permitted by regulations of the Secretary.

**(e)   Mortgage Not Insured.**  Borrower agrees that if this Security Instrument and the Note are not determined to be eligible for insurance under the National Housing Act within   60  DAYS from the date hereof, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument.  A written statement of any authorized agent of the Secretary dated subsequent to   60  DAYS         from the date hereof, declining to insure this Security Instrument and the Note, shall be deemed conclusive proof of such ineligibility. Notwithstanding the foregoing, this option may not be exercised by Lender when the unavailability of insurance is solely due to Lender's failure to remit a mortgage insurance premium to the Secretary.

**10.   Reinstatement.**  Borrower has a right to be reinstated if Lender has required immediate payment in full because of Borrower's failure to pay an amount due under the Note or this Security Instrument.  This right applies even after foreclosure proceedings are instituted.  To reinstate the Security Instrument, Borrower shall tender in a lump sum all amounts required to bring Borrower's account current including, to the extent they are obligations of Borrower under this Security Instrument, foreclosure costs and reasonable and customary attorneys' fees and expenses properly associated with the foreclosure proceeding. Upon reinstatement by Borrower, this Security Instrument and the obligations that it secures shall remain in effect as if Lender had not required immediate payment in full.  However, Lender is not required to permit reinstatement if: (i) Lender has accepted reinstatement after the commencement of foreclosure proceedings within two years immediately preceding the commencement of a current foreclosure proceeding, (ii) reinstatement will preclude foreclosure on different grounds in the future, or (iii) reinstatement will adversely affect the priority of the lien created by this Security Instrument.

**11.   Borrower Not Released; Forbearance by Lender Not a Waiver.**  Extension of the time of payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successors in interest.  Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums

DocMagic CForms 800-649-1362
www.docmagic.com

secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

**12. Successors and Assigns Bound; Joint and Several Liability; Co-Signers.** The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower, subject to the provisions of paragraph 9(b). Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this Security Instrument but does not execute the Note: (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without that Borrower's consent.

**13. Notices.** Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender. Any notice to Lender shall be given by first class mail to Lender's address stated herein or any address Lender designates by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

**14. Governing Law; Severability.** This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision. To this end the provisions of this Security Instrument and the Note are declared to be severable.

**15. Borrower's Copy.** Borrower shall be given one conformed copy of the Note and of this Security Instrument.

**16. Hazardous Substances.** Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property that is in violation of any Environmental Law. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property.

Borrower shall promptly give Lender written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge. If Borrower learns, or is notified by any governmental or regulatory authority, that any removal or other remediation of any Hazardous Substances affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law.

As used in this paragraph 16, "Hazardous Substances" are those substances defined as toxic or hazardous substances by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this paragraph 16, "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection.

**NON-UNIFORM COVENANTS.** Borrower and Lender further covenant and agree as follows:

**17. Assignment of Rents.** Borrower unconditionally assigns and transfers to Lender all the rents and revenues of the Property. Borrower authorizes Lender or Lender's agents to collect the rents and revenues and hereby directs each tenant of the Property to pay the rents to Lender or Lender's agents. However, prior to Lender's notice to Borrower of Borrower's breach of any covenant or agreement in the Security Instrument, Borrower shall collect and receive all rents and revenues of the Property as trustee for the benefit of Lender and Borrower. This assignment of rents constitutes an absolute assignment and not an assignment for additional security only.

If Lender gives notice of breach to Borrower: (a) all rents received by Borrower shall be held by Borrower as trustee for benefit of Lender only, to be applied to the sums secured by the Security Instrument; (b) Lender shall be entitled to collect and receive all of the rents of the Property; and (c) each tenant of the Property shall pay all rents due and unpaid to Lender or Lender's agent on Lender's written demand to the tenant.

Borrower has not executed any prior assignment of the rents and has not and will not perform any act that would prevent Lender from exercising its rights under this paragraph 17.

Lender shall not be required to enter upon, take control of or maintain the Property before or after giving notice of breach to Borrower. However, Lender or a judicially appointed receiver may do so at any time there is a breach. Any application of rents shall not cure or waive any default or invalidate any other right or remedy of Lender. This assignment of rents of the Property shall terminate when the debt secured by the Security Instrument is paid in full.

**18. Foreclosure Procedure.** If Lender requires immediate payment in full under paragraph 9, Lender may invoke the power of sale and any other remedies permitted by applicable law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this paragraph 18, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the power of sale, Lender shall give written notice to Trustee of the occurrence of an event of default and of Lender's election to cause the Property to be sold. Trustee shall take such action regarding notice of sale and shall give such notices to Borrower and to other persons as applicable law may require. After the time required by applicable law and after publication of the notice of sale, Trustee, without demand on Borrower, shall sell the Property at public auction to the highest bidder at the time and place and under the terms designated in the notice of sale in one or more parcels and in any order Trustee determines. Trustee may postpone sale of the Property for a period or periods permitted by applicable law by public announcement at the time and place fixed in the notice of sale. Lender or its designee may purchase the Property at any sale.

Trustee shall deliver to the purchaser Trustee's deed conveying the Property without any covenant or warranty, expressed or implied. The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein. Trustee shall apply the proceeds of the sale in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable Trustee's and attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it or to the county clerk of the superior court of the county in which the sale took place.

If the Lender's interest in this Security Instrument is held by the Secretary and the Secretary requires immediate payment in full under paragraph 9, the Secretary may invoke the nonjudicial power of sale provided in the Single Family Mortgage Foreclosure Act of 1994 ("Act") (12 U.S.C. 3751 et seq.) by requesting a foreclosure commissioner designated under the Act to commence foreclosure and to sell the

Property as provided in the Act.  Nothing in the preceding sentence shall deprive the Secretary of any rights otherwise available to a Lender under this paragraph 18 or applicable law.

**19.  Reconveyance.**  Upon payment of all sums secured by this Security Instrument, Lender shall request Trustee to reconvey the Property and shall surrender this Security Instrument and all notes evidencing debt secured by this Security Instrument to Trustee.  Trustee shall reconvey the Property without warranty to the person or persons legally entitled to it.  Such person or persons shall pay any recordation costs.  Lender may charge such person or persons a fee for reconveying the Property, but only if the fee is paid to a third party (such as the Trustee) for services rendered and the charging of the fee is permitted under applicable law.

**20.  Substitute Trustee.**  In accordance with applicable law, Lender may from time to time appoint a successor trustee to any Trustee appointed hereunder who has ceased to act.  Without conveyance of the Property, the successor trustee shall succeed to all the title, power and duties conferred upon Trustee herein and by applicable law.

**21.  Use of Property.**  The Property is not used principally for agricultural or farming purposes.

**22.  Riders to this Security Instrument.**  If one or more riders are executed by Borrower and recorded together with this Security Instrument, the covenants of each such rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Security Instrument as if the rider(s) were a part of this Security Instrument.

