UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TIMOTHY DIETZ,

                      Plaintiff,

       v.

QUALITY LOAN SERVICE CORP. OF
WASHINGTON; WELLS FARGO
HOME MORTGAGE; WELLS FARGO
BANK, N.A.; MORTGAGE
ELECTRONIC REGISTRATION
SYSTEMS, INC.; DOE DEFENDANTS
1-20,

                    Defendants.

CASE NO. C13-5948 RJB

ORDER REGARDING
DEFENDANTS' MOTION TO
DISMISS

This matter comes before the Court *sua sponte*.  The Court has considered the record, and

is fully advised.

On November 22, 2013, Defendants Wells Fargo and Mortgage Electronic Registration

Systems, Inc. (MERS) filed a joint Motion to Dismiss Plaintiff's Complaint pursuant to Fed. R.

Civ. P. 12(b)(6).  Dkt.  6. In support of the motion Defendants have relied upon the allegations in

1   the Complaint, the Declaration of Abraham K. Lorber and exhibits attached thereto (Dkt. 7), and

2   the record herein.  The motion to dismiss is noted for the Court's consideration on December 20,

3   2013.  Dkt. 6.

4          Plaintiff is notified that that "[p]ro se litigants must follow the same rules of procedure

5   that govern other litigants," *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir.

6   1997), including the Federal Rules of Civil Procedure and the Western District of Washington

7   Civil Rules of Procedure (Local Rules).  Plaintiff is further reminded that although his pro se

8   pleadings are held to a "less stringent standard than formal pleadings drafted by lawyers," he still

9   must meet the requirements of the rules.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

10         Fed. R. Civ. P. 12(b) motions to dismiss may be based on either the lack of a cognizable

11   legal theory or the absence of sufficient facts alleged under a cognizable legal theory.  *Balistreri*

12   *v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990).  Material allegations are taken

13   as admitted and the complaint is construed in the plaintiff's favor.  *Keniston v. Roberts*, 717 F.2d

14   1295 (9th Cir. 1983).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does

15   not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his

16   entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the

17   elements of a cause of action will not do."  *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955,

18   1964-65 (2007).  Factual allegations must be enough to raise a right to relief above the

19   speculative level, on the assumption that all the allegations in the complaint are true (even if

20   doubtful in fact).  *Id.* at 1965.  Plaintiff must allege enough facts to state a claim to relief that is

21   plausible on its face. *Id.* at 1974.

22         Plaintiff is notified that a party opposing the motion to dismiss has the "right to file

23   counter affidavits or other responsive evidentiary materials."  *Stratton v. Buck*, 697 F.3d 1004,

24

ORDER REGARDING DEFENDANTS' MOTION
TO DISMISS- 2

1010 (9th Cir. 2012).  If Plaintiff does not submit his own evidence in opposition, the motion to dismiss, if appropriate, may be granted.  *Id.*  Plaintiff is reminded that if the motion to dismiss is granted, that may end his case against Defendants.

It is so ORDERED.

Dated this 26th day of November, 2013.

ROBERT J. BRYAN
United States District Judge

ORDER REGARDING DEFENDANTS' MOTION
TO DISMISS- 3