THE HONORABLE ROBERT J. BRYAN

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
### AT TACOMA

TIMOTHY DIETZ,

      Plaintiff,

vs.

QUALITY LOAN SERVICE CORP. OF
WASHINGTON;

WELLS FARGO HOME MORTGAGE;

WELLS FARGO BANK, N.A.,

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.,

DOE DEFENDANTS 1 - 20

      Defendants.

Civil Case No.: CV-13 5948-RJB

**PLAINTIFF'S RESPONSE TO
WELLS FARGO AND MERS
MOTION TO DISMISS**

TO THE HONORABLE JUDGE OF THIS COURT:

COMES NOW the Plaintiff, Timothy Dietz, who hereby submits his response to

Defendant's Motion to Dismiss and states as follows:

1. Under Federal Rules of Civil Procedure 4(m), a Plaintiff has 180 days upon which to

execute service after filing a complaint. At the time of filing, Plaintiff was not a registered

user of the ECF system and has not served any of the Defendants.

PLAINTIFF'S RESPONSE TO MOTION TO DISMISS

Timothy Dietz, pro se
2503 34th Ave
Longview Washington 98632
360-442-9832

2. None of the Defendants in this case have acknowledged service of the Plaintiff's complaint. None of the Defendants in this case have answered the Plaintiff's complaint.

3. Plaintiff recognizes that his complaint is incomplete and needs to be amended. Plaintiff has made new discoveries since filing his complaint into the Court. These new factual discoveries shall further support the causes of action in Plaintiff's original complaint.

4. New factual discoveries give rise to additional causes of action.

5. FRCP 15(a)(1)(A) allow for the Plaintiff to amend his original complaint within 21 days after serving it. Service has not been initiated or acknowledged by any of the Defendants and Plaintiff intends to file an amended complaint that Defendants Wells Fargo Bank N.A., Wells Fargo Home Mortgage, Inc. and MERS are parties to the causes of action..

6. Wells Fargo Bank N.A. and Wells Fargo Home Mortgage allege that they are not "debt collectors". In Jara v. Aurora Loan Services, LLC, [1] "acts taken in furtherance of a foreclosure proceeding can be the basis of a FDCPA claim".

7. "Defendants' argument, if accepted, would create an enormous loophole in the Act immunizing any debt from coverage if that debt happened to be secured by a real property interest and foreclosure proceedings were used to collect the debt"[2]

8. A "nonjudicial foreclosure intended to dispossess the homeowner of title and ownership of real property is the type of debt collection activity that may be subject to § 1692f(A)."[3]

9. "[A] foreclosure is a method of collecting a debt by acquiring and selling secured property to satisfy a debt."[4]

---

[1] No. C 11-00419, 2011 WL 6217308, at *4 (N.D. Cal. Dec. 14, 2011).
[2] Wilson v. Draper & Goldberg, PLLC, 443 F. 3d 373 - Court of Appeals, 4th Circuit 2006
[3] *McDonald v. OneWest Bank, FSB*, 2013 WL 858178, *12 (W.D. Wash. March 7, 2013) ("*McDonald II*")
[4] Wilson v. Draper & Goldberg, PLLC, 443 F. 3d 373 - Court of Appeals, 4th Circuit 2006

PLAINTIFF'S RESPONSE TO MOTION TO DISMISS

Timothy Dietz, pro se
2503 34th Ave
Longview Washington 98632
360-442-9832

10. Defendants cite Call v. Routh Crabtree Olsen. This case is irrelevant as it pertains to a tenant and an unlawful detainer. Plaintiff has never been a tenant and alleges unlawful behavior during a foreclosure proceeding.

11. Defendants cite Lamb v. Mortgage Electronic Registration Systems, Inc. This case is irrelevant as this case does not allege an assignment of the debt while in default. Although Plaintiff has asked repeadetly, Defendant Wells Fargo has never offered any dates of any actions with the alleged debt outside of the default period. The language in the FDCPA is very clear and further factual support to Plaintiff's allegations and causes of action will be reflected in his amended complaint.

