THE HONORABLE ROBERT J. BRYAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TIMOTHY DIETZ, <br><br> Plaintiff, <br><br> v. <br><br> QUALITY LOAN SERVICE CORP. OF WASHINGTON; WELLS FARGO HOME MORTGAGE; WELLS FARGO BANK, N.A.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; DOE DEFENDANTS 1-20, <br><br> Defendants. | No. 13-05948-RJB <br><br> **REPLY IN SUPPORT OF WELLS FARGO AND MERS'S MOTION TO DISMISS** <br><br> Noted for consideration: <br> December 20, 2013 |

## I. INTRODUCTION

Defendants Wells Fargo and MERS respectfully submit this reply in support of their Motion to Dismiss ("Motion") (ECF No. 6). Plaintiff Timothy Dietz belatedly filed his Response to Wells Fargo and MERS Motion to Dismiss ("Response") one day before the noting date of the Motion (ECF No. 11).[1]

## II. REPLY

**A.  Dietz's Procedural Arguments are Unavailing.**

Dietz claims that he wants to amend his Complaint because the Complaint "is incomplete and needs to be amended." Resp. ¶ 3, ECF No. 11. However, it is now the noting

---

[1] "Wells Fargo" is, collectively, Defendant Wells Fargo Home Mortgage and Defendant Wells Fargo Bank, N.A. "MERS" is Defendant Mortgage Electronic Registration Systems, Inc. "Dietz" is Plaintiff Timothy Dietz.

REPLY IN SUPPORT OF WELLS FARGO AND MERS'S MOTION TO DISMISS - 1
No. CV-13-05948-RJB
105727.1513/5903067.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

date of the Motion and no amended complaint has been filed or served. In the absence of any actual information that might support amendment of the Complaint, the Motion is ripe for adjudication and should be granted.

Dietz claims that the Motion should not be heard as the Defendants have not been properly served. Resp. ¶¶ 1-2, ECF No. 11. However, Wells Fargo and MERS have consented to the jurisdiction of this Court by appearing and defending against Dietz's claims. Dietz's own failure to formally serve Wells Fargo and MERS should not be a bar to ruling on whether the Complaint passes the Rule 12(b)(6) standard.

Dietz criticizes Defendants' citation of *Call v. Routh Crabtree Olsen, P.S.*, claiming the case is inapplicable here because it is an unlawful detainer case. *See* Resp. ¶ 10, ECF No. 11 (citing Case No. 13-5241 RJB, 2013 WL 3805651, * 4, 6 (W.D. Wash. July 18, 2013)). However, Defendants cite the case not for its facts but for its explanation of the futility standard when evaluating a motion to dismiss. Mot. 4, ECF No. 6. Indeed, as in *Call*, this case should be dismissed as against Wells Fargo and MERS with prejudice because any amendment of Dietz's claims against these defendants would be futile.

B. **Dietz Fails to Save his FDCPA Claims.**

Dietz cites *Jara v. Aurora Loan Services, LLC*, No. C 11-00419, 2011 WL 6217308, at *4 (N.D. Cal. Dec. 14, 2011) for the proposition that "acts taken in furtherance of a foreclosure proceeding can be the basis of a FDCPA claim." Resp. ¶ 6, ECF No. 11. However, the *Jara* court **granted** defendants' motion to dismiss, stating:

> Acts required to institute foreclosure proceedings, such as the recording of a notice of default, alone, are not debt collection activities for purposes of the FDCPA unless alleged in relation to a claim for violation of 15 U.S.C. § 1692f(6).

*Jara*, 2011 WL 6217308 at *5. Indeed, this is the very case Wells Fargo and MERS cite in their Motion for the proposition that Dietz's FDCPA claims fail as a matter of law. Mot. 8, ECF No. 6. The holding of *Jara* does not save Dietz's FDCPA claims and the claims should be dismissed with prejudice.

REPLY IN SUPPORT OF WELLS FARGO AND MERS'S MOTION TO DISMISS - 2
No. CV-13-05948-RJB
105727.1513/5903067.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

Dietz argues that Wells Fargo and MERS's argument, if accepted, "would create an enormous loophole in the [FDCPA] immunizing any debt from coverage if that debt happened to be secured by a real property interest and foreclosure proceedings were used to collect the debt." Resp. ¶ 7, ECF No. 11. However, Defendants are not arguing that non-judicial foreclosure can never give rise to an FDCPA claim. Rather, Defendants argue (1) they are not "debt collectors" under the Act and so cannot be liable thereunder; and (2) to the extent non-judicial foreclosure activities are violation of the FDCPA, such claim must be brought under 15 U.S.C. § 1692f(6), which Dietz fails to do. Mot. 5-9, ECF No. 6.

