UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TIMOTHY DIETZ,<br><br>                Plaintiff,<br><br>    v.<br><br>QUALITY LOAN SERVICE CORP. OF WASHINGTON; WELLS FARGO HOME MORTGAGE;  WELLS FARGO BANK,N.A.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; DOE DEFENDANTS 1-20,<br><br>                Defendants. | CASE NO. C13-5948 RJB<br><br>ORDER RE PLAINTIFF'S MOTION FOR CLARIFICATION |

      This matter comes before the Court on Plaintiff's motion for clarification.  Dkt. 9. Plaintiff states that he seeks to amend his complaint and queries whether the amendment requires a court motion.

      Federal Rule of Civil Procedure 15(a) deals with amendments to pleadings.  Once a responsive pleading has been filed, or as in this case, a motion under Fed. R. Civ. P. 12(b), a party may amend the pleading within 21 days after service of the responsive motion or the Rule

1  12(b) motion.  Twenty-one days have lapsed since service of the Rule 12(b)(6) motion.  See

2  Dkts. 4 and 6.  Once the deadline for leave to file as a matter of right has lapsed, "a party may

3  amend the party's pleading only by leave of court or by written consent of the adverse party; and

4  leave shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a).  Whether justice

5  requires granting a party leave to amend is generally determined by reference to four factors: (1)

6  undue delay; (2) bad faith; (3) futility of amendment; and (4) prejudice to the opposing party.

7  *United States v. Pend Oreille Public Utility Dist. No. 1*, 926 F.2d 1502, 1511 (9th Cir. 1991).

8      At present there is no motion to amend the complaint.  There is pending Defendants

9  Wells Fargo and MERS's motion to dismiss Plaintiff's complaint.  That motion is under

10  consideration and will determine whether Plaintiff may proceed under the present complaint.

12      Dated this 27th day of December, 2013.

                      ROBERT J. BRYAN
                      United States District Judge