UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TIMOTHY DIETZ, | CASE NO. C13-5948 RJB |
| Plaintiff, | ORDER GRANTING WELL FARGO AND MERS'S MOTION TO DISMISS |
| v. | |
| QUALITY LOAN SERVICE CORP. OF WASHINGTON; WELLS FARGO HOME MORTGAGE;  WELLS FARGO BANK,N.A.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; DOE DEFENDANTS 1-20, | |
| Defendants. | |

This matter comes before the Court on Defendants Wells Fargo Home Mortgage, Wells Fargo Bank, N.A. (collectively Wells Fargo), and Mortgage Electronic Registration Systems, Inc's (MERS) motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).  Dkt. 6.  The Court has considered the pleadings in support of and in opposition to the motion and the record herein.

1 **INTRODUCTION AND BACKGROUND**

2 This is a post-sale wrongful foreclosure case.   Plaintiff Timothy Dietz alleges causes of action

3 for violation of the Fair Debt Collection Practices Act (FDCPA)(Counts I and IV) and violation

4 of the Washington Deed of Trust Act (DTA)(Counts II and III).  Dkt. 1 pp. 1-16.

5       On September 26, 2008, Dietz consummated a loan by executing a promissory

6 Note (Note) for $192,375.00 with the lender Hyperion Capital Group, L.L.C. (Hyperion).  Dkt. 1

7 p. 3; Dkt. 10-1 pp. 2-4.

8       On September 26, 2008, Dietz executed a Deed of Trust naming Hyperion as the lender,

9 securing property commonly known as 2503 34th Ave, Longview, Cowlitz County, Washington,

10 98632 (Property).  Dkt. 1 p. 3; Dkt. 10-2  pp. 1-14.  The Deed of Trust was recorded into the

11 records of Cowlitz County on October 3, 2008, under Recording Number 3378077.  *Id.*  The

12 Property is Dietz's primary residence.  Dkt. 1 p. 4.

13       On or about May 17, 2011, America's Servicing Company, a division of Wells Fargo,

14 recorded an Assignment of the Deed of Trust from MERS, as nominee for Hyperion, to Wells

15 Fargo in the county records.  Dkt. 1 p. 4; Dkt. 10-3  pp. 2-4.  Dietz contends he was in default at

16 the time the Assignment was recorded.  Dkt. 1 p. 4.  After recording the Assignment, Wells

17 Fargo recorded a second Assignment in the county records.  Dkt. 1 p. 4; Dkt. 10-3 pp. 5-8.  The

18 Assignment and second Assignment are functionally identical: they were both recorded by Wells

19 Fargo entities, they were both executed by MERS representatives, and they both assigned

20 MERS' record agency interest in the Deed of Trust to Wells Fargo and gave public notice that

21 Wells Fargo was the successor beneficiary of the Deed of Trust.  Dkt. 10-3 pp. 2-8.  Dietz asserts

22 that both the Assignments are false and misleading.  Dkt. 1 p. 4.

23

24

1    On February 21, 2012, Wells Fargo recorded an appointment of successor trustee,

2  naming Defendant Quality Loan Service Corporation of Washington (QLS) as successor trustee

3  of the Deed of Trust.  Dkt. 1 p. 4; Dkt. 10-3 pp. 10-12.

4    Dietz alleges that in connection with the collection of an alleged debt, QLS sent

5  correspondence to Dietz stating that it was "attempting to collect a debt on behalf of the holder

6  and owner of the Note." Dkt. 1 pp. 4-5.  Dietz asserts that Wells Fargo breached a duty of

7  notification concerning the sale of the mortgage loan and that he had "no contractual obligation

8  to pay Defendants."  Dkt. 1 pp. 5.  Dietz also asserts that QLS provided the required notice in an

9  improper manner.  *Id.*  Dietz asserts that he sent a dispute letter to QLS on August 4, 2012.  Dkt.

10  1 p. 5.

