1
2
3
4
5
6
7
8
9
10

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## AT TACOMA

11  TIMOTHY DIETZ,                          Case No.:  CV13 5948

12            Plaintiff,
                                            AMENDED COMPLAINT
13        vs.

14  QUALITY LOAN SERVICE CORP. OF           TRIAL BY JURY DEMANDED
    WASHINGTON;
15
16  WELLS FARGO HOME MORTGAGE;

17  WELLS FARGO BANK, N.A.,

18  ~~MORTGAGE ELECTRONIC~~
    ~~REGISTRATION SYSTEMS, INC.,~~
19  MCCARTHY & HOLTHUS, LLP

20  DOE DEFENDANTS 1 - 20

21            Defendants.

22
23                        **COMPLAINT**

24  This action rises from attempts to collect on a Note. This complaint will show that at all times

25  material hereto Defendants agreed between and amongst themselves and in combination with

AMENDED COMPLAINT                           Timothy Dietz, pro se
DEMAND FOR JURY TRIAL                       2503 34th Ave
                                            Longview Washington 98632
                                            360-442-9832

each other and with various agents known and unknown as to each overt act in furtherance of the conspiracy and enterprise to engage in unlawful actions for a common purpose to which: to perpetrate a fraud and obtain unlawful possession of Plaintiffs Property. Plaintiff, TIMOTHY DIETZ, Individually, hereby sues Defendant QUALITY LOAN SERVICE CORP. OF WASHINGTON, for violations of the Fair Debt Collections Practices Act (Hereinafter "FDCPA"), Washington Deed of Trust Act (Hereinafter "WDTA"), Defendant WELLS FARGO HOME MORTGAGE for violations of the FDCPA, Breach of Contract, WELLS FARGO BANK, N.A., for violations of the FDCPA, Breach of Contract, ~~MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.~~, MCCARTHY AND HOLTHUS, LLP for violations of the FDCPA, WDTA.

1. This is an action for damages and injunctive relief brought by Plaintiff for violations of the FDCPA 15 U.S.C. § 1692 *et seq.,* the WDTA RCW § 61 *et seq.*, Breach of Contract. Upon belief and information, Plaintiff contends that many of these practices are widespread by the Defendants. Plaintiff intends to propound discovery to Defendants identifying these other individuals who have suffered similar violations.

2. Plaintiff contends that the Defendants have violated such laws by repeatedly harassing Plaintiff in attempts to collect an alleged but nonexistent debt.

3. All conditions precedent to the bringing of this action have been performed, waived or excused.

## JURISDICTION AND VENUE

4. Jurisdiction of this court arises under 28 U.S.C. § 1331; 15 U.S.C. § 1692k, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. ~~28 U.S.C. § 1331 and 28 U.S.C. § 1391.~~

AMENDED COMPLAINT
DEMAND FOR JURY TRIAL

Timothy Dietz, pro se
2503 34th Ave
Longview Washington 98632
360-442-9832

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391. Venue is proper in this District as the Plaintiff resides here, the Defendants transact business here, and the conduct complained of occurred here.

6. ~~This is an action for damages which exceed $5,000.00.~~

## PARTIES

7. Plaintiff, TIMOTHY DIETZ, (Hereinafter "Mr. Dietz"), is a natural person and is a resident of the State of Washington. Mr. Dietz suffers from Attention Deficit Hyperactivity Disorder (ADHD) and has a difficult time with any tasks requiring extended amounts of time. Mr. Dietz is protected under the Americans with Disabilities Act (ADA) 42 U.S.C. § 126.

8. Upon information and belief the Defendant, QUALITY LOAN SERVICE CORP. OF WASHINGTON (Hereinafter "QLS"), is a ~~foreign~~ Washington Corporation, ~~authorized to do business in~~ licensed with the Washington State Business Licensing Service, with an offices located at ~~2141 5th Ave, San Diego, California 92101~~ 19735 10th Ave NE, Suite N200, Poulsbo, Washington, 98370. Upon information and belief QLS is licensed as a "Profit Corporation" with the State of Washington Business Licensing Service and assigned a UBI number of 602367571. Upon information and belief QLS operates under the direct guidance of Defendant MCCARTHY & HOLTHUS, LLP (Hereinafter "McCarthy"). Upon information and belief, Kevin McCarthy is a Governing Person for both QLS and McCarthy and Holthus, LLP, linking QLS and McCarthy and Holthus, LLP together by a common fact.

