# EXHIBIT

# AA

# TRUSTEE'S DEED UPON SALE

```
3489605
09/27/2013 02:06:50 PM                Pages: 3
Deed    DOCUMENT PROCESSING SOLUTIONS INC  74.00
Cowlitz County Washington
```

WHEN RECORDED MAIL TO:
WELLS FARGO BANK N.A.
1 Home Campus X2504-017
Customer Service
Des Moines, IA 50328

Received $ **EXEMPT** excise tax levied
pursuant to Chap. 11, Laws Ex. 1951

AFF. NO. **133010**   KATHY HANKS
                      COWLITZ COUNTY TREAS.
Date SEP 2 7 2013           Deputy

TS No.: WA-11-488030-SH
Title Order No.: 110591520-WA-GSI
Trustor: TIMOTHY J. DIETZ, A MARRIED MAN
Deed of Trust Instrument/Reference No.: 3378077
Deed of Trust book/page (if applicable):
MERS MIN No.: ▮▮▮▮▮▮▮▮▮▮▮  MERS Telephone No. 1-888-679-6377

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## TRUSTEE'S DEED UPON SALE

A.P.N.: 05311                    TRANSFER TAX: $0.00

The GRANTOR, QUALITY LOAN SERVICE CORPORATION OF WASHINGTON, as current Trustee, (whereas so designated in the Deed of Trust hereunder more particularly described or as duly appointed Successor Trustee) under that Deed of Trust in consideration of the premises and payment recited below, hereby grants and conveys, without representation or warranty, expressed or implied, all right title and interest to Wells Fargo Bank, NA, as GRANTEE, to all real property (the "Property"), situated in the County of COWLITZ, State of Washington, described as follows:

LOT 1, AS DELINEATED ON THE SHORT PLAT SUBDIVISION OF A PORTION OF LOT 20, BLOCK 14, LONGVIEW HOMESTEADS, AS RECORDED IN VOLUME 3 OF SHORT PLATS, PAGE 036, UNDER AUDITOR'S FILE NO. 851977, RECORDS OF COWLITZ COUNTY, WASHINGTON. SITUATE IN THE COUNTY OF COWLITZ, STATE OF WASHINGTON

RECITALS:

1. This conveyance is made pursuant to the powers, including the power of sale, conferred upon the current Trustee by that certain Deed of Trust between TIMOTHY J. DIETZ, A MARRIED MAN, as original Grantor, to COWLITZ COUNTY TITLE COMPANY, as original trustee, and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR HYPERION CAPITAL GROUP, LLC, A LIMITED LIABILITY COMPANY, as original Beneficiary, dated 9/25/2008 and recorded 10/3/2008 as instrument number 3378077of the Official Records in the office of the Recorder of COWLITZ, Washington.

Exhibit 3
Page 1 of 3

2. The Deed of Trust was executed to secure, together with other undertakings, the payment of one or more promissory note(s) ("Note") in the sum of $192,375.00 with interest thereon, according to the terms thereof, and other sums of money which might become due and payable under the terms of said Deed of Trust.

3. The Deed of Trust provided that the Property is not used principally for agricultural or farming purposes and the current Trustee has no actual knowledge that the Property is used principally for agricultural or farming purposes.

4. That a Default occurred in the obligations secured and/or covenants of the Deed of Trust referenced in paragraph one (1), as set forth in the Notice of Trustee's Sale described below, and that the current Trustee, transmitted the Notice of Default to the required parties, and that a copy of said Notice was posted or served in accordance with law.

5. The holder of the note secured by the Deed of Trust delivered to the current Trustee a written request directing the current Trustee to sell the Property in accordance with law and the terms of the Deed of Trust.

6. That because the defaults specified in the "Notice of Default" were not cured, the current Trustee, in compliance with the terms of the Deed of Trust, recorded on 5/21/2013 in the COWLITZ County, Washington recorder's Office, a "Notice of Trustee's Sale" of the Property as instrument no. 3480408.

7. The current Trustee fixed the place of sale as: **The entrance of the Cowlitz County Administration Building, 207 4th Avenue North, Kelso, WA 98626**, in the State of Washington, a public place, at **11:00 AM**. In accordance with the law caused copies of the statutory "Notice of Trustee's Sale" to be transmitted by mail to all persons entitled thereto and either posted or served prior to the statutory minimum number of days before the final sale; further, the current Trustee caused a copy of said "Notice of Trustee's Sale" to be published in a legal newspaper in each county in which the property or any part thereof is situated, once between the thirty-fifth and twenty-eighth day before the date of the sale, and once between the fourteenth and the seventh day before the date of the sale; and further, included with the Notice, which was transmitted to or served upon the Deed of Trust grantor or his successor in interest, a "Notice of Foreclosure."

8. During foreclosure, no action by the Beneficiary, its successors or assigns was pending on an obligation secured by the Deed of Trust.

9. All legal requirements and all provisions of said Deed of Trust have been complied with, as to acts to be performed and notices to be given, as provided in chapter 61.24 RCW.

10. That because the defaults specified in the "Notice of Trustee's Sale" were not cured at least ten days prior to the date scheduled for the Trustee's Sale and said obligation secured by said Deed of Trust remained unpaid, on 9/20/2013, the date of sale, which was not less than 190 days from the date of default in the obligation secured, the GRANTOR then and there sold the Property at public auction to the Beneficiary, the highest bidder therefore, as a credit bid for the sum of **$102,350.00**. Beneficiary then directed GRANTOR to issue this Trustee's Deed directly to GRANTEE.

This conveyance is made without representations or warranties of any kind, expressed or implied. By recording this Trustee's Deed, GRANTEE understands, acknowledges and agrees that the Property was purchased in the context of a foreclosure, that the current Trustee made no representations to GRANTEE concerning the Property and that the current Trustee owed no duty to make disclosures to GRANTEE

Exhibit 3
Page 2 of 3

concerning the Property, GRANTEE relying solely upon his/her/their/its own due diligence investigation before electing to bid for the Property.

TS No.: WA-11-488030-SH

In witness thereof, QUALITY LOAN SERVICE CORPORATION OF WASHINGTON, as GRANTOR, has this day, caused its name to be hereunto affixed by its officer thereunto duly authorized by its corporation by-laws.

Date:

SEP 2 4 2013

QUALITY LOAN SERVICE CORPORATION OF WASHINGTON

By: Jacqueline Nograles, Assistant Secretary

State of: California)
County of: San Diego)

On SEP 2 4 2013 before me, _____Ashley Maxwell_____ a notary public, personally appeared _____Jacqueline Nograles_____, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____Ashley Maxwell_____ (Seal)

OFFICIAL SEAL
ASHLEY MAXWELL
NOTARY PUBLIC-CALIFORNIA
COMM. NO. 1890039
SAN DIEGO COUNTY
MY COMM. EXP. MAY 18, 2014

Exhibit 3
Page 3 of 3