100. <u>The assignee did not pay anything in this transaction and the assignor did not hold authority from the Lender, as the Lender was no longer a functioning Lender. You cannot transfer that which you do not hold.</u>

101. MERS does not hold authority to accept monies in connection with Mr. Dietz's property, <u>as reflected in MERS Terms and Conditions</u>, and therefore MERS could not have received any consideration nor could they qualify as a beneficiary.

102. The State of Washington has rejected the argument that MERS qualifies as a beneficiary of the Deed of Trust.

103. The alleged Assignment of Deed of Trust, provided by QLS, does not reflect any dates upon which the alleged assignment took place.

104. The alleged Assignment of Deed of Trust, provided by QLS, fails to also assign the Promissory Note.

105. MERS is not a party to the Promissory Note [see exhibit A] and holds no authority to assign the Note.

106. The Note and Deed of Trust are inseparable, the former as essential, the latter as an incident. An assignment of the Note carries the Deed of Trust with it, while an assignment of the latter alone is a nullity.

107. The alleged Assignment of Deed of Trust is allegedly signed by Amy Toske as an Assistant Secretary.

108. Amy Toske is not an employee of MERS but rather an employee of WFHM and allegedly assigned the Deed of Trust to the same entity that employs her, establishing a conflict.

AMENDED COMPLAINT
DEMAND FOR JURY TRIAL

Timothy Dietz, pro se
2503 34th Ave
Longview Washington 98632
360-442-9832

109. With the Assignments of Deed of Trust being invalid, the Appointment of Successor Trustee must also follow as invalid.

110. Mr. Dietz relied on these misrepresentations to his detriment as he has paid monies to Wells Fargo.

111. The false Assignments of Deed of Trust were a material misrepresentation designed to bolster the false belief in Mr. Dietz that Wells Fargo was the rightful owner of the Dietz Deed of Trust.

112. On October 17, 2012, a Notice of Trustee's Sale [EXHIBIT M] was recorded into Cowlitz County Records under Recording Number 3465768 setting a sale date of February 15, 2012.

113. On or about November 10, 2012, Mr. Dietz sent a notice of debt validation <u>and a Qualified Written Request (Hereinafter "QWR") [EXHIBIT N] as defined under the Real Estate Settlement Procedures Act (Hereinafter "RESPA") 12 U.S.C. § 2605(e)</u> to WFHM.

114. <u>WFHM had a duty under RESPA to properly respond to Mr. Dietz's RESPA Request and they breeched that duty.</u>

115. <u>On pg. 5 of the QWR, Mr. Dietz requested a face-to-face meeting but WFHM deliberately ignored this request.</u>

116. On or about November 27, 2012, Mr. Dietz received <u>written</u> communications from WFHM alleging to be a validation of debt [EXHIBIT O].

117. This communications from WFHM <u>did not</u> provided Mr. Dietz with the disclosures required pursuant to 15 U.S.C. § 1692<u>a(11)</u>. WFHM stated, in relevant part, as follows:

> "This communication is an attempt to collect a debt and any information obtained will be used for that purpose."

AMENDED COMPLAINT  
DEMAND FOR JURY TRIAL

Timothy Dietz, pro se  
2503 34th Ave  
Longview Washington 98632  
360-442-9832

21 of ~~16~~ 38

118. <u>15 U.S.C. § 1692a(11) states in relevant part:</u>

    "…and the failure to disclose in subsequent communications that the communication is from a debt collector…"

119. The communications from WFHM fails as verification for several reasons. WFHM did not provide any documents that establish a connection to an alleged debt between Mr. Dietz and WFHM or WFB.

120. <u>This communication also fails as a RESPA response as WFHM did not respond to *any* of Mr. Dietz's questions that relate to the servicing of his mortgage.</u>

121. The copies of customer account activity statements provided by WFHM do not include any reference to WFB or WFHM anywhere within these documents.

122. <u>These statements have a beginning date of December 4, 2009 which is well beyond the date of Mr. Dietz's default.</u>

123. <u>The beginning amount on these statements is $198,144.60 which is $5,769.60 greater than the original Note amount.</u>

124. <u>Neither WFHM, WFB nor QLS has provided any explanation of this increase to the original Note amount.</u>

125. <u>There is a $27,537.46 difference between Mr. Dietz's Note loan amount and the amount indicated on the debt validation notice from QLS.</u>

126. <u>Neither WFHM, WFB nor QLS has provided any explanation of this increase to the original Note amount.</u>

127. The copy of the Note provided by WFHM does not include any reference to WFB or WFHM anywhere within the Note.

AMENDED COMPLAINT
DEMAND FOR JURY TRIAL

Timothy Dietz, pro se
2503 34th Ave
Longview Washington 98632
360-442-9832

128. The copy of the Deed of Trust provided by WFHM does not include any reference to WFB or WFHM anywhere within the Deed of Trust.