[Check applicable box(es)].

☐ Condominium Rider        ☐ Graduated Payment Rider     ☐ Growing Equity Rider

☐ Planned Unit Development Rider   ☐ Adjustable Rate Rider         ☐ Rehabilitation Loan Rider

☐ Non-Owner Occupancy Rider     ☐ Other [Specify]

FHA WASHINGTON DEED OF TRUST - MERS
6/96                                 Page 9 of 11                              *DocMagic* 800-849-1362
www.docmagic.com

ORAL AGREEMENTS OR ORAL COMMITMENTS TO LOAN MONEY, EXTEND
CREDIT, OR TO FORBEAR FROM ENFORCING REPAYMENT OF A DEBT ARE NOT
ENFORCEABLE UNDER WASHINGTON LAW.

BY SIGNING BELOW, Borrower accepts and agrees to the terms contained in pages 1 through 11 of
this Security Instrument and in any rider(s) executed by Borrower and recorded with it.

_____ (Seal)          _____ (Seal)
TIMOTHY J. DIETZ          -Borrower                                          -Borrower

_____ (Seal)          _____ (Seal)
                          -Borrower                                          -Borrower

_____ (Seal)          _____ (Seal)
                          -Borrower                                          -Borrower

Unofficial Copy

Witness:                                         Witness:

_____                 _____

FHA WASHINGTON DEED OF TRUST - MERS
6/96                                    Page 10 of 11          DocMagic eForms 800-649-1362
                                                               www.docmagic.com

STATE OF WASHINGTON,                                    County ss: *Cowlitz*

On this day personally appeared before me TIMOTHY J. DIETZ

, to me known to be the individual(s) described in and who executed the within and foregoing instrument, and acknowledged that he (she or they) signed the same as (his (her or their) free and voluntary act and deed, for the uses and purposes therein mentioned.

Given under my hand and official seal this *26* day of *September, 2008*.

Notary Public in and for the State of Washington residing at: *Longview*

My Commission expires: *12-29-2008*

Unofficial Copy

## REQUEST FOR RECONVEYANCE

To Trustee:

The undersigned is the holder of the note or notes secured by this Deed of Trust. Said note or notes, together with all other indebtedness secured by this Deed of Trust, have been paid in full. You are hereby directed to cancel said note or notes and this Deed of Trust, which are delivered hereby, and to reconvey, without warranty, all the estate now held by you under this Deed of Trust to the person or persons legally entitled thereto.

Date: _____          _____

## EXHIBIT "A"

LOT 1, AS DELINEATED ON THE SHORT PLAT SUBDIVISION OF A PORTION OF LOT 20, BLOCK 14, LONGVIEW HOMESTEADS, AS RECORDED IN VOLUME 3 OF SHORT PLATS, PAGE 036, UNDER AUDITOR'S FILE NO. 851977, RECORDS OF COWLITZ COUNTY, WASHINGTON.

SITUATE IN THE COUNTY OF COWLITZ, STATE OF WASHINGTON



Unofficial Copy

End of Exhibit "A"

EXHIBIT B

Recording requested by:

When recorded mail to:

Americas Servicing Company
1 Home Campus X2504-017
Customer Service
Des Moines, IA 50328

**3436945**
05/17/2011 12:35:28 PM
Assignment Of Deed Of Trust     Pages: 2
Cowlitz County Washington     TITLE COURT  15.00

TS #: WA-11-438919-SH
Order #: 110190215-WA-GSI
APN #:  0-5311
MERS MIN No.: 1003072-0000042841-1

Space above this line for recorders use

## Assignment of Deed of Trust

For value received, **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. (MERS), AS NOMINEE FOR HYPERION CAPITAL GROUP, LLC, A LIMITED LIABILITY COMPANY, ITS SUCCESSORS AND ASSIGNS,** hereby grants, assigns, and transfers to

**Wells Fargo Bank, NA**

All beneficial interest and all rights accrued or to accrue under that certain Deed of Trust dated **9/25/2008** executed by **TIMOTHY J. DIETZ, A MARRIED MAN**, as Trustor(s) to **COWLITZ COUNTY TITLE COMPANY**, as Trustee, and recorded as Instrument No. **3378077**, on **10/3/2008**, of Official Records, in the office of the County Recorder of **COWLITZ** County, **Washington**.

**Said Deed of Trust encumbers the real property fully described as:**

LOT 1, AS DELINEATED ON THE SHORT PLAT SUBDIVISION OF A PORTION OF LOT 20, BLOCK 14, LONGVIEW HOMESTEADS, AS RECORDED IN VOLUME 3 OF SHORT PLATS, PAGE 036, UNDER AUDITOR'S FILE NO. 851977, RECORDS OF COWLITZ COUNTY, WASHINGTON. SITUATE IN THE COUNTY OF COWLITZ, STATE OF WASHINGTON

And more commonly known as: **2503 34TH AVENUE, LONGVIEW, WA 98632**

3436945    05/17/2011 12:35:28 PM    2 of 2    Cowlitz County, WA
ASGNDT    TITLE COURT

TS #: **WA-11-438919-SH**

Dated: *May 5*, 2011                **MORTGAGE ELECTRONIC REGISTRATION**
                                    **SYSTEMS, INC.**

                                    Assistant Secretary *Amy Toske*

State of Minnesota)
                          ) ss
County of Dakota)

On *May 5*, 2011, before me, *Sandra Mae Parrish*, the undersigned
Notary Public, personally appeared *Amy Toske*, Assistant Secretary for
Mortgage Electronic Registration Systems, Inc., (or proved to me on the basis of satisfactory evidence) to be
the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that
he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s)
on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the
instrument.

WITNESS my hand and official seal

Signature _____

SANDRA MAE PARRISH
NOTARY PUBLIC-MINNESOTA
My Commission Expires Jan. 31, 2015

Unofficial Copy

# EXHIBIT C

Document drafted and prepared by and
when recorded, return to:
Jon Houston
Wells Fargo-San Antonio Image Capture
4101 Wiseman Blvd, Bldg 108
San Antonio, TX 78251-4200
MAC # T7408-01F



3437015
05/18/2011 11:08:66 AM
Assignment of Deed Of Trust   WELLS FARGO   Pages: 2
Cowlitz County Washington                         16.00

**MIN:** 100307200000428411                          (Space above this line for recorder use only)

### ASSIGNMENT OF DEED OF TRUST

For value received, Mortgage Electronic Registration Systems, Inc., ("MERS"), as Nominee for **HYPERION CAPITAL GROUP, LLC, A LIMITED LIABILITY COMPANY**, its successors and assigns, whose address is PO Box 2026, Flint, MI 48501-2026, the undersigned hereby grants, assigns, and transfers to:

**Wells Fargo Bank, NA, 1 Home Campus, Des Moines, IA 50328**

herein "Assignee" its successors and/or assigns, all its right, title, and all beneficial interest under that certain Deed of Trust, herein "Security Instrument" executed by TIMOTHY J. DIETZ, A MARRIED MAN, dated September 25, 2008, in the amount of $192,375.00 and given to Mortgage Electronic Registration Systems, Inc., ("MERS"), as Nominee for HYPERION CAPITAL GROUP, LLC, A LIMITED LIABILITY COMPANY, Trustee being COWLITZ COUNTY TITLE COMPANY, and recorded on October 3, 2008 as Document or Instrument Number 3378077 and/or in Book N/A, Page N/A, of Official Records in the County Recorder office of COWLITZ County, Washington, describing land therein as:

Property Address:       2503 34TH AVENUE, LONGVIEW, WASHINGTON 98632
Legal Description:      See Attached
Assessor's Parcel No.:  0-5311

Signed this May 16, 2011 .           Mortgage Electronic Registration Systems, Inc.,

                                        *Mark Lee*
                                        Mark Lee
                                        Assistant Secretary

### WASHINGTON ALL PURPOSE NOTARY ACKNOWLEDGEMENT

STATE OF MINNESOTA      }
                        }
COUNTY OF DAKOTA        }

On this May 16, 2011 before me, Deborah L Humphrey personally appeared Mark Lee Assistant Secretary, Mortgage Electronic Registration Systems, Inc., ☐ personally known to me - OR ☑ proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signatures on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

*Deborah L Humphrey*
Notary Public: Deborah L Humphrey
My Commission Expires: 1/31/2015

DEBORAH L HUMPHREY
NOTARY PUBLIC
MINNESOTA
My Commission Expires Jan.31, 2015

Page 1 of 1

9437675   08/18/2011 7:08:58 AM   2 of 2   Cowlitz County, WA
ASGNDT      WELLS FARGO

LEGAL DESCRPIPTION

LOT 1, AS DELINEATED ON THE SHORT PLAT SUBDIVISION OF A PORTION OF LOT 20,
BLOCK 14, LONGVIEW HOMESTEADS, AS RECORDED IN VOLUME 3 OF SHORT PLATS,
PAGE 036, UNDER AUDITOR'S FILE NO. 851977, RECORDS OF COWLITZ COUNTY,
WASHINGTON.

Unofficial Copy

EXHIBIT D

When recorded return to:
**Quality Loan Service Corp. of Washington**
C/O Quality Loan Service Corporation
2141 5th Avenue
San Diego, CA 92101

**3451510**
02/21/2012 11:50:00 AM   Pages: 2
Appointment   TITLE COURT SERVICE  15.00
Cowlitz County Washington

| | |
|---|---|
| TS No.:    **WA-11-488030-SH** | Space above this line for recorders use only |
| Order No.:  **110591520-WA-GSI** | |
| APN No.:   **05311** | |
| MERS MIN No.: 1003072-0000042841-1 | MERS Telephone No. 1-888-679-6377 |

## Appointment of Successor Trustee

Pursuant to the provisions of that certain Deed of Trust dated 9/25/2008 and executed by **TIMOTHY J. DIETZ , A MARRIED MAN**, as Trustor, to **COWLITZ COUNTY TITLE COMPANY**, as Trustee, for the benefit of **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR HYPERION CAPITAL GROUP, LLC, A LIMITED LIABILITY COMPANY**, as Beneficiary, recorded on 10/3/2008 as Instrument No. 3378077,    in the office of the County Recorder of **COWLITZ** County, WA; and to secure an obligation under a Promissory Note. Wells Fargo Bank, N.A., as present holder of the Note, does hereby remove **COWLITZ COUNTY TITLE COMPANY**, as Trustee and does, pursuant to the terms of the Deed of Trust, hereby remove any Successor Trustee or Trustees who may have been previously appointed in place of the original Trustee, and does hereby appoint **Quality Loan Service Corporation of Washington of 19735 10th Avenue NE, Suite N-200, Poulsbo, WA 98370** to serve, effective immediately, as Successor Trustee in the Deed of Trust, and to replace the trustee of record. Said Successor Trustee is qualified to serve as Successor Trustee under the laws of this state.

Wells Fargo Bank, N.A. hereby revokes all other substitutions of trustee which it may have executed, appointed or filed in the past, giving and granting to said Successor Trustee all the powers, duties and authority of the discharged Trustee, and hereby ratifying all acts of said Successor Trustee heretofore or hereafter performed. Said Successor Trustee shall, in accordance with the provisions of the deed of trust, succeed to all the title, powers and duties conferred upon the Original Trustee(s) by the terms of said deed of trust and by applicable law.

The following described real estate, together with its improvements, easements and appurtenances thereunto belonging, is located in **COWLITZ** County, **WA** and more particularly described as follows:

LOT 1, AS DELINEATED ON THE SHORT PLAT SUBDIVISION OF A PORTION OF LOT 20, BLOCK 14, LONGVIEW HOMESTEADS, AS RECORDED IN VOLUME 3 OF SHORT PLATS, PAGE 036, UNDER AUDITOR'S FILE NO. 851977, RECORDS OF COWLITZ COUNTY, WASHINGTON. SITUATE IN THE COUNTY OF COWLITZ, STATE OF WASHINGTON

At the time of the execution of the Deed of Trust, this property was reported to have an address of: **2503 34TH AVENUE, LONGVIEW, WA 98632.**

TS No.: **WA-11-488030-SH**

     In witness whereof, the undersigned holder of the Note has executed this document. If the undersigned is a corporation, it has caused its name to be signed and its seal, if any, affixed by an officer or other person duly authorized to do so by order of its board of directors.

Executed this 10th day of February 2012.

Wells Fargo Bank, N.A.

Denise Goldston
Vice President of Loan Documentation

State of:       North Carolina

County of Wake

On this day February 10, 2012 personally appeared before me **Denise Goldston** of Wells Fargo Bank, N.A., to me known to be the individual or individuals described in and who executed the within and forgoing instrument, and acknowledged that he/she/they signed the same as his/her/their free and voluntary act and deed, for the users and purposes therein mentioned.

Given under my hand and official seal this _10th_ day of _February_, 20 _1 2_.

Signature and seal stamp of officer

Notary Public in and for the State of _North Carolina_

My Commission expires: _02-05-2017_

Unofficial Copy

NOTARY
PUBLIC
My Comm. Exp.
02-05-2017
BERTHA S. JONES
WAKE COUNTY, N.C.