12. Defendants assert that Plaintiff's DTA is barred by waiver because Plaintiff failed to bring a motion to restrain the sale before it occurred. "The DTA includes "no specific remedies for violation of the statute in the context of pre-sale actions meant to prevent the wrongful foreclosure from occurring." However, in response to a decision of this court,[5] in 2009 the legislature explicitly recognized a cause of action for damages for failure to comply with the DTA.[6] It did so by amending the DTA to include RCW 61.24.127, which provides that a borrower or grantor does not waive certain claims for damages by failing to bring a civil action to enjoin a foreclosure sale…… Nothing in the 2009 amendment requires that the violation resulted in the wrongful sale of the property. This provision preserves a cause of action existing at the time a sale could be restrained—in other words, a claim existing before a foreclosure sale. It reflects the legislature's understanding of existing law—that a cause of action for damages existed based upon a trustee's presale failure to comply with the DTA, causing damage to the borrower."[7]

---

[5] Brown v. Household Realty Corp., 146 Wn. App. 157, 189 P.3d 233 (2008); see Final B. Rep. on Engrossed S.B. 5810, at 3, 61st Leg., Reg. Sess.(Wash. 2009); Judiciary Comm., H.B. Analysis on Engrossed S.B. 5810, at 2-3, 61st Leg., Reg. Sess. (Wash. 2009).
[6] RCW 61.24.127; Laws of 22009, ch. 292, § 6.
[7] Walker v. Quality Loan Service Corp. of Washington et al., No. 65975-8-1 (Aug. 5, 2013)

PLAINTIFF'S RESPONSE TO MOTION TO DISMISS

Timothy Dietz, pro se
2503 34th Ave
Longview Washington 98632
360-442-9832

WHEREFORE, Plaintiff requests the court to deny Wells Fargo and MERS Motion to Dismiss.


DATED: December 19, 2013


Respectfully,

 /s/ Timothy Dietz

Timothy Dietz
2503 34th Ave
Longview WA 98632
360-442-9832
timthepostman@yahoo.com

PLAINTIFF'S RESPONSE TO MOTION TO DISMISS

Timothy Dietz, pro se
2503 34th Ave
Longview Washington 98632
360-442-9832

THE HONORABLE ROBERT J. BRYAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TIMOTHY DIETZ,

        Plaintiff,

    vs.

QUALITY LOAN SERVICE CORP. OF
WASHINGTON;

WELLS FARGO HOME MORTGAGE;

WELLS FARGO BANK, N.A.,

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.,

DOE DEFENDANTS 1 - 20

        Defendants.

Civil Case No.:  CV-13 5948-RJB

**ORDER DENYING DEFENDANTS
WELLS FARGO AND MERS'S
MOTION TO DISMISS**

**[PROPOSED]**

    This having come before the Court on Defendants Wells Fargo and MERS's Motion to

Dismiss, the Court having reviewed all pleadings filed by all parties related to the motion, and

the Court having reviewed the pleadings and papers on file herein, it is hereby:

    ORDERED that Defendants Wells Fargo and MERS's Motion to Dismiss is

DENIED.

//

ANSWER TO MOTION TO DISMISS
CV-13 5948-RJB

Timothy Dietz, pro se
2503 34th Ave
Longview Washington 98632
360-442-9832

IT IS SO ORDERED.

_____

HONORABLE ROBERT J. BRYAN
UNITED STATES DISTRICT COURT JUDGE

Presented by:

/s/ Timothy Dietz

Timothy Dietz
2503 34th Ave
Longview WA 98632
360-442-9832
timthepostman@yahoo.com

ANSWER TO MOTION TO DISMISS
CV-13 5948-RJB

Timothy Dietz, pro se
2503 34th Ave
Longview Washington 98632
360-442-9832

2 of 2

THE HONORABLE ROBERT J. BRYAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TIMOTHY DIETZ,

       Plaintiff,

vs.

QUALITY LOAN SERVICE CORP. OF
WASHINGTON;

WELLS FARGO HOME MORTGAGE;

WELLS FARGO BANK, N.A.,

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.,

DOE DEFENDANTS 1 - 20

       Defendants.

Civil Case No.: CV-13 5948-RJB

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that a true and correct copy of the foregoing will be electronically mailed to Ronald E. Beard and Abraham K. Lorber this 19th day of December, 2013.

Respectfully,

  /s/ Timothy Dietz

Timothy Dietz
2503 34th Ave

CERTIFICATE OF SERVICE

Timothy Dietz, pro se
2503 34th Ave
Longview Washington 98632
360-442-9832

Longview WA 98632
360-442-9832
timthepostman@yahoo.com

CERTIFICATE OF SERVICE

Timothy Dietz, pro se
2503 34th Ave
Longview Washington 98632
360-442-9832