Dietz's attempts to distinguish *Lamb v. Mortgage Electronic Registration Systems, Inc.*, on the ground that the case does not involve a debt transferred while in default. *See* Resp. ¶ 11, ECF No. 6 (citing Case No. C10-5856RJB, 2011 WL 5827813, *5 (W.D. Wash. Nov. 18, 2011)). However, Defendants cite this case for the general proposition that lenders are not debt collectors under the FDCPA and as such the case is applicable here. Mot. 5, ECF No. 6.

Moreover, Dietz fails to rebut the argument that his own facts show that Wells Fargo purchased the subject loan in 2008, soon after origination and before Dietz defaulted. *See id.* at 6. Since Wells Fargo acquired its interest in the loan before default, it is not a debt collector under the FDCPA and cannot be liable for violation of the same. *Perry v. Stewart Title Co.* 756 F.2d 1197, 1208 (5th Cir. 1985).

Finally, even if Wells Fargo is a "debt collector" under the FDCPA (it is not), there is still no claim in the Complaint that supports an FDCPA claim against MERS.

All in all, Dietz's FDCPA claims fail because (1) Defendants are not debt collectors; and (2) non-judicial foreclosure activities are not violations of the sections of the FDCPA under which Dietz brings his claims. Accordingly, Dietz's FDCPA claims should be dismissed with prejudice.

C.  **Dietz's Deed of Trust Act Claim is Barred by Waiver and is not Asserted Against Wells Fargo or MERS.**

Dietz argues that his Deed of Trust Act ("DTA") claim is not barred by waiver because

REPLY IN SUPPORT OF WELLS FARGO AND MERS'S MOTION TO DISMISS - 3
No. CV-13-05948-RJB
105727.1513/5903067.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

it is saved under RCW 61.24.127. Resp. ¶ 12, ECF No. 6. However, this statute only preserves post-sale claims that allege "failure of the *trustee* to materially comply with the provisions of this chapter." RCW 61.24.127(1)(c) (emphasis added). Here, neither Wells Fargo nor MERS is the trustee of the subject deed of trust and so claims against them are not preserved under RCW 61.24.127. *See* Compl. ¶ 20, ECF No. 1 (alleging Quality appointed as deed of trust trustee). Additionally, there are no allegations in the Complaint regarding Wells Fargo or MERS' material violation of the DTA. *See* Compl. ¶¶ 96, 103, ECF No. 1. Indeed, Dietz's Response also fails to actually allege any material and wrongful DTA activities taken by Wells Fargo or MERS.

Dietz failed to bring his DTA claims in a timely manner. Further, the Complaint, by its own terms, only asserts the DTA cause of action against Quality. Accordingly, the DTA claims against Quality are no bar to dismissal of the Complaint with prejudice as to Wells Fargo and MERS.

### III. CONCLUSION

For the reasons articulated in the Motion and supported herein, Dietz's claims against Wells Fargo and MERS should be dismissed with prejudice.

DATED: December 20, 2013

                LANE POWELL PC

                By  s/Abraham K. Lorber
                    Ronald E. Beard, WSBA No. 24014
                    beardr@lanepowell.com
                    Abraham K. Lorber, WSBA No. 40668
                    lorbera@lanepowell.com
                    1420 Fifth Avenue, Suite 4200
                    PO Box 91302
                    Seattle, WA  98111-9402
                    Telephone:  206.223.7000
                    Fax:  206.223.7107

                Attorneys for Defendants Wells Fargo Home Mortgage, Inc., Wells Fargo Bank, N.A., and Mortgage Electronic Registration Systems, Inc.

REPLY IN SUPPORT OF WELLS FARGO AND MERS'S MOTION TO DISMISS - 4
No. CV-13-05948-RJB
105727.1513/5903067.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

## CERTIFICATE OF SERVICE

I certify that on the date indicated below, I caused the foregoing document to be filed with the Clerk of the Court via the CM/ECF system. In accordance with their ECF registration agreement and the Court's rules, the Clerk of the Court will send e-mail notification of such filing to the following persons:

Timothy Dietz
2503 34th Ave
Longview WA  98632
timthepostman@yahoo.com

I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

SIGNED December 20, 2013 at Seattle, Washington

s/Debra Smith
Debra Smith

REPLY IN SUPPORT OF WELLS FARGO AND MERS'S MOTION TO DISMISS - 5
No. CV-13-05948-RJB
105727.1513/5903067.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107