11    On August 29, 2012, QLS recorded a notice of trustee sale, setting the sale for December

12  28, 2012.  Dkt. 1 p. 5; Dkt. 7 pp. 27-30.  The notice states that the default for which this

13  foreclosure is made is the failure to pay when due the amount that is in arrears: $23, 887.12.  *Id.*

14    Dietz asserts that on September 8, 2012, he received from QLS a communication alleging

15  to be a Validation of Debt.  Dkt. 1 p. 6.  Dietz asserts that QLS's communication fails as a proper

16  validation of debt.  Dkt. 1 pp. 6-7

17    On October 17, 2012, QLS discontinued the notice of sale via a recorded notice.  Dkt. 7

18  pp. 32-34.  A second notice of trustee's sale was recorded, scheduling a non-judicial foreclosure

19  of the property for February 13, 2013.  Dkt. 7 pp. 35-37.  This notice of sale expired without a

20  sale taking place.

21    On May 21, 2013, QLS recorded a new notice of sale scheduling a non-judicial

22  foreclosure sale of the property for September 20, 2013.  Dkt. 1 p. 10; Dkt. 10-3 pp. 14-16.  The

23  notice states on its face, that Dietz is $33,456.86 in arrears in his payment obligations.  *Id.*

24

1 The property was sold on September 20, 2013 and reverted to Wells Fargo. Dkt. 1 p. 11; Dkt. 7

2 pp. 44-46.  Dietz did not file a motion to restrain the sale in either this Court or Cowlitz County

3 Superior Court before the sale occurred.

4       Dietz filed the present action on October 30, 2013, asserting violations of the Fair Debt

5 Collection Practices Act (FDCPA)(Counts I and IV) and violations of the Washington Deed of

6 Trust Act (DTA)(Counts II and III).  Dkt. 1.  Defendants Wells Fargo and MERS move for

7 dismissal.  Dkt. 6.  Defendant Quality Loan Service Corp of Washington (QLS) has not

8 answered or filed an appearance in this action.

9       Dietz filed a response to the motion to dismiss asserting that his complaint stated a cause

10 of action.  Dkt. 11.  Subsequently, Dietz filed another pleading  in which he states the he "freely

11 and voluntarily motions the court to dismiss Defendants" Wells Fargo and MERS from this

12 complaint without prejudice."  Dkt. 14.  In an attached memorandum Dietz states that "new

13 discoveries have been made," and "to preclude amending a complaint in haste," Dietz seeks

14 dismissal without prejudice to amend the complaint.  Dkt. 14-1

15                                    **MOTION TO DISMISS STANDARD**

16       The Court's review of a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6) is

17 limited to the complaint.  *Lee v. City of Los Angeles,* 250 F.3d 668, 688 (9th Cir. 2001).  All

18 material factual allegations in the complaint are taken as admitted, and the complaint is to be

19 liberally construed in the light most favorable to the plaintiff.  *Id.*  A complaint should not be

20 dismissed under Fed. R. Civ. P. 12(b)(6) unless it appears beyond doubt that the plaintiff can

21 prove no set of facts in support of his claim which would entitle him to relief.  *Conley v. Gibson*,

22 355 U.S. 41, 45-46 (1957).  Dismissal under Fed. R. Civ. P. 12(b)(6) may be based upon "the

23 lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable

24

1  legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).  While a

2  complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual

3  allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires

4  more than labels and conclusions, and a formulaic recitation of the elements of a cause of action

5  will not do. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).  Factual allegations must be

6  enough to raise a right to relief above the speculative level, on the assumption that all the

7  allegations in the complaint are true. *Id.*; *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992).

8          Generally, the court may not consider matters outside the pleadings without converting a

9  12(b)(6) motion into a motion for summary judgment. *Lee v. City of Los Angeles,* 250 F.3d

10  668, 688 (9th Cir. 2001); *In re Hawaiian & Guamanian Cabotage Antitrust Litig.*, 647

11  F.Supp.2d 1250, 1267 (W.D. Wash. 2009).  There are two exceptions to this rule.  First, the

12  court may consider documents not physically attached to the complaint if the documents'

13  authenticity is not contested and the plaintiff's complaint necessarily relies on them. *Lee*, at

14  688; *In re Hawaiian & Guamanian Cabotage Antitrust Litig.*, at 1202.  Second, the Court may

15  take judicial notice of matters of public record. *Id.*  The documents considered by the Court are

16  those necessarily relied upon by the complaint, are uncontested, and are of public record.