9. Upon information and belief the Defendant, WELLS FARGO HOME MORTGAGE (Hereinafter "WFHM"), is a ~~foreign~~ California Corporation, ~~authorized to do business in~~

AMENDED COMPLAINT
DEMAND FOR JURY TRIAL

Timothy Dietz, pro se
2503 34th Ave
Longview Washington 98632
360-442-9832

licensed with Washington State Business Licensing Service, with offices located at 1 Home Campus, Des Moines, Iowa, 50328. Upon information and belief WFHM Registered Agent is Corporation Service Company, 300 Deschutes Way SW, Suite 304, Tumwater, Washington, 98501. Upon information and belief WFHM does not have an "Entity Type" identified with the State of Washington Business Licensing Service, and assigned a UBI number of 601311007. Upon information and belief WFHM registration on the Washington State Secretary of State website reflects an expiration date of April 30, 2005 and is also reflecting an inactive status date of August 1, 2005. Upon information and belief WFHM is a subsidiary of Wells Fargo Bank, N.A.. Upon information and belief WFHM interchangeably identifies themselves as and uses the name of Wells Fargo Bank, N.A.. Upon information and belief WFB is licensed as a "Bank Corporation" with the State of Washington Business Licensing Service and assigned a UBI number of 601742563. Upon information and belief WFB is a share holder in MERS and appears to have ownership interests in MERS.

10. Upon information and belief the Defendant, WELLS FARGO BANK, N.A. (Hereinafter "WFB"), is a ~~foreign~~ California Corporation, ~~authorized to do business in~~ licensed with Washington State Business Licensing Service, with offices at 464 California St, San Francisco, California 94104. Upon information and belief WFB Registered Agent is Corporation Service Company, 300 Deschutes Way SW, Tumwater, Washington, 98501. Upon information and belief WFB has a registered trade name with the State of Washington Business Licensing Service of Wells Fargo (Auto Lease). Upon information and belief, WFB holds ownership interests in Mortgage Electronic Registration Systems, Inc.

AMENDED COMPLAINT
DEMAND FOR JURY TRIAL

Timothy Dietz, pro se
2503 34th Ave
Longview Washington 98632
360-442-9832

4 of ~~16~~ 35

11. ~~Upon information and belief the Defendant, MORTGAGE ELECTRONIC~~
~~REGISTRATION SYSTEMS, INC. (Hereinafter "MERS"), is a foreign Delaware~~
~~Corporation, not authorized to do business in Washington, with offices at 1818 Library~~
~~Street, Reston, Virginia 20190.~~

12. Upon information and belief the Defendant, McCarthy and Holthus, LLP (Hereinafter
"McCarthy"), is a California Corporation, licensed with Washington State Business
Licensing Service to do business in Washington, with offices at 19735 10th Ave. NE, Suite
N-200, Poulsbo, WA 98370. Upon information and belief McCarthy is licensed as a
"Limited Liability Partnership" with the State of Washington Business Licensing Service
and assigned a UBI number of 602294065.

13. DOES 1-20 are for any parties currently unknown in which through discovery of these
proceedings becomes known as an affiliated entity or entity of interest in the matters set
herewithin.

## GENERAL ALLEGATIONS

14. On September 26, 2008, Mr. Dietz executed an FHA ~~Promissory~~ Note [EXHIBIT A] for
$192,375.00 with Hyperion Capital Group, L.L.C. (hereinafter "HCG") as the Lender,
secured by Mr. Dietz's Property. Mr. Dietz is the sole owner of the real property in
question.

15. Since Mr. Dietz is the lone signatory on this Note, the Note is a bearer instrument. MERS
is not a party to this Note and has no interest in this Note whatsoever.

16. Upon execution of this Note by Mr.Dietz, this Note was sent to HCG.

17. Unlike a non FHA Note which states in pertinent part:

AMENDED COMPLAINT
DEMAND FOR JURY TRIAL

Timothy Dietz, pro se
2503 34th Ave
Longview Washington 98632
360-442-9832

"I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder.""

Mr. Dietz's Note has no such language. Mr. Dietz's Note *does* state in pertinent part:

"[pg 1] Lender means {Hyperion Capital Group} and it's successors and assigns."

18. Blacks Law Dictionary (8th edition) defines the following:

"**Lender** - A person or entity from which something (esp. money) is borrowed."