129. The copy of closing statements provided by WFHM does not include any reference to WFB or WFHM anywhere within the closing documents.

130. <u>WFHM provided a copy of the Note that has no endorsements [see exhibit O pg. 10] to WFB. This copy of the Note was provided two months after QLS provided a copy of the Note that had endorsements to WFB [see exhibit L pg. 7], further evidencing that the endorsements on the Note from QLS was not endorsed on the *original Note* but rather a *copy of the Note*.</u>

131. On January 24, 2012, Mr. Dietz called QLS to ask about the declaration from the beneficiary, which is a requisite to a Trustee sale, as required by the WDTA, RCW § 61.24.030(7)(a). A representative of QLS stated that QLS had the declaration from the beneficiary. During that conversation Mr. Dietz asked that a copy of that declaration be sent to him.

132. On or about February 4, 2013, Mr. Dietz received <u>written</u> communications from QLS [EXHIBIT P], which included a notice of Continuance of Trustee sale date now set for March 8, 2013.

133. On or about February 6, 2013, Mr. Dietz received <u>written</u> communications <u>dated January 31, 2013</u> from WFHM [EXHIBIT Q], which ~~included a notice of~~ Continu~~ance of~~ed the Trustee sale date ~~now set for~~ to March 8, 2013.

134. On February 7, 2013, Mr. Dietz called WFHM to inquire as to why the trustee sale date had been continued. The representative for WFHM told Mr. Dietz that there was a

AMENDED COMPLAINT
DEMAND FOR JURY TRIAL

Timothy Dietz, pro se
2503 34th Ave
Longview Washington 98632
360-442-9832

23 of ~~16~~ 38

document missing. When Mr. Dietz asked what that document was the representative for WFHM said that she could not elaborate.

135. On February 15, 2013, Mr. Dietz went to the location where his property was to be sold. A representative for QLS announced that the Sale of Mr.. Dietz's property had been postponed. When Mr. Dietz asked the Representative as to why the sale had been postponed he was told that it was because Mr. Dietz had filed bankruptcy. Mr. Dietz has never filed for bankruptcy.

136. On February 15, 2013, Mr. Dietz called WFHM to ask about the bankruptcy and was told by a representative for WFHM that he could not talk to Mr. Dietz because there was a cease and desist on his account, one in which Mr. Dietz did not initiate.

137. Trustees have an obligation of good faith to the borrower, beneficiary and grantor as defined in the WDTA RCW § 61.24.010(4). However, out of State Trustees have failed to honor their obligation of "good faith" to the borrower. Because the WDTA dispenses with many protections commonly enjoyed by borrowers under judicial foreclosures, Beneficiaries and Trustees must strictly comply with the statutes and courts must strictly construe the statutes in the borrower's favor. Without statutory authority, any action taken is invalid.

138. On or about March 3, 2013, Mr. Dietz sent a notice of dispute [EXHIBIT R] to WFHM. <u>In this letter Mr. Dietz is again asking WFHM to validate the alleged debt. Mr. Dietz makes it clear that he is not refusing to pay a valid debt but wants reassurance that a valid debt exists.</u>

139. On or about March 23, 2013, Mr. Dietz received <u>written</u> communications from WFHM [EXHIBIT S] in response to Mr. Dietz's dispute letter dated March 3, 2013.

AMENDED COMPLAINT
DEMAND FOR JURY TRIAL

Timothy Dietz, pro se
2503 34th Ave
Longview Washington 98632
360-442-9832

24 of ~~16~~ 38

140. WFHM continues to refuse to work with Mr. Dietz and to reassure him of the validity of any alleged debt.

141. WFHM and WFB inactions raise doubts as to their legal standing or that they ever actually held Mr. Dietz's Note which was bifurcated from the Deed of Trust..

142. WFHM stated that WFHM purchased Mr. Dietz's loan after his closing of September 26, 2008. This conflicts with other references that WFB is the owner of Mr. Dietz's Note and Deed of Trust, which is being asserted by WFHM and QLS.