EXHIBIT E

WHEN RECORDED MAIL TO:
**Quality Loan Service Corp. of Washington**
**C/O Quality Loan Service Corporation**
**2141 5ᵗʰ Avenue**
**San Diego, CA 92101**

**3462652**
08/29/2012 11:47:31 AM        Pages: 4
Notice Of Trustees Sale   TITLE COURT SERVICE  65.00
Cowlitz County Washington

TS No.: WA-11-488030-SH
APN No.: 05311
Title Order No.: 110591520-WA-GSI
Grantor(s): TIMOTHY J DIETZ
Grantee(s): MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR
HYPERION CAPITAL GROUP, LLC, A LIMITED LIABILITY COMPANY
Deed of Trust Instrument/Reference No.: 3378077

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## NOTICE OF TRUSTEE'S SALE
Pursuant to the Revised Code of Washington 61.24, et seq.

I.      **NOTICE IS HEREBY GIVEN** that Quality Loan Service Corp. of Washington, the undersigned Trustee, will on **12/28/2012**, at **11:00 AM The entrance of the Cowlitz County Administration Building, 207 4th Avenue North, Kelso, WA 98626** sell at public auction to the highest and best bidder, payable in the form of credit bid or cash bid in the form of cashier's check or certified checks from federally or State chartered banks, at the time of sale the following described real property, situated in the County of **COWLITZ**, State of **Washington**, to-wit:

**LOT 1, AS DELINEATED ON THE SHORT PLAT SUBDIVISION OF A PORTION OF LOT 20, BLOCK 14, LONGVIEW HOMESTEADS, AS RECORDED IN VOLUME 3 OF SHORT PLATS, PAGE 036, UNDER AUDITOR'S FILE NO. 851977, RECORDS OF COWLITZ COUNTY, WASHINGTON. SITUATE IN THE COUNTY OF COWLITZ, STATE OF WASHINGTON**

More commonly known as:
**2503 34TH AVENUE, LONGVIEW, WA 98632**

which is subject to that certain Deed of Trust dated  **9/25/2008**, recorded **10/3/2008**, under **3378077**      records of **COWLITZ** County, **Washington**, from TIMOTHY J.  DIETZ , A MARRIED MAN, as Grantor(s), to **COWLITZ COUNTY TITLE COMPANY**, as Trustee, to secure an obligation in favor of **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR HYPERION CAPITAL GROUP, LLC, A LIMITED LIABILITY COMPANY**, as Beneficiary, the beneficial interest in which was assigned by **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR HYPERION CAPITAL GROUP, LLC, A LIMITED LIABILITY COMPANY** (or by its successors-in-interest and/or assigns, if any), to Wells Fargo Bank, NA.

II.      No action commenced by the Beneficiary of the Deed of Trust is now pending to seek satisfaction of the obligation in any Court by reason of the Borrower's or Grantor's default on the obligation secured by the Deed of Trust/Mortgage.

III.      The default(s) for which this foreclosure is made is/are as follows:
Failure to pay when due the following amounts which are now in arrears: **$23,887.12**

1-4

IV.     The sum owing on the obligation secured by the Deed of Trust is: The principal sum of **$202,550.14**, together with interest as provided in the Note from the **12/1/2010**, and such other costs and fees as are provided by statute.

V.     The above-described real property will be sold to satisfy the expense of sale and the obligation secured by the Deed of Trust as provided by statute. Said sale will be made without warranty, expressed or implied, regarding title, possession or encumbrances on **12/28/2012**. The defaults referred to in Paragraph III must be cured by **12/17/2012** (11 days before the sale date) to cause a discontinuance of the sale. The sale will be discontinued and terminated if at any time before **12/17/2012** (11 days before the sale) the default as set forth in Paragraph III is cured and the Trustee's fees and costs are paid. Payment must be in cash or with cashiers or certified checks from a State or federally chartered bank. The sale may be terminated any time after the **12/17/2012** (11 days before the sale date) and before the sale, by the Borrower or Grantor or the holder of any recorded junior lien or encumbrance by paying the principal and interest, plus costs, fees and advances, if any, made pursuant to the terms of the obligation and/or Deed of Trust, and curing all other defaults.

VI.     A written Notice of Default was transmitted by the Beneficiary or Trustee to the Borrower and Grantor at the following address(es):

NAME
**TIMOTHY J. DIETZ , A MARRIED MAN**
ADDRESS
**2503 34TH AVENUE, LONGVIEW, WA 98632**

by both first class and certified mail on **7/27/2012**, proof of which is in the possession of the Trustee; and the Borrower and Grantor were personally served, if applicable, with said written Notice of Default or the written Notice of Default was posted in a conspicuous place on the real property described in Paragraph I above, and the Trustee has possession of proof of such service or posting.

VII.     The Trustee whose name and address are set forth below will provide in writing to anyone requesting it, a statement of all costs and fees due at any time prior to the sale.

VIII.     The effect of the sale will be to deprive the Grantor and all those who hold by, through or under the Grantor of all their interest in the above-described property.

IX.     Anyone having any objections to this sale on any grounds whatsoever will be afforded an opportunity to be heard as to those objections if they bring a lawsuit to restrain the sale pursuant to RCW 61.24.130. Failure to bring such a lawsuit may result in a waiver of any proper grounds for invalidating the Trustee's sale.

**NOTICE TO OCCUPANTS OR TENANTS** – **The purchaser at the Trustee's Sale is entitled to possession of the property on the 20th day following the sale, as against the Grantor under the deed of trust (the owner) and anyone having an interest junior to the deed of trust, including occupants who are not tenants. After the 20th day following the sale the purchaser has the right to evict occupants who are not tenants by summary proceedings under Chapter 59.12 RCW. For tenant-occupied property, the purchaser shall provide a tenant with written notice in accordance with RCW 61.24.060.**

**THIS NOTICE IS THE FINAL STEP BEFORE THE FORECLOSURE SALE OF YOUR HOME.**

You have only 20 DAYS from the recording date of this notice to pursue mediation.

**DO NOT DELAY. CONTACT A HOUSING COUNSELOR OR AN ATTORNEY LICENSED IN WASHINGTON NOW** to assess your situation and refer you to mediation if you are eligible and it may help you save your home. See below for safe sources of help.

**SEEKING ASSISTANCE**

Housing counselors and legal assistance may be available at little or no cost to you. If you would like assistance in determining your rights and opportunities to keep your house, you may contact the following:

The statewide foreclosure hotline for assistance and referral to housing counselors recommended by the Housing Finance Commission: Toll-free: **1-877-894-HOME (1-877-894-4663)** or Web site: http://www.dfi.wa.gov/consumers/homeownership/post_purchase_counselors_foreclosure.htm.

The United States Department of Housing and Urban Development: Toll-free: **1-800-569-4287** or National Web Site: http://portal.hud.gov/hudportal/HUD or for Local counseling agencies in Washington: http://www.hud.gov/offices/hsg/sfh/hcc/fc/index.cfm?webListAction=search&amp;searchstate=WA&amp;filterSvc=dfc

The statewide civil legal aid hotline for assistance and referrals to other housing counselors and attorneys: Telephone: **1-800-606-4819** or Web site: http://nwjustice.org/what-clear.