17          In assessing whether a case should be dismissed with prejudice and without leave to

18  amend, five factors should be considered: "(1) bad faith; (2) undue delay; (3) prejudice to the

19  opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended

20  his complaint." *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004); *Bonin v. Calderon*, 59

21  F.3d 815, 845 (9th Cir.1995)).  "Futility alone can justify the denial of a motion for leave to

22  amend." *Id*.

23

24

1 | **FAIR DEBT COLLECTION PRACTICES ACT**

2 |      Dietz's first and fourth causes of action are for violation of the Fair Debt Collection

3 | Practices Act (FDCPA), 15 U.S.C. §§ 1692(g)(b) and 1692(e)(5) respectively.  These causes of

4 | action do not mention MERS and there is no allegation in the complaint that MERS engaged in

5 | any activities that could be construed as a "debt collection."  The FDCPA causes of action

6 | against MERS are subject to dismissal.

7 |      The FDCPA applies only to "debt collectors" as defined by that statute. 15 U.S.C. §

8 | 1692a(6); *Izenberg v. ETS Services, LLC*, 589 F. Supp.2d 1193, 1198 (C.D. Cal. 2008); *Fleeger*

9 | *v. Bell*, 95 F. Supp. 2d 1126, 1130 (D. Nev. 2000).  The FDCPA defines a "debt collector" as

10 | "any person who uses any instrumentality of interstate commerce or the mails in any business the

11 | principal purpose of which is the collection of any debts, or who regularly collects or attempts to

12 | collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15

13 | U.S.C. § 1692a(6).  The FDCPA's definition of a debt collector "does not include the consumer's

14 | creditors, a mortgage servicing company, or any assignee of the debt, so long as the debt was not

15 | in default at the time it was assigned."  *Nool v. HomeQ Servicing,* 653 F.Supp.2d 1047, 1053

16 | (E.D. Cal. 2009).

17 |      Many courts have held that mortgage companies are not debt collectors liable under the

18 | FDCPA.  See *Buddle-Vlasyuk v. Bank of New York Mellon*, 2012 WL 254096 (W.D. Wash.

19 | 2012); *Frase v. U.S. Bank, N.A.*, 2012 WL 1658400 (W.D. Wash. 2012). *Segle v. PNC Mortg.,*

20 | 2011 WL 1098936 (W.D. Wash. 2011); *Lamb v. Mortgage Electronic Registration Systems, Inc*.,

21 | 2011 WL 5827813 (W.D. Wash. 2011); *Bank of N.Y. Mellon v. Sakala*, 2012 WL 1424665 (D.

22 | Haw. 2012); *Lal v. American Home Servicing, Inc*., 680 F.Supp.2d 1218, 1224 (E.D. Cal. 2010).

23 |

24 |

ORDER GRANTING WELL FARGO AND
MERS'S MOTION TO DISMISS- 6

1       Dietz argues that the loan was in default at the time of assignment and thus, Wells Fargo

2  is a debt collector.  See *Perry v. Stewart Title Co.* 756 F.2d 1197, 1208 (5th Cir. 1985).  The

3  undisputed facts, however, indicate that Wells Fargo purchased the loan in 2008, prior to Dietz's

4  default.  The subsequent recording of the assignment of the deed of trust does not place Wells

5  Fargo in the position of an assignee of the debt subsequent to a default.  See, *Lynott v. Mortg.*

6  *Elec. Reg. Sys., Inc.*, 2012 WL 5995053 (W.D. Wash. 2012) (holding that "U.S. Bank is the

7  beneficiary of the deed because it holds Plaintiff's note, not because MERS assigned it the

8  deed").

9       Dietz's claim that that Wells Fargo violated 15 U.S.C. § 1641(g) by failing to notify him

10  within 30 days after it purchased the Loan.  Wells Fargo purchased the Loan in 2008 and the

11  assignment was recorded in 2011.  Under either date, the claim is barred by FDCPA's one year

12  statute of limitations, 15 U.S.C. § 1640(e), as this lawsuit was not filed until 2013.  Additionally,

13  Dietz has not alleged facts that give rise to a violation of the debt validation notice requirements.

14  See 15 U.S.C. § 1692(g).

15       Dietz alleges that Wells Fargo violated 15 U.S.C. § 1692(e)(5) by virtue of its "wrongful

16  foreclosure."  Claims based on foreclosure activities are not cognizable under the FDCPA.