"**Successor** - A corporation that, through amalgamation, consolidation, or other assumption of interests, is vested with the rights and duties of an earlier corporation."

"**Assignee** - One to whom property rights or powers are transferred by another. • Use of the term is so widespread that it is difficult to ascribe positive meaning to it with any specificity. Courts recognize the protean nature of the term and are therefore often forced to look to the intent of the assignor and assignee in making the assignment — rather than to the formality of the use of the term assignee — in defining rights and responsibilities. — Also termed assign."

19. On September 26, 2008, Mr. Dietz executed a Deed of Trust [EXHIBIT B] with HCG as the Lender, securing property commonly known as 2503 34th Ave, Longview, Cowlitz County, Washington, 98632, and said Deed of Trust was recorded into the records of Cowlitz County on October 03, 2008, under Recording Number 3378077. Said property is Mr. Dietz's primary resident.

20. After execution of the Deed of Trust, the Deed of Trust was sent to MERS causing a bifurcation of the Note and the security instrument.

21. Mr. Dietz's loan was securitized shortly after closing.

22. Since Mr. Dietz is the lone signatory on this Deed of Trust, the Deed of Trust is a bearer instrument.

23. MERS is described as a *nominee* for HCG and its successors and assigns. Page 2 states:

AMENDED COMPLAINT
DEMAND FOR JURY TRIAL

Timothy Dietz, pro se
2503 34th Ave
Longview Washington 98632
360-442-9832

"The beneficiary is Mortgage Electronic Registration Systems, Inc. ("MERS")
(solely as nominee for Lender, as hereinafter defined, and Lender's successors
and assigns). MERS is organizing and existing under the laws of Delaware, and
has an address and telephone number of P.O. Box 2026, Flint, MI, 48501-2026,
tel. (888) 679-MERS."

24. Although the Deed of Trust establishes MERS as the Beneficiary by its own self imposed
admissions, MERS is *not* making any contribution worthy of this designation. Paragraph 2
of MERS T*erms and Conditions* [EXHIBIT G] states in pertinent part:

> "*…MERS shall serve as mortgagee of record with respect to all such mortgage
> loans solely as a nominee, in an administrative capacity, for the beneficial owner
> or owners thereof from time to time. MERS shall have no rights whatsoever to any
> payments made on account of such mortgage loans, or to any mortgaged
> properties securing such mortgage loans. MERS agrees not to assert any rights
> (other than rights specified in the Governing Documents) with respect to such
> mortgage loans or mortgaged properties…*"

25. MERS has ruled out any entitlement to Mr. Dietz's payments. This also means that MERS
cannot qualify as *Lender* under ¶ 1 of Plaintiff's Note.

26. On May 17, 2011, an alleged assignment of Deed of Trust dated May 05, 2011 [EXHIBIT
C], from MERS, as nominee for HCG, to WFB was recorded into the records of Cowlitz
County under Recording Number 3436945.

27. The Assignment of Deed of Trust recorded as Recording Number 3436945 was recorded
while the alleged debt was under default and had been in default since February 1, 2009.

28. The alleged Assignment of Deed of Trust recorded as Recording Number 3436945 is false
and misleading.

29. The signer of this first MERS Assignment, Amy Toske, is acting as Assistant Secretary.
This Signer is a MERS Certifying Officer. At the time of the signing Amy Toske was also
a full time employee of *and officer* of Wells Fargo Home Mortgage, which was and has

AMENDED COMPLAINT
DEMAND FOR JURY TRIAL

Timothy Dietz, pro se
2503 34th Ave
Longview Washington 98632
360-442-9832

been servicing this loan. This servicer appointed this MERS Certifying Officer to this position and is totally responsible for all acts that they perform.

30. On May 18, 2011, an alleged assignment of Deed of Trust dated May 16, 2011 [EXHIBIT D], from MERS, as nominee for HCG, to WFB was recorded into the records of Cowlitz County under Recording Number 3437015.

31. The alleged Assignment of Deed of Trust recorded as Recording Number 3437015 is false and misleading.

32. The signer of the second MERS Assignment, Mark Lee, is acting as Assistant Secretary. This Signer is a MERS Certifying Officer. At the time of the signing Mark Lee Toske was also a full time employee of *and officer* of Wells Fargo Advisor, LLC.  At the time of the signing Mark Lee was also a registered Government Securities Broker. The servicer, WFHM appointed this MERS Certifying Officer to this position and is totally responsible for all acts that they perform.