143. On or about May 16, 2013 Mr. Dietz faxed a letter to WFHM [EXHIBIT T] requesting documents that would validate the alleged debt that WFHM and WFB claim exists.

144. Mr. Dietz asked for a copy of the Assignment of Deed of Trust, letter stating who the owner of the Note is, which is required under the Truth in Lending Act 15 U.S.C. § 1601, copy of required written notice to the Trustee, and a copy of the required approval from the Secretary of Housing and Urban Development. As of February 6, 2014, these documents have not been mailed to Mr. Dietz. Without evidence of any of these requisites to a foreclosure, any action taken is a nullity.

145. On April 17, 2013, Mr. Dietz faxed a letter to QLS [EXHIBIT U] and WFHM [EXHIBIT V] calling attention to items of concern during the foreclosure process and offering an opportunity to resolve these concerns before litigation.

146. In this letter to QLS Mr. Dietz pointed out to QLS that before a foreclosure is initiated, RCW § 61.24.030(7)(a) requires proof in the form of a declaration that the beneficiary is the owner of the promissory note and that QLS had lied to Mr. Dietz in an earlier phone conversation about having possession of this *required statutory* document.

AMENDED COMPLAINT
DEMAND FOR JURY TRIAL

Timothy Dietz, pro se
2503 34th Ave
Longview Washington 98632
360-442-9832

25 of ~~16~~ 38

147. Continuing, Mr. Dietz addressed the Deed of Trust. ¶ 18 of the Deed of Trust requires that QLS be given written notice from the Lender before initiating a foreclosure. Since neither WFB nor WFHM has never been in a position to hold the title of Lender, and HCG is no longer a functioning Lender, QLS could not be in possession of this written notice. QLS has never provided this *required* written notice.

148. Mr. Dietz next addressed the fact that the declaration required under RCW § 61.24.031(9) is flawed and why it does not meet the standards outlined in this statute.

149. Mr. Dietz then addressed the issues with the Assignment of the Deed of Trust. Of particular interest, Mr. Dietz drew QLS attention to the signature of Amy Toske and that the real Amy Toske had not signed this document, making it qualify as fraudulent and invalid document. Mr. Dietz also pointed out other discrepancies with the Assignment of Deed of Trust.

150. In this letter to WFHM, Mr. Dietz raised the issue of the relationship between WFHM and WFB and asked for clarification. Mr. Dietz has also asked WFHM to help him understand WFHM and WFB connection to this alleged debt because it is still not clear to him what roles they play.

151. Mr. Dietz has also questioned the existence of the prior approval from the Secretary of Housing and Urban Development before acceleration of the loan as required at ¶ 9(b) of Mr. Dietz's Deed of Trust.

152. WFHM nor WFB have never addressed this question and continued with foreclosure efforts without the approval of the Secretary of Housing and Urban Development.

153. Mr. Dietz has asked WFHM to provide him with the date his Note was allegedly purchased and the notice of this sale that was to follow as required by 15 U.S.C. § 1601.

AMENDED COMPLAINT
DEMAND FOR JURY TRIAL

Timothy Dietz, pro se
2503 34th Ave
Longview Washington 98632
360-442-9832

Neither WFHM nor WFB have ever provided an actual sale date or a notice of any sale as having ever taken place.

154. Mr. Dietz next addressed the fact that the declaration required under RCW § 61.24.031(9) is flawed and why it does not meet the standards outlined in this statute.

155. Mr. Dietz also pointed out the irregularities in the Assignments of the Deed of Trust, Both in exhibit C and exhibit D, and the copy of the Note.

156. On April 19, 2013, Mr. Dietz faxed a notice of intent to litigate to QLS [EXHIBIT W] and WFHM [EXHIBIT X], again, offering an opportunity to resolve concerns before litigation.

157. On May 21, 2013, A Notice of Trustee Sale [EXHIBIT F] was recorded into the records of Cowlitz County under Recording Number 3480408 setting a sale date of September 20, 2013.

158. On or about June 6, 2013, Mr. Dietz received written communications from ~~QLS~~ MCCARTHY [EXHIBIT Y], which included an alleged declaration from the beneficiary.