If the sale is set aside for any reason, including if the Trustee is unable to convey title, the Purchaser at the sale shall be entitled only to a return of the monies paid to the Trustee. This shall be the Purchaser's sole and exclusive remedy. The purchaser shall have no further recourse against the Trustor, the Trustee, the Beneficiary, the Beneficiary's Agent, or the Beneficiary's Attorney.

If you have previously been discharged through bankruptcy, you may have been released of personal liability for this loan in which case this letter is intended to exercise the note holders right's against the real property only.

**THIS OFFICE IS ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit report agency if you fail to fulfill the terms of your credit obligations.

Unofficial Copy

3·4

Dated:    **AUG 27 2012**

_____

Quality Loan Service Corp. of Washington, as Trustee
By: Tricia Moreno, Assistant Secretary

Trustee's Mailing Address:
Quality Loan Service Corp. of
Washington
C/O Quality Loan Service Corp.
2141 Fifth Avenue, San Diego, CA 92101
(866) 645-7711

Trustee's Physical Address:
Quality Loan Service Corp. of Washington
19735 10th Avenue NE, Suite N-200
Poulsbo, WA  98370
(866) 645-7711

Sale Line: 714-730-2727
Or Login to: http://wa.qualityloan.com
TS No.: WA-11-488030-SH

State of: **California)**
County of: **San Diego)**

On **AUG 27 2012** before me, _____ W. Sanchez _____ a notary public, personally
appeared _____ Tricia Moreno _____, who proved to me on the basis of satisfactory
evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to
me that he/she/they executed the same in his/her/their authorized capacity (ies), and that by his/her/their
signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed
the instrument.

I certify under *PENALTY OF PERJURY* under the laws of the State of **California** that the foregoing
paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____ (Seal)
          W. Sanchez

W. SANCHEZ
Commission # 1958442
Notary Public - California
San Diego County
My Comm. Expires Oct 28, 2015

4-4

EXHIBIT F

2

WHEN RECORDED MAIL TO:
**Quality Loan Service Corp. of Washington**
**C/O Quality Loan Service Corporation**
**2141 5th Avenue**
**San Diego, CA 92101**

**3465762**
10/17/2012 12:40:47 PM
Notice Of Trustees Sale          Pages: 2
Cowlitz County Washington   TITLE COURT SERVICE   73.00

T.S. No.: WA-11-488030-SH
Order No.: 110591520-WA-GSI

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## NOTICE OF DISCONTINUANCE OF TRUSTEE'S SALE

APN No.: 05311

**TIMOTHY J. DIETZ , A MARRIED MAN** is the grantor, and **COWLITZ COUNTY TITLE COMPANY** is the original trustee, and **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR HYPERION CAPITAL GROUP, LLC, A LIMITED LIABILITY COMPANY** is the original beneficiary under that certain deed of trust dated **9/25/2008**, and recorded on **10/3/2008** under Auditor's File No. **3378077**, records of **COWLITZ** County, Washington.

**QUALITY LOAN SERVICE CORPORATION OF WASHINGTON**, trustee, hereby discontinues the trustee's sale set by the Notice of Trustee's Sale recorded on **8/29/2012**, under Auditors number **3462652** records of **COWLITZ County, Washington.**

**Said Deed of Trust encumbers the real property fully described as:**

LOT 1, AS DELINEATED ON THE SHORT PLAT SUBDIVISION OF A PORTION OF LOT 20, BLOCK 14, LONGVIEW HOMESTEADS, AS RECORDED IN VOLUME 3 OF SHORT PLATS, PAGE 036, UNDER AUDITOR'S FILE NO. 851977, RECORDS OF COWLITZ COUNTY, WASHINGTON. SITUATE IN THE COUNTY OF COWLITZ, STATE OF WASHINGTON

And more commonly known as: **2503 34TH AVENUE, LONGVIEW, WA 98632**

Unofficial Copy

1-2

T.S. No.: **WA-11-488030-SH**

This discontinuance shall not be construed as waiving any breach or default under the above referenced deed of trust, or as impairing any right or remedy thereunder, or as modifying or altering in any respect any of the terms, covenants, conditions or obligations thereof, but is and shall be deemed to be only an election to not allow the sale to be made pursuant to the above referenced Notice of Trustee's Sale.

Dated: 10/8/12

QUALITY LOAN SERVICE CORPORATION OF WASHINGTON

By: Tere Camacho, Assistant Vice President

State of: **California** )
County of: **San Diego** ) ss.

On **OCT 0 8 2012** before me, **W. Sanchez** a Notary Public, personally appeared **Tere Camacho** who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under *PENALTY OF PERJURY* under the laws of the State of **California** that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____ (Seal)

W. Sanchez

W. SANCHEZ
Commission # 1958442
Notary Public - California
San Diego County
My Comm. Expires Oct 28, 2015

2-2

EXHIBIT G

WHEN RECORDED MAIL TO:
**Quality Loan Service Corp. of Washington**
**C/O Quality Loan Service Corporation**
**2141 5th Avenue**
**San Diego, CA 92101**

**3465768**
10/17/2012 12:40:47 PM
Notice Of Trustees Sale     Pages: 3
Cowlitz County Washington    TITLE COURT SERVICE   74.00

---

TS No.: WA-11-488030-SH                    SPACE ABOVE THIS LINE FOR RECORDER'S USE
APN No.: 05311
Title Order No.: 110591520-WA-GSI
Grantor(s): TIMOTHY J DIETZ
Grantee(s): MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR
HYPERION CAPITAL GROUP, LLC, A LIMITED LIABILITY COMPANY
Deed of Trust Instrument/Reference No.: 3378077

## NOTICE OF TRUSTEE'S SALE
Pursuant to the Revised Code of Washington 61.24, et seq.

I.    **NOTICE IS HEREBY GIVEN** that Quality Loan Service Corp. of Washington, the undersigned
Trustee, will on **2/15/2013**, at **11:00 AM The entrance of the Cowlitz County Administration Building, 207
4th Avenue North, Kelso, WA 98626** sell at public auction to the highest and best bidder, payable in the form
of credit bid or cash bid in the form of cashier's check or certified checks from federally or State chartered banks,
at the time of sale the following described real property, situated in the County of **COWLITZ**, State of
**Washington**, to-wit:

**LOT 1, AS DELINEATED ON THE SHORT PLAT SUBDIVISION OF A PORTION OF LOT 20,
BLOCK 14, LONGVIEW HOMESTEADS, AS RECORDED IN VOLUME 3 OF SHORT PLATS,
PAGE 036, UNDER AUDITOR'S FILE NO. 851977, RECORDS OF COWLITZ COUNTY,
WASHINGTON. SITUATE IN THE COUNTY OF COWLITZ, STATE OF WASHINGTON**

More commonly known as:
**2503 34TH AVENUE, LONGVIEW, WA 98632**

which is subject to that certain Deed of Trust dated **9/25/2008**, recorded **10/3/2008**, under 3378077    records
of **COWLITZ** County, **Washington**, from **TIMOTHY J. DIETZ , A MARRIED MAN**, as Grantor(s), to
**COWLITZ COUNTY TITLE COMPANY**, as Trustee, to secure an obligation in favor of **MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR HYPERION CAPITAL
GROUP, LLC, A LIMITED LIABILITY COMPANY**, as Beneficiary, the beneficial interest in which was
assigned by **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR
HYPERION CAPITAL GROUP, LLC, A LIMITED LIABILITY COMPANY** (or by its successors-in-
interest and/or assigns, if any), to **Wells Fargo Bank, NA**.