17       Foreclosing on a trust deed is distinct from the collection of the obligation to pay
          money. The FDCPA is intended to curtail objectionable acts occurring in the

18       process of collecting funds from a debtor. But, foreclosing on a trust deed is an
          entirely different path. Payment of funds is not the object of the foreclosure

19       action. Rather, the lender is foreclosing its interest in the property.

20  *Hulse v. Ocwen Fed. Bank, FSB*, 195 F. Supp. 2d 1188, 1204 (D. Or. 2002).  See also *Jara v.*

21  *Aurora Ln. Servs.*, LLC, 2011 WL 6217308 (N.D. Cal. 2011); *Armacost v. HSBC Bank USA*,

22  2011 WL 825151 (D. Idaho 2011).

23

24

ORDER GRANTING WELL FARGO AND
MERS'S MOTION TO DISMISS- 7

1    Dietz's causes of action against Wells Fargo and MERS for violations of the FDCPA are

2    subject to dismissal.

### WASHINGTON DEED OF TRUST ACT

4    Dietz's second and third causes of action allege violation of the Washington Deed of

5    Trust Act (DTA), RCW 61.24.030(7)(a)and 030(7)(b) respectively.

6    The allegations contained in the DTA causes of action appear to be asserted solely

7    against Defendant Quality Loan Service Corp.  Dietz's complaint includes no allegations that

8    could give rise to a DTA claim against MERS or Wells Fargo.  Even if the complaint could be

9    construed to set forth a claim to include Wells Fargo and MERS, such claim is barred by waiver

10   because Dietz failed to bring a motion to restrain the sale before it occurred.  See RCW

11   61.24.127; *Plein v. Lackey*, 149 Wn.2d 214, 227-28 (2003); *Brown v. Household Realty Corp.*,

12   146 Wn.App. 157, 163 (2008).  Post-sale claims under the DTA are confined to claims that

13   allege "failure of the trustee to materially comply with the provisions of this chapter."  RCW

14   61.24.127(1)(c).  Neither Wells Fargo nor MERS is a trustee of the deed of trust.

15   The DTA claims against Wells Fargo and MERS are subject to dismissal.

### CONCLUSION

17   Dietz's claims against Wells Fargo and MERS are subject to dismissal pursuant to Fed.

18   R. Civ. P. 12(b)(6).  The complaint lacks sufficient facts under the Fair Debt Collection Practices

19   Act and Washington Deed of Trust Act to present a cognizable claim against Defendants Wells

20   Fargo and MERS.  If a Rule 12(b)(6) motion to dismiss is granted, claims may be dismissed with

21   or without prejudice, and with or without leave to amend.  Generally, dismissals under Rule

22   12(b)(6) should be without prejudice and leave to amend the complaint should be granted unless

23   the plaintiff has acted in bad faith or amendment would be futile. *Vess v. Ciba–Geigy Corp. USA*,

24

1  317 F.3d 1097, 1107–08 (9th Cir. 2003).  In other words, leave to amend need not be granted

2  when amendment would be futile.  *Gompper v. VISX, Inc.*, 298 F.3d 893, 898 (9th Cir. 2002).

3      Dietz has indicated that he has discovered new facts and desires to file a new action or an

4  amended complaint in this matter.  Although it appears that Dietz's FDCPA and DTA claims are

5  not likely to be cured by the allegation of additional facts, the Court is not in the position to

6  determine whether the assertion of other causes of action would be futile.  Accordingly, Dietz's

7  complaint against Defendants Wells Fargo and MERS are subject to dismissal without prejudice.

8      Therefore, it is hereby **ORDERED**:

9      Defendants Wells Fargo and MERS's Motion to Dismiss (Dkt. 6) is **GRANTED**.  The

10  claims against Wells Fargo and MERS are **DISMISSED WITHOUT PREJUDICE.**  Plaintiff

11  shall file an Amended Complaint, if any, against these parties no later than February 7, 2014.

12  In the event an amended complaint is not timely filed, the complaint against Defendants Wells

13  Fargo and MERS will be dismissed with prejudice, without further notice.

14      Dated this 3rd day of January, 2014.

15

16

17      ROBERT J. BRYAN
        United States District Judge

18

19

20

21

22

23

24

ORDER GRANTING WELL FARGO AND
MERS'S MOTION TO DISMISS- 9