33. This standard Resolution Appointing a MERS Certifying *Officer* gives them authority to "assign the lien of any mortgage loan naming MERS as the mortgagee … if the mortgage loan is registered on the MERS System." Both Amy Toske and Mark Lee have exercised this authority in favor of WFB.

34. This standard MERS Resolution further allows a MERS Certifying Officer "to take any such actions and execute such documents as may be necessary to fulfill the Member's *servicing obligations* to the beneficial owner of such mortgage loan."

35. Assigning the full beneficial interest of a security instrument *is not* a servicing obligation. This can only be done by a party holding *full beneficial interest*. Neither the mortgage servicer nor MERS holds any ownership interest in Plaintiff's loan.

AMENDED COMPLAINT
DEMAND FOR JURY TRIAL

Timothy Dietz, pro se
2503 34th Ave
Longview Washington 98632
360-442-9832

36. MERS Certifying Officers are getting their instructions from the mortgage servicer, and the ladder of authority stops there.

37. Under terms of the security instrument, MERS could not hold any ownership interest in Plaintiff's property. The best scenario for MERS was to hold legal title on behalf of someone else, namely the Lender, their successor or assign.

38. The MERS Assignments state that MERS *could be* acting on behalf of HCG, its successor or its assign. Since MERS can only act as a nominee, it must disclose its *specific* source of authority. This foundational fact cannot be left to speculation.

39. Since no specific source of authority is disclosed, we are left to conclude that MERS is acting on its own behalf or under the mortgage servicers direction. In both cases, this exercise of authority is rendered void by terms in the Deed of Trust as well as by its own Membership Terms and Conditions.

40. These MERS Assignments to WFB rely upon a succession of legal conclusions camouflaged as facts. These legal conclusions are: (1) that MERS has authority to functionally exercise the powers of a beneficiary on both May 5, 2011, and May 17, 2011, in a nominee capacity without disclosing its source of authority; (2) on both May 5, 2011, and May 17, 2011, MERS has the power to convey this full beneficial interest to its recipient; (3) MERS has the power to transfer money owed on Plaintiff's Note on both May 5, 2011, and May 17, 2011, to an assignee. *These legal conclusions are all false.*

41. Pursuant to RCW § 62A.3-308(a), Plaintiff challenges the authenticity and legitimacy of MERS to effect any change or transfer to the beneficial ownership of Plaintiff's Deed of Trust and Note. RCW § 62A.3-308(a) states:

   "In an action with respect to an instrument, the authenticity of, and authority to make, each signature on the instrument is admitted unless specifically denied in

AMENDED COMPLAINT
DEMAND FOR JURY TRIAL

Timothy Dietz, pro se
2503 34th Ave
Longview Washington 98632
360-442-9832

the pleadings. If the validity of a signature is denied in the pleadings, the burden of establishing validity is on the person claiming validity, but the signature is presumed to be authentic and authorized unless the action is to enforce the liability of the purported signer and the signer is dead or incompetent at the time of trial of the issue of validity of the signature. If an action to enforce the instrument is brought against a person as the undisclosed principal of a person who signed the instrument as a party to the instrument, the plaintiff has the burden of establishing that the defendant is liable on the instrument as a represented person under RCW 62A.3-402(a)."

42. In the security instrument, MERS is given the power to foreclose and sell *Plaintiff's property*. This term engages the Statute of Frauds. RCW § 64.04.010 applies the Statute of Frauds to every conveyance of real property, and states:

"Every conveyance of real estate, or any interest therein, and every contract creating or evidencing any encumbrance upon real estate, shall be by deed: PROVIDED, That when real estate, or any interest therein, is held in trust, the terms and conditions of which trust are of record, and the instrument creating such trust authorizes the issuance of certificates or written evidence of any interest in said real estate under said trust, and authorizes the transfer of such certificates or evidence of interest by assignment by the holder thereof by a simple writing or by endorsement on the back of such certificate or evidence of interest or delivery thereof to the vendee, such transfer shall be valid, and all such assignments or transfers hereby authorized and heretofore made in accordance with the provisions of this section are hereby declared to be legal and valid."