159. This declaration is false, fraudulent and unauthorized and fails for several reasons.

160. 28 U.S.C. § 1746 sets the standard for unsworn declarations and states:

> "Wherever, under any law of the United States or under any rule, regulation, order, or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same (other than a deposition, or an oath of office, or an oath required to be taken before a specified official other than a notary public), such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form:
> (2) If executed within the United States, its territories, possessions, or commonwealths: "I declare (or certify, verify, or state) under penalty of

---

AMENDED COMPLAINT  
DEMAND FOR JURY TRIAL

Timothy Dietz, pro se  
2503 34th Ave  
Longview Washington 98632  
360-442-9832

perjury that the foregoing is true and correct. Executed on (date). (Signature)".

161. This declaration is dated January 5, 2012, which is about 36 days before QLS was appointed as successor trustee.

162. This declaration was not signed on the date it alleges to be signed.

163. It is well documented that QLS has been known to be a part of back-dating documents to have the appearance of meeting the standards of state statutes, and the standards of the courts.

164. This declaration is not notarized.

165. This declaration was allegedly signed by Sheri Brawley. Sheri Brawley does not have first hand knowledge of the note or other obligation that she is declaring.

166. Sheri Brawley does not work for WFHM or WFB.

167. Although Mr. Dietz has raised many factual irregularities to QLS and MCCARTHY, this letter from McCarthy [see exhibit Y] states that they see no reason to question the authenticity of documents from WFHM or WFB.

168. MCCARTHY's and QLS's loyalties are not evenly divided, breaching their duty of good faith as required by RCW § 61.24.010(4).

169. MCCARTHY's own website [EXHIBIT Z] declares their commitment in favor of the financial institutions, and against the homeowner in default. This website states in part:

> "McCarthy Holthus, LLP is a multi-state law firm with years of experience in successfully representing financial institutions in a variety of banking law matters with a specialization of mortgages in default"
>
> "We are here to serve our client."
>
> "…We pride ourselves in knowing the judges and the "local-local" rules to effectively represent our Lender clients…"

AMENDED COMPLAINT
DEMAND FOR JURY TRIAL

Timothy Dietz, pro se
2503 34th Ave
Longview Washington 98632
360-442-9832

28 of ~~16~~ 38

170. MCCARTHY makes it very clear of their intentions with respect to their duty of good faith.

171. MCCARTHY AND QLS devote their attention towards attaining the goals of the Lender or Beneficiary which requires them to loosely follow state statutes.

172. On September 29, 2013, QLS conducted a foreclosure sale on Mr. Dietz's property [EXHIBIT AA], which is located at 2503 34th Ave, Longview, Washington 98632.

173. Because of the many misrepresentations ~~of~~ by Defendants, Mr. Dietz has suffered mental and emotional anguish.

## COUNT I

## VIOLATION OF THE FAIR DEBT COLLECTIONS PRACTICES ACT

## (FDCPA) 15 U.S.C. § 1692~~G(B)~~

174. Paragraphs 1 through ~~80~~ 166 are re-alleged as though fully set forth herein.

175. Mr. Dietz is a consumer within the meaning of the FDCPA, 15 U.S.C. § 1692a(3).

176. Defendant QLS is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

177. Defendant QLS, through communications with the Plaintiff, has identified themselves as debt collectors.

178. Defendant WFHM is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

179. Defendant WFB is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

180. Defendant MCCARTHY is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

181. 15 U.S.C. § 1692a(6) ~~reads~~ states in relevant part:

> "As used in this title-
> (6) The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principle purpose of which is the collections of any debt, or who

AMENDED COMPLAINT
DEMAND FOR JURY TRIAL

Timothy Dietz, pro se
2503 34th Ave
Longview Washington 98632
360-442-9832

regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Not withstanding the exclusion provided by clause (F) of the last sentence of this paragraph, the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts. For the purpose of section 8708(6), such terms also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principle purpose of which is the enforcement of security interests. The term does not include-
> (F) any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity
>> (iii) concerns a debt which was not in default at the time it was obtained by such person."

Since this alleged debt was in default at the alleged time it was acquired, and Defendants QLS and WFHM and WFB and MCCARTHY do not meet any definitions of exclusions then they are subject to the FDCPA in its entirety.

182. In order to be a debt collector there must first be a debt. 15 U.S.C. § 1692a(5) states in relevant part:

> "(5) The term "debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment."