II.    No action commenced by the Beneficiary of the Deed of Trust is now pending to seek satisfaction of
the obligation in any Court by reason of the Borrower's or Grantor's default on the obligation secured by the
Deed of Trust/Mortgage.

1-3

## SEEKING ASSISTANCE

Housing counselors and legal assistance may be available at little or no cost to you. If you would like assistance in determining your rights and opportunities to keep your house, you may contact the following:

The statewide foreclosure hotline for assistance and referral to housing counselors recommended by the Housing Finance Commission: Toll-free: **1-877-894-HOME (1-877-894-4663)** or Web site: http://www.dfi.wa.gov/consumers/homeownership/post_purchase_counselors_foreclosure.htm.

The United States Department of Housing and Urban Development: Toll-free: **1-800-569-4287** or National Web Site: http://portal.hud.gov/hudportal/HUD or for Local counseling agencies in Washington: http://www.hud.gov/offices/hsg/sfh/hcc/fc/index.cfm?webListAction=search&amp;searchstate=WA&amp;filterSvc=dfc

The statewide civil legal aid hotline for assistance and referrals to other housing counselors and attorneys: Telephone: **1-800-606-4819** or Web site: http://nwjustice.org/what-clear.

If the sale is set aside for any reason, including if the Trustee is unable to convey title, the Purchaser at the sale shall be entitled only to a return of the monies paid to the Trustee. This shall be the Purchaser's sole and exclusive remedy. The purchaser shall have no further recourse against the Trustor, the Trustee, the Beneficiary, the Beneficiary's Agent, or the Beneficiary's Attorney.

If you have previously been discharged through bankruptcy, you may have been released of personal liability for this loan in which case this letter is intended to exercise the note holders right's against the real property only.

## THIS OFFICE IS ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit report agency if you fail to fulfill the terms of your credit obligations.

2-3

Dated: 10/15/12

Quality Loan Service Corp. of Washington, as Trustee
By: Tere Camacho, Assistant Vice President

Trustee's Mailing Address:
Quality Loan Service Corp. of
Washington
C/O Quality Loan Service Corp.
2141 Fifth Avenue, San Diego, CA 92101
(866) 645-7711

Trustee's Physical Address:
Quality Loan Service Corp. of Washington
19735 10th Avenue NE, Suite N-200
Poulsbo, WA  98370
(866) 645-7711

**Sale Line: 714-730-2727**
**Or Login to: http://wa.qualityloan.com**
**TS No.: WA-11-488030-SH**

State of: <u>**California**</u>)
County of: <u>**San Diego**</u>)

On **OCT 1 5 2012** before me, _____ **W. Sanchez** _____ a notary public, personally appeared _____ *Tere Camacho* _____, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity (ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under *PENALTY OF PERJURY* under the laws of the State of <u>**California**</u> that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____ (Seal)
W. Sanchez

W. SANCHEZ
Commission # 1958442
Notary Public - California
San Diego County
My Comm. Expires Oct 28, 2015

3-3

EXHIBIT H

**3480408**
05/21/2013 04:03:20 PM    Pages: 4   $75.00
Notice Of Trustees Sale
LSI TITLE AGENCY INC.
eRecorded at Cowlitz County, WA

WHEN RECORDED MAIL TO:
**Quality Loan Service Corp. of Washington**
**C/O Quality Loan Service Corporation**
**2141 5ᵗʰ Avenue**
**San Diego, CA 92101**

---

TS No.: WA-11-488030-SH                              SPACE ABOVE THIS LINE FOR RECORDER'S USE
APN No.: 05311
Title Order No.: 110591520-WA-GSI
Grantor(s):  TIMOTHY J DIETZ
Grantee(s):  MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR
HYPERION CAPITAL GROUP, LLC, A LIMITED LIABILITY COMPANY
Deed of Trust Instrument/Reference No.:  3378077

# NOTICE OF TRUSTEE'S SALE
Pursuant to the Revised Code of Washington 61.24, et seq.

I.      **NOTICE IS HEREBY GIVEN** that Quality Loan Service Corp. of Washington, the undersigned
Trustee, will on 9/20/2013, at 11:00 AM **The entrance of the Cowlitz County Administration Building, 207
4th Avenue North, Kelso, WA 98626** sell at public auction to the highest and best bidder, payable in the form
of credit bid or cash bid in the form of cashier's check or certified checks from federally or State chartered banks,
at the time of sale the following described real property, situated in the County of **COWLITZ**, State of
**Washington**, to-wit:

**LOT 1, AS DELINEATED ON THE SHORT PLAT SUBDIVISION OF A PORTION OF LOT 20,
BLOCK 14, LONGVIEW HOMESTEADS, AS RECORDED IN VOLUME 3 OF SHORT PLATS,
PAGE 036, UNDER AUDITOR'S FILE NO. 851977, RECORDS OF COWLITZ COUNTY,
WASHINGTON, SITUATE IN THE COUNTY OF COWLITZ, STATE OF WASHINGTON**

More commonly known as:
**2503 34TH AVENUE, LONGVIEW, WA 98632**

which is subject to that certain Deed of Trust dated  9/25/2008, recorded 10/3/2008, under 3378077    records
of COWLITZ County, **Washington**, from **TIMOTHY J.  DIETZ , A MARRIED MAN**, as Grantor(s), to
**COWLITZ COUNTY TITLE COMPANY**, as Trustee, to secure an obligation in favor of **MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR HYPERION CAPITAL
GROUP, LLC, A LIMITED LIABILITY COMPANY**, as Beneficiary, the beneficial interest in which was
assigned by **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR
HYPERION CAPITAL GROUP, LLC, A LIMITED LIABILITY COMPANY** (or by its successors-in-
interest and/or assigns, if any), to Wells Fargo Bank, NA.

II.      No action commenced by the Beneficiary of the Deed of Trust is now pending to seek satisfaction of
the obligation in any Court by reason of the Borrower's or Grantor's default on the obligation secured by the
Deed of Trust/Mortgage.