43. The Statute of Fraud requires; (1) a writing relinquishing the last recorded owner's interest in the security instrument; and (2) this writing must be signed by an authorized officer of the owner. When formalities for the Statute of Frauds are followed, the new owner acquires the original Lender's *contractual relationship* with the borrower. This is known as *borrower approved interest in land*. Foreclosure statutes require the acquisition of the *borrower approved interest in land* as a pre-requisite for asserting the *statutory power of sale*. If this borrower approved interest in land is not acquired, foreclosure cannot be pursued.

AMENDED COMPLAINT
DEMAND FOR JURY TRIAL

Timothy Dietz, pro se
2503 34th Ave
Longview Washington 98632
360-442-9832

44. MERS has never acquired the borrower's approved interest in land, because the formalities of the statutes of frauds were never followed. There is not even a signature on the Deed of Trust confirming a relationship between the original Lender and MERS. As a result, MERS has not acquired the original Lender's contractual relationship with the borrower and the *borrower approved interest in land*. MERS cannot convey an interest that it never acquired.

45. RCW § 62A.3-203 addresses the transfer of a *bearer instrument* by a person other than its issuer by a person other than its issuer for the purpose of giving another person the right to enforce its terms. This statute is relevant because Plaintiff's Note and Deed of Trust are bearer instruments. Every MERS assignment is a prelude to enforcement.

46. RCW § 62A.3-203 (b) dictates what must take place when a bearer instrument is transferred for the purpose of enforcement and states in relevant part:

> "Transfer of an instrument, whether or not the transfer is a negotiation, *vests in the transferee any right of the transferor to enforce the instrument*, including any right as a holder in due course, ….." [Emphasis added]

47. Pursuant to ¶ (b) of RCW § 62A.3-203, ownership rights in land are also subject to principles of property law independent of Article 3 of RCW § 62A. Because of special safeguards in the form of recording statutes, the owner of an interest in land must prove *rightful possession*. This means that an assignor must prove that their prior holder was endowed with the *full beneficial interest*.

> "Because the transferee's rights are derivative of the transferor's rights *those rights must be proved*. The instrument, by its terms, is not payable to the transferee and the transferee must account for possession of the unindorsed instrument *by proving the transaction through which the transferee acquired it.*" [Emphasis added]

AMENDED COMPLAINT
DEMAND FOR JURY TRIAL

Timothy Dietz, pro se
2503 34th Ave
Longview Washington 98632
360-442-9832

48. *By stipulating for an unindorsed instrument*, a seller must prove the transaction *through which it was acquired*, this comment is specifically referring to the *contractual relationship with the borrower* and the *borrower approved interest in land* is bundled and inextricably intertwined with that contractual relationship. This comment is also referencing proof that the original holder of this contractual relationship has *relinquished this contractual interest* in the seller's favor. These terms are all direct references to the statutes of frauds.

49. RCW § 62A.3-203(d) sets forth the rule of law that if anything less than the entire beneficial interest is conveyed; the transferee can receive no greater interest than that which was held by the transferor. This rule of law applies to the MERS assignment on May 5, 2011 and then again on May 16, 2011. WFB cannot receive any greater interest than MERS is in the position to transfer. The true holder of this ownership interest in land cannot be ascertained from terms in this MERS assignment. If a holder of a beneficial interest cannot be established, the interest being conveyed is also illusory and inadequate for enforcement.

50. In addition, MERS is barred by its membership rules from acquiring any beneficial interest for a property posted on its registry.

51. MERS cannot prove that it holds rightful possession of the *full* beneficial interest in Plaintiff's instruments. MERS cannot even prove that it holds any beneficial interest whatsoever in Plaintiff's Note and Deed of Trust. Three problems are presented, and each can be independently fatal. (1) It has not satisfied the full beneficial interest test imposed by RCW § 62A.3-203 (b) and (d). (2) Its failure to follow formalities imposed by the statute of frauds subjects it to the deterrent in this law and renders the transfer invalid. (3)

AMENDED COMPLAINT
DEMAND FOR JURY TRIAL

Timothy Dietz, pro se
2503 34th Ave
Longview Washington 98632
360-442-9832

Last but not least, it has not specified the source of authority directing them to take this action.

52. On February 21, 2012, an alleged Appointment of Successor Trustee dated February 10, 2012 [EXHIBIT E], from WFB to QLS was recorded into the records of Cowlitz County under Recording Number 3451510.