183. At all times Defendants have communicated that they were attempting to collect a debt.

184. Foreclosure is a method of collecting a debt by acquiring and selling secured property to satisfy a debt.

185. 15 U.S.C. § 1692g(b) ~~reads~~ states in relevant part:

> "(b) Disputed debts
> If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt

AMENDED COMPLAINT
DEMAND FOR JURY TRIAL

Timothy Dietz, pro se
2503 34th Ave
Longview Washington 98632
360-442-9832

30 of ~~16~~ 38

collector obtains verification of the debt or any copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector."

186. Defendants QLS and MCCARTHY have breached their duty under 15 U.S.C. § 1692g(b) by continuing a collection action without a proper validation of the debt.

187. 15 U.S.C. § 1692e states in relevant part:

"A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."

188. Defendants QLS, MCCARTHY, WFHM and WFB have breached their duty under 15 U.S.C. § 1692e for using false, deceptive or misleading representation or means in connection with a debt collection.

189. 15 U.S.C. § 1692f states in relevant part:

"A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

190. Defendants QLS, MCCARTHY, WFHM and WFB have breached their duty under 15 U.S.C. § 1692f for unfair or unconscionable means to collect or attempt to collect any debt.

191. 15 U.S.C. § 1692e(5) states in relevant part:

"A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
(5) The threat to take any action that cannot legally be taken or that is not intended to be taken."

192. Defendants QLS, MCCARTHY, WFHM and WFB have breached their duty under 15 U.S.C. § 1692e(5) for threatening to take any action that cannot legally be taken.

193. 15 U.S.C. § 1692f(6)(A) states in relevant part:

AMENDED COMPLAINT
DEMAND FOR JURY TRIAL

Timothy Dietz, pro se
2503 34th Ave
Longview Washington 98632
360-442-9832

"A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
(6) Taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if—
(A) there is no present right to possession of the property claimed as collateral through an enforceable security interest;"

194. Defendants QLS, MCCARTHY, WFHM and WFB have breached their duty under 15 U.S.C. § 1692f(6)(A) for Taking nonjudicial action to effect dispossession or disablement of property when there is no present right to possession of the property claimed as collateral through an enforceable security interest.

195. Defendants QLS, WFHM, MCCARTHY and WFB had a duty under the FDCPA and they have willfully breeched that duty.

196. Because of violations of the FDCPA by Defendants, Mr. Dietz's property, which is primarily used for personal, family and household purposes, was sold at auction by Defendants on September 20, 2013, stripping Mr. Dietz of his ownership rights.

197. Defendants have caused damage to ~~Plaintiff~~ Mr. Dietz by willfully violating the FDCPA § 1692~~a(6)~~ and Plaintiff is entitled to relief as a matter of law.

**WHEREFORE**, Plaintiff demands injunctive relief and judgment of statutory and actual damages pursuant to 15 U.S.C. § 1692k, payable by defendants QLS, WFHM, WFB and MCCARTHY. Plaintiff moves the court to enter a Final Judgment against Defendants QLS, WFHM, WFB and MCCARTHY for compensatory damages, interests, costs, attorneys' fees, and any other and further relief which is just and proper under the totality of the circumstances.

**COUNT II**

AMENDED COMPLAINT
DEMAND FOR JURY TRIAL

Timothy Dietz, pro se
2503 34th Ave
Longview Washington 98632
360-442-9832

32 of ~~16~~ 38

## VIOLATION OF WASHINGTON STATE DEED OF TRUST ACT

## (WDTA) RCW § 61.24.030(7)(a)

198. Paragraphs 1 through ~~80~~ 166 are re-alleged as though fully set forth herein.

199. Mr. Dietz is a Person within the meaning of the WDTA RCW § 61.24.005(11).

200. Defendant QLS is a Trustee within the meaning of the WDTA RCW § 61.24.005(16).

201. Defendant MCCARTHY is a Trustee within the meaning of the WDTA RCW § 61.24.005(16).

202. WDTA RCW § 61.24.030(7)(A) ~~reads~~ states in part:

> "That it shall be a requisite to a trustee sale:
> (7)(a) That, for residential property, before the notice of trustee's sale is recorded, transmitted, or serve, the trustee shall have proof that the beneficiary is the owner of any promissory note or other obligation secured by the deed of trust. A declaration by the beneficiary made under penalty of perjury stating that the beneficiary is the actual holder of the promissory note or other obligation secured by the deed of trust shall be sufficient proof as required under this subsection."

203. Defendants QLS and MCCARTHY have violated RCW § 61.24.030(7)(A) by recording a notice of trustee sale prior to obtaining proof that the beneficiary was the owner of any promissory note or other obligation secured by the deed of trust.