III.     The default(s) for which this foreclosure is made is/are as follows:
Failure to pay when due the following amounts which are now in arrears: **$33,456.86**

IV.     The sum owing on the obligation secured by the Deed of Trust is:  The principal sum of **$202,550.14**, together with interest as provided in the Note from the **12/1/2010**, and such other costs and fees as are provided by statute.

V.     The above-described real property will be sold to satisfy the expense of sale and the obligation secured by the Deed of Trust as provided by statute.  Said sale will be made without warranty, expressed or implied, regarding title, possession or encumbrances on **9/20/2013**. The defaults referred to in Paragraph III must be cured by **9/9/2013** (11 days before the sale date) to cause a discontinuance of the sale.  The sale will be discontinued and terminated if at any time before **9/9/2013** (11 days before the sale) the default as set forth in Paragraph III is cured and the Trustee's fees and costs are paid. Payment must be in cash or with cashiers or certified checks from a State or federally chartered bank.  The sale may be terminated any time after the **9/9/2013** (11 days before the sale date) and before the sale, by the Borrower or Grantor or the holder of any recorded junior lien or encumbrance by paying the principal and interest, plus costs, fees and advances, if any, made pursuant to the terms of the obligation and/or Deed of Trust, and curing all other defaults.

VI.     A written Notice of Default was transmitted by the Beneficiary or Trustee to the Borrower and Grantor at the following address(es):

NAME
**TIMOTHY J. DIETZ , A MARRIED MAN**
ADDRESS
**2503 34TH AVENUE, LONGVIEW, WA 98632**

by both first class and certified mail, proof of which is in the possession of the Trustee; and the Borrower and Grantor were personally served, if applicable, with said written Notice of Default or the written Notice of Default was posted in a conspicuous place on the real property described in Paragraph I above, and the Trustee has possession of proof of such service or posting. These requirements were completed as of 7/27/2012.

VII.     The Trustee whose name and address are set forth below will provide in writing to anyone requesting it, a statement of all costs and fees due at any time prior to the sale.

VIII.     The effect of the sale will be to deprive the Grantor and all those who hold by, through or under the Grantor of all their interest in the above-described property.

IX.     Anyone having any objections to this sale on any grounds whatsoever will be afforded an opportunity to be heard as to those objections if they bring a lawsuit to restrain the sale pursuant to RCW 61.24.130. Failure to bring such a lawsuit may result in a waiver of any proper grounds for invalidating the Trustee's sale.

**NOTICE TO OCCUPANTS OR TENANTS** – The purchaser at the Trustee's Sale is entitled to possession of the property on the 20th day following the sale, as against the Grantor under the deed of trust (the owner) and anyone having an interest junior to the deed of trust, including occupants who are not tenants.  After the 20th day following the sale the purchaser has the right to evict occupants who are not tenants by summary proceedings under Chapter 59.12 RCW. For tenant-occupied property, the purchaser shall provide a tenant with written notice in accordance with RCW 61.24.060.

**THIS NOTICE IS THE FINAL STEP BEFORE THE FORECLOSURE SALE OF YOUR HOME.**

You have only 20 DAYS from the recording date of this notice to pursue mediation.

**DO NOT DELAY. CONTACT A HOUSING COUNSELOR OR AN ATTORNEY LICENSED IN WASHINGTON NOW** to assess your situation and refer you to mediation if you are eligible and it may help

3480408   05/21/2013 04:03:20 PM   3 of 4   Cowlitz County, WA
NTTRUS      LSI TITLE AGENCY INC.

you save your home. See below for safe sources of help.

## SEEKING ASSISTANCE

Housing counselors and legal assistance may be available at little or no cost to you. If you would like assistance in determining your rights and opportunities to keep your house, you may contact the following:

The statewide foreclosure hotline for assistance and referral to housing counselors recommended by the Housing Finance Commission: Toll-free: **1-877-894-HOME (1-877-894-4663)** or Web site: http://www.dfi.wa.gov/consumers/homeownership/post_purchase_counselors_foreclosure.htm.

The United States Department of Housing and Urban Development: Toll-free: **1-800-569-4287** or National Web Site: http://portal.hud.gov/hudportal/HUD or for Local counseling agencies in Washington: http://www.hud.gov/offices/hsg/sfh/hcc/fc/index.cfm?webListAction=search&searchstate=WA&filterSvc=dfc

The statewide civil legal aid hotline for assistance and referrals to other housing counselors and attorneys: Telephone: **1-800-606-4819** or Web site: http://nwjustice.org/what-clear.

If the sale is set aside for any reason, including if the Trustee is unable to convey title, the Purchaser at the sale shall be entitled only to a return of the monies paid to the Trustee. This shall be the Purchaser's sole and exclusive remedy.  The purchaser shall have no further recourse against the Trustor, the Trustee, the Beneficiary, the Beneficiary's Agent, or the Beneficiary's Attorney.

If you have previously been discharged through bankruptcy, you may have been released of personal liability for this loan in which case this letter is intended to exercise the note holders right's against the real property only.

Unofficial Copy

3480408    05/21/2013 04:03:20 PM    4 of 4    Cowlitz County, WA
NTTRUS    LSI TITLE AGENCY INC.

**THIS OFFICE IS ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED
WILL BE USED FOR THAT PURPOSE.**

As required by law, you are hereby notified that a negative credit report reflecting on your credit record may
be submitted to a credit report agency if you fail to fulfill the terms of your credit obligations.

Dated:

**MAY 2 0 2013**

_____
Quality Loan Service Corp. of Washington, as Trustee
By: Michael Dowell, Assistant Secretary

Trustee's Mailing Address:
Quality Loan Service Corp. of
Washington
C/O Quality Loan Service Corp.
2141 Fifth Avenue, San Diego, CA 92101
(866) 645-7711

Trustee's Physical Address:
Quality Loan Service Corp. of Washington
19735 10th Avenue NE, Suite N-200
Poulsbo, WA  98370
(866) 645-7711

Sale Line: 714-730-2727
Or Login to: http://wa.qualityloan.com
TS No.: WA-11-488030-SH

State of: California)
County of: San Diego)

On MAY 2 0 2013 before me, W. Sanchez _____ a notary public, personally
appeared _____ Michael Dowell _____ who proved to me on the basis of satisfactory
evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to
me that he/she/they executed the same in his/her/their authorized capacity (ies), and that by his/her/their
signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed
the instrument.