53. As Substitute Trustee, it is understood that QLS should be receivinges instructions from WFHM.

54. Because of the operating environment of WFHM, the Trustee responsible for the foreclosure will customarily prepare this form, essentially self appointing themselves.

55. This type of practice should constitute a breech of good faith.

56. In ¶ 20, titled *Substitute Trustee*, Plaintiff's Deed of Trust states:

> "In accordance with applicable law, Lender may from time to time appoint a successor trustee to any Trustee appointed hereunder who has *ceased to act*. Without conveyance of the property, the successor trustee shall succeed to all the title, power and duties conferred upon Trustee herein and by applicable law."

57. Blacks Law Dictionary defines "cease" as:

> "To stop, forfeit, suspend, or bring to an end."

58. The Trustee on Mr. Dietz's Deed of Trust is Cowlitz County Title Company. There is no *recorded evidence* that indicates that Cowlitz County Title Company has ever *ceased to act*.

59. Through legal trickery, QLS was chosen and appointed by WFB to act on WFB behalf, and together they conspired to take possession of Mr. Dietz's property. This is in direct conflict with QLS "duty of good faith" as required by Washington's RCW § 61.24.010(4) which states:

AMENDED COMPLAINT
DEMAND FOR JURY TRIAL

Timothy Dietz, pro se
2503 34th Ave
Longview Washington 98632
360-442-9832

"(4) The trustee or successor trustee has a duty of good faith to the borrower, beneficiary, and grantor."

60. In connection with the collection of an alleged debt, QLS sent written communication [EXHIBIT H] to Mr. Dietz on or about July 27, 2012. QLS stated, in relevant part, as follows:

"THIS NOTICE IS SENT FOR THE PURPOSE OF COLLECTING A DEBT. THIS OFFICE IS ATTEMPTING TO COLLECT A DEBT ON BEHALF OF THE HOLDER AND OWNER OF THE NOTE. ANY INFORMATION OBTAINED BY OR PROVIDED TO THIS COMPANY OR THE CREDITOR WILL BE USED FOR THAT PURPOSE."

61. This communication from QLS does not state that this is from a debt collector contrary to U.S.C. 1681e.

62. The total amount of the alleged loan as indicated on the enclosed Debt Validation Notice is $219,912.46.

63. Mr. Dietz has disputed this debt with QLS.

64. This communication from QLS is asking Mr. Dietz to remit payment of monies to either QLS or WFB.

65. The communication from QLS alleges WFB to be the new owner of an alleged Note.

66. WFB had a duty under 15 U.S.C. § 1641(g), not later than 30 days after the date on which a mortgage loan is sold, to notify the Mr. Dietz in writing of such an event. WFB breeched that duty.

67. This communication from QLS included a beneficiary declaration alleging to have satisfied the requirements of RCW § 61.24.031. This declaration was signed by Deitrice Hemphill as Beneficiary's/authorized Agent. Deitrice Hemphill has never attempted to contact Mr. Dietz nor does she have first hand knowledge of any attempts to contact Mr. Dietz as required at § 61.24.031.

AMENDED COMPLAINT
DEMAND FOR JURY TRIAL

Timothy Dietz, pro se
2503 34th Ave
Longview Washington 98632
360-442-9832

68. <u>There are also requirements that have to be met under ¶ 9(d) of the Deed of Trust and</u>

<u>there has been non-compliance with this section. It states:</u>

"¶ 9(d) In many circumstances regulations issued by the Secretary will limit
lender's rights, in the case of payment defaults, to require immediate payment in
full and foreclose if not paid. This security instrument does not authorize
acceleration or foreclosure if not permitted by regulations of the Secretary."

69. <u>Lenders have an incentive to participate in the HUD-insured mortgage program and to</u>

<u>receive a significant benefit from the program because the loans are virtually risk free due</u>

<u>to the federal government guarantee. It would be inconsistent with both the spirit and</u>

<u>purpose of the HUD program and with the equitable doctrine of clean hands to allow</u>

<u>lenders to accept the benefits of the program while ignoring the features which distinguish</u>

<u>it from traditional mortgages.</u>

70. <u>24 U.S.C. § 203.604 states in relevant part:</u>

"(b) The mortgagee must have a face-to-face interview with the mortgagor, or
make a reasonable effort to arrange such a meeting, before three full monthly
installments due on the mortgage are unpaid. If default occurs in a repayment plan
arranged other than during a personal interview, the mortgagee must have a face-
to-face meeting with the mortgagor, or make a reasonable attempt to arrange such
a meeting within 30 days after such default and at least 30 days before foreclosure
is commenced…"