204. RCW § 61.24.010(4) states in relevant part:

> "(4) The trustee or successor trustee has a duty of good faith to the borrower, beneficiary, and grantor."

205. Defendants QLS and MCCARTHY have breached their duty of good faith under RCW § 61.24.010(4) by ignoring the importance of state and federal statutes and favoring the alleged beneficiary.

206. Defendants QLS and MCCARTHY had a duty to properly honor all requisites as outlined in the WDTA and they have willfully and maliciously breached that duty.

AMENDED COMPLAINT  
DEMAND FOR JURY TRIAL

Timothy Dietz, pro se  
2503 34th Ave  
Longview Washington 98632  
360-442-9832

207. Defendants QLS and MCCARTHY have executed the sale of Mr. Dietz's property without statutory authority by breaching their duty under the WDTA.

208. Defendants haves caused the sale of Mr. Dietz's property, damaginge to Plaintiff Mr. Dietz by willfully violating the WDTA and Plaintiff Mr. Dietz is entitled to relief as a matter of law.

**WHEREFORE**, Plaintiff moves the court to exercise its statutory authority to invalidate the sale of Mr. Dietz's property. Plaintiff demands the entry of Final Judgment against Defendants QLS and MCCARTHY for statutory and compensatory damages, interests, costs, attorneys' fees, and any other and further relief which is just and proper under the totality of the circumstances.

## COUNT III

## BREACH OF CONTRACT

209. Paragraphs 1 through 166 are re-alleged as though fully set forth herein.

210. ¶ 9(d) of the Deed of Trust states in relevant part:

> "**Regulations of HUD Secretary**. In many circumstances regulations issued by the secretary will limit Lender's rights, in the case of payment defaults, to require immediate payment in full and foreclose if not paid. This security instrument does not authorize acceleration or foreclosure if not permitted by regulations of the Secretary."

211. Defendants WFHM and WFB have breached their duty to the contract by not meeting all requisite requirements of the regulations of the HUD Secretary.

212. Defendants have caused the sale of Mr. Dietz's property, damaging Mr. Dietz by willfully violating the Deed of Trust and Mr. Dietz is entitled to relief as a matter of law.

AMENDED COMPLAINT
DEMAND FOR JURY TRIAL

Timothy Dietz, pro se
2503 34th Ave
Longview Washington 98632
360-442-9832

**WHEREFORE**, Plaintiff moves the court to exercise its statutory authority to invalidate the sale of Mr. Dietz's property. Plaintiff demands the entry of Final Judgment against Defendants WFHM and WFB for compensatory and actual damages, interests, costs, attorneys' fees, and any other and further relief which is just and proper under the totality of the circumstances.

## COUNT IV

## CONSPIRACY OF FRAUD

213. Paragraphs 1 through 166 are re-alleged as though fully set forth herein.

214. MERSCORP encouraged its members like WFB and WFHM and other undisclosed entities, to engage in fraudulent mortgage conveyances of Mr. Dietz's loan by willfully disregarding the Statutes of Frauds in property dealings.

215. MERSCORP encouraged members like WFB and WFHM to engage in unlawful and sometimes malicious collection practices of the alleged and un-validated outstanding debt of Mr. Dietz's loan.

216. MERSCORP directly benefited from the practice of "pretender lender", like HCG, by removing themselves from the financial burden of "Lender" status by falsely stating in writing in Mr. Dietz's Deed of Trust that HGC would originate Mr. Dietz's loan knowing that there would be another real originator.

217. Thereby, HCG, no longer limited by financial constraints as a loan originator, could facilitate hundreds or thousands of loans without risking any capital as a Lender.

218. This paradigm allowed MERSCORP and its true "originator" of Mr. Dietz's loan to enrich itself by engaging in the practice of unfair and deceptive property conveyances all

AMENDED COMPLAINT
DEMAND FOR JURY TRIAL

Timothy Dietz, pro se
2503 34th Ave
Longview Washington 98632
360-442-9832

hidden behind the non-public MERS® System while the public and Mr. Dietz only see the "pretender lenders" and MERS on the Deed of Trust.

219. MERSCORP members encouraged "pretender lenders" like HCG to create as many loans as possible for Securitization, knowing that any improper "True Sales" and conveyances and servicing assignments of mortgages like Mr. Dietz's loan wouould be hidden inside of the MERS® System and out of public view.