I certify under _PENALTY OF PERJURY_ under the laws of the State of **California** that the foregoing
paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____ (Seal)
W. Sanchez

W. SANCHEZ
Commission # 1958442
Notary Public - California
San Diego County
My Comm. Expires Oct 28, 2015

Unofficial Copy

EXHIBIT I

3489605
09/27/2013 02:06:50 PM                    Pages: 3
Deed   DOCUMENT PROCESSING SOLUTIONS INC  74.00
Cowlitz County Washington

WHEN RECORDED MAIL TO:
WELLS FARGO BANK N.A.
1 Home Campus X2504-017
Customer Service
Des Moines, IA 50328

Received $ **EXEMPT** _____ excise tax levied
pursuant to Chap. 11, Laws Ex. 1951
**133010**        KATHY HANKS
AFF. No. ____     COWLITZ COUNTY TREAS.
Date SEP 27 2013 _____ Deputy

TS No.: WA-11-488030-SH
Title Order No.: 110591520-WA-GSI
Trustor: TIMOTHY J. DIETZ , A MARRIED MAN
Deed of Trust Instrument/Reference No.: 3378077
Deed of Trust book/page (if applicable):
MERS MIN No.: 1003072-0000042841-1

SPACE ABOVE THIS LINE FOR RECORDER'S USE

MERS Telephone No. 1-888-679-6377

# TRUSTEE'S DEED UPON SALE

A.P.N.: 05311                    TRANSFER TAX: **$0.00**

The GRANTOR, **QUALITY LOAN SERVICE CORPORATION OF WASHINGTON,** as current Trustee, (whereas so designated in the Deed of Trust hereunder more particularly described or as duly appointed Successor Trustee) under that Deed of Trust in consideration of the premises and payment recited below, hereby grants and conveys, without representation or warranty, expressed or implied, all right title and interest to Wells Fargo Bank, NA, as GRANTEE, to all real property (the "Property"), situated in the County of COWLITZ, State of Washington, described as follows:

**LOT 1, AS DELINEATED ON THE SHORT PLAT SUBDIVISION OF A PORTION OF LOT 20, BLOCK 14, LONGVIEW HOMESTEADS, AS RECORDED IN VOLUME 3 OF SHORT PLATS, PAGE 036, UNDER AUDITOR'S FILE NO. 851977, RECORDS OF COWLITZ COUNTY, WASHINGTON. SITUATE IN THE COUNTY OF COWLITZ, STATE OF WASHINGTON**

RECITALS:

1.  This conveyance is made pursuant to the powers, including the power of sale, conferred upon the current Trustee by that certain Deed of Trust between **TIMOTHY J. DIETZ , A MARRIED MAN**, as original Grantor, to **COWLITZ COUNTY TITLE COMPANY**, as original trustee, and **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR HYPERION CAPITAL GROUP, LLC, A LIMITED LIABILITY COMPANY**, as original Beneficiary, dated **9/25/2008** and recorded **10/3/2008** as instrument number **3378077**of the Official Records in the office of the Recorder of **COWLITZ**, Washington.

2. The Deed of Trust was executed to secure, together with other undertakings, the payment of one or more promissory note(s) ("Note") in the sum of **$192,375.00** with interest thereon, according to the terms thereof, and other sums of money which might become due and payable under the terms of said Deed of Trust.

3. The Deed of Trust provided that the Property is not used principally for agricultural or farming purposes and the current Trustee has no actual knowledge that the Property is used principally for agricultural or farming purposes.

4. That a Default occurred in the obligations secured and/or covenants of the Deed of Trust referenced in paragraph one (1), as set forth in the Notice of Trustee's Sale described below, and that the current Trustee, transmitted the Notice of Default to the required parties, and that a copy of said Notice was posted or served in accordance with law.

5. The holder of the note secured by the Deed of Trust delivered to the current Trustee a written request directing the current Trustee to sell the Property in accordance with law and the terms of the Deed of Trust.

6. That because the defaults specified in the "Notice of Default" were not cured, the current Trustee, in compliance with the terms of the Deed of Trust, recorded on **5/21/2013** in the **COWLITZ** County, Washington recorder's Office, a "Notice of Trustee's Sale" of the Property as instrument no. **3480408**.

7. The current Trustee fixed the place of sale as: **The entrance of the Cowlitz County Administration Building, 207 4th Avenue North, Kelso, WA 98626**, in the State of Washington, a public place, at **11:00 AM**. In accordance with the law caused copies of the statutory "Notice of Trustee's Sale" to be transmitted by mail to all persons entitled thereto and either posted or served prior to the statutory minimum number of days before the final sale; further, the current Trustee caused a copy of said "Notice of Trustee's Sale" to be published in a legal newspaper in each county in which the property or any part thereof is situated, once between the thirty-fifth and twenty-eighth day before the date of the sale, and once between the fourteenth and the seventh day before the date of the sale; and further, included with the Notice, which was transmitted to or served upon the Deed of Trust grantor or his successor in interest, a "Notice of Foreclosure."

8. During foreclosure, no action by the Beneficiary, its successors or assigns was pending on an obligation secured by the Deed of Trust.

9. All legal requirements and all provisions of said Deed of Trust have been complied with, as to acts to be performed and notices to be given, as provided in chapter 61.24 RCW.

10. That because the defaults specified in the "Notice of Trustee's Sale" were not cured at least ten days prior to the date scheduled for the Trustee's Sale and said obligation secured by said Deed of Trust remained unpaid, on **9/20/2013**, the date of sale, which was not less than 190 days from the date of default in the obligation secured, the GRANTOR then and there sold the Property at public auction to the Beneficiary, the highest bidder therefore, as a credit bid for the sum of **$102,350.00**. Beneficiary then directed GRANTOR to issue this Trustee's Deed directly to GRANTEE.

This conveyance is made without representations or warranties of any kind, expressed or implied. By recording this Trustee's Deed, GRANTEE understands, acknowledges and agrees that the Property was purchased in the context of a foreclosure, that the current Trustee made no representations to GRANTEE concerning the Property and that the current Trustee owed no duty to make disclosures to GRANTEE

3469605    09/27/2013 02:06:50 PM    3 of 3    Cowlitz County, WA
DEED      DOCUMENT PROCESSING SOLUTIONS INC

concerning the Property, GRANTEE relying solely upon his/her/their/its own due diligence investigation before electing to bid for the Property.

TS No.: WA-11-488030-SH

In witness thereof, **QUALITY LOAN SERVICE CORPORATION OF WASHINGTON**, as GRANTOR, has this day, caused its name to be hereunto affixed by its officer thereunto duly authorized by its corporation by-laws.

Date:

SEP 2 4 2013

**QUALITY LOAN SERVICE CORPORATION OF WASHINGTON**

By: Jacqueline Nograles, Assistant Secretary

State of: <u>California</u>)
County of: <u>San Diego</u>)

On SEP 2 4 2013 _____ before me, _____ Ashley Maxwell _____ a notary public, personally appeared ___ Jacqueline Nograles ___, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under *PENALTY OF PERJURY* under the laws of the State of <u>*California*</u> that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____ (Seal)
Ashley Maxwell

OFFICIAL SEAL
ASHLEY MAXWELL
NOTARY PUBLIC-CALIFORNIA
COMM. NO. 1890039
SAN DIEGO COUNTY
MY COMM. EXP. MAY 18, 2014

unofficial copy