"(d) A reasonable effort to arrange a face-to-face meeting with the mortgagor
shall consist at a minimum of one letter sent to the mortgagor certified by the
Postal Service as having been dispatched. Such a reasonable effort to arrange a
face-to-face meeting shall also include at least one trip to see the mortgagor at the
mortgaged property…"

71. Mr. Dietz has no contractual obligation to pay Defendants.

72. This communication from QLS provided Mr. Dietz with the disclosures required pursuant

to 15 U.S.C. § 1692g(a) in an improper manner. QLS stated, in relevant part, as follows:

"Unless you notify this office within 30 days after receiving this notice that you
dispute the validity of the debt or any portion thereof, this office will assume this
debt is valid. If you notify this office within 30 days after receiving this notice,

AMENDED COMPLAINT
DEMAND FOR JURY TRIAL

Timothy Dietz, pro se
2503 34th Ave
Longview Washington 98632
360-442-9832

this office will obtain verification of the debt and mail you a copy of the verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor."

73. As of the date of this letter, HCG was no longer doing business.

74. On or about August 4, 2012, Mr. Dietz sent a notice of dispute letter [EXHIBIT I] to QLS.

75. On August 29, 2012, a Notice of Trustee's Sale [EXHIBIT J] was recorded into Cowlitz County Records under Recording Number 3462652 setting a sale date of December 28, 2012.

76. On or about August 30 28, 2012, and at other times since, Mr. Dietz has received written communication [EXHIBIT K] from QLS, continuing attempts to collect an alleged but nonexistent debt. Under 15 U.S.C. § 1641g collection of any disputed debt must cease until such debt is validated.

77. Communication related to debt collection does not become unrelated to debt collection simply because it also relates to the enforcement of a security interest. A "debt" is still a "debt" even if it is secured.

78. Since Mr. Dietz was in default at the time the debt was allegedly acquired, Defendants fall under the definition of debt collectors as defined by the FDCPA. 15 U.S.C. § 1692a(6) reads in relevant part;

"As used in this title-
(6) The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principle purpose of which is the collections of any debt, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Not withstanding the exclusion provided by clause (F) of the last sentence of this paragraph, the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts. For the purpose of section 8708(6), such terms also includes any person who uses any instrumentality of interstate commerce or

AMENDED COMPLAINT
DEMAND FOR JURY TRIAL

Timothy Dietz, pro se
2503 34th Ave
Longview Washington 98632
360-442-9832

the mails in any business the principle purpose of which is the enforcement
of security interests. The term does not include-
   (F) any person collecting or attempting to collect any debt owed or
     due or asserted to be owed or due another to the extent such
     activity
      (iii) concerns a debt which was not in default at the time it
       was obtained by such person."

79. On or about September 8, 2012, Mr. Dietz received written communication from QLS

[EXHIBIT L] alleging to be a Validation of Debt.

80. This communication lacked the required disclosures required by the FDCPA.

81. In this correspondence QLS alleges that they are the duly appointed Trustee on the Deed

of Trust. That is false as they were appointed as Substitute Trustee by WFB.

82. The alleged validation from QLS has failed as a validation of debt for several reasons.

83. The alleged validation from QLS fails to establish a connection of an alleged debt

between WFHM or WFB and Mr. Dietz.

84. The alleged validation from QLS failed to provide the name and address of the original

creditor. This is required as stated in 15 U.S.C § 1641g.

85. The endorsements on the alleged Note, provided by QLS, are false, fraudulent and

unauthorized.

86. There is an alleged endorsement from Doris Wilcoxen signing as Assistant Vice President

for HCG on the Note. There is no way of knowing when this endorsement was attached to

the Note since it is not dated. It is also difficult to know if this endorsement has been

affixed to the original Note or a copy of the Note.

87. WFHM considers Washington State a copy State, meaning that Washington State does not

require original loan documents to proceed with any type of foreclosure. Simply put, those

who are processing and signing documents are not doing so with original documents.

AMENDED COMPLAINT
DEMAND FOR JURY TRIAL

Timothy Dietz, pro se
2503 34th Ave
Longview Washington 98632
360-442-9832