220. In this conspiracy of fraud, "pretender lenders" like HCG are rewarded with risk free "loan origination fees" from legions of consumers like Mr. Dietz without having to give real "offers" or "consideration" for the alleged "Lending" they are about to engage in.

221. The real originator then worked in concert with undisclosed entities to purposefully bifurcate hundreds, if not thousands of Notes from their respected mortgages or Deeds of Trust like Mr. Dietz's in order to satisfy the high and rapid demand for mortgage backed securities.

**WHEREFORE** plaintiff demands judgment for actual damages against Defendants, together with interests, costs, attorneys' fees, and any other and further relief which is just and proper under the totality of the circumstances.

<del>COUNT III</del>

<del>VIOLATION OF WASHINGTON STATE DEED OF TRUST (WDTA)</del>

<del>RCW § 61.24. 010(4) AND RCW § 61.24.030(7)(b)</del>

<del>222. Paragraphs 1 through 80 are re-alleged as though fully set forth herein.</del>

<del>223. Mr. Dietz is a Person within the meaning of the WDTA RCW § 61.24.005(11).</del>

<del>224. QLS is a Trustee within the meaning of the WDTA RCW § 61.24.005(16).</del>

<del>225. The WDTA RCW § 61.24. 010(4) reads in part:</del>

AMENDED COMPLAINT  
DEMAND FOR JURY TRIAL

Timothy Dietz, pro se  
2503 34th Ave  
Longview Washington 98632  
360-442-9832

~~"The Trustee or Successor Trustee has a duty of good faith to the borrower, beneficiary, and grantor."~~

~~226. The WDTA RCW § 61.24.030(7)(b) reads in part:~~

~~"Unless the trustee has violated his or her duty under RCW 61.24.010(4), The trustee is entitled to rely on the beneficiary's declaration as evidence of proof required under this subsection."~~

~~227. QLS has a duty of good faith have breeched their duty of good faith including, but not limited to, willful and repeated misrepresentations.~~

~~228. Defendant has caused damage to Plaintiff by willfully violating their duty of good faith and Plaintiff is entitled to relief as a matter of law.~~

~~**WHEREFORE**, Plaintiff demands the entry of Final Judgment against Defendant QLS for compensatory damages, interests, costs, attorneys' fees, and any other and further relief which is just and proper under the totality of the circumstances.~~

~~**COUNT IV**~~

~~**VIOLATION OF THE FAIR DEBT COLLECTIONS PRACTICES ACT**~~

~~**(FDCPA) 15 U.S.C. § 1692e(5)**~~

~~229. Paragraphs 1 through 80 are re-alleged as though fully set forth herein.~~

~~230. Mr. Dietz is a consumer within the meaning of the FDCPA, 15 U.S.C. § 1692a(3).~~

~~231. QLS is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).~~

~~232. WFHM is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).~~

~~233. WFB is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).~~

~~234. 15 U.S.C. § 1692e(5) reads in part;~~

~~"A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:~~

AMENDED COMPLAINT  
DEMAND FOR JURY TRIAL

Timothy Dietz, pro se  
2503 34th Ave  
Longview Washington 98632  
360-442-9832

37 of ~~16~~ 38

~~(5) The threat to take any action that cannot legally be taken or that is not intended to be taken."~~

~~235. WFHM, QLS and WFB have communicated threats of foreclose, and have foreclosed, on Mr. Dietz's property before successfully establishing a legal standing to do so.~~

~~236. WFHM, QLS and WFB have a duty to honorably follow the guidelines as set forth in FDCPA and WFHM, QLS and WFB have breeched that duty.~~

~~237. Defendants have caused damage to Plaintiff by willfully violating the FDCPA and Plaintiff is entitled to relief as a matter of law.~~

~~**WHEREFORE**, Plaintiff demands the entry of Final Judgment against WFHM for compensatory damages, interests, costs, attorneys' fees, and any other and further relief which is just and proper under the totality of the circumstances.~~

## DEMAND FOR JURY TRIAL

238. Mr. Dietz hereby demands a trial by jury as a matter of law.

239. Mr. Dietz requests leave to amend any portion of this complaint as necessary.

Dated this 9th day of February, 2014

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

EXECUTED on February 9, 2014, at Longview, Washington.

/s/ Timothy Dietz
Timothy Dietz

AMENDED COMPLAINT
DEMAND FOR JURY TRIAL

Timothy Dietz, pro se
2503 34th Ave
Longview Washington 98632
360-442-9832