THE HONORABLE ROBERT J. BRYAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TIMOTHY DIETZ, Plaintiff, v. QUALITY LOAN SERVICE CORP. OF WASHINGTON; WELLS FARGO HOME MORTGAGE; WELLS FARGO BANK, N.A.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; MERSCORP, INC.; McCARTHY & HOLTHUS LLP; DOE DEFENDANTS 1-20, Defendants. | No. 13-05948-RJB<br>**WELLS FARGO AND MERS'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**<br>**<u>NOTE ON MOTION CALENDAR</u>: MARCH 21, 2014** |

## I. INTRODUCTION AND RELIEF REQUESTED

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendants Wells Fargo and MERS respectfully request that the Court dismiss with prejudice the claims Plaintiff Timothy Dietz has asserted against them in his Second Amended Complaint ("SAC"). ECF No. 20.[1]

This is a post-sale "wrongful foreclosure" case. Dietz filed this lawsuit on October 30, 2013. On January 3, 2014, the Court granted Wells Fargo and MERS's Motion to Dismiss and dismissed those defendants from the lawsuit without prejudice. Dietz then filed multiple

[1] "Wells Fargo" is, collectively, Defendant Wells Fargo Home Mortgage and Defendant Wells Fargo Bank, N.A. "MERS" is collectively Defendant Mortgage Electronic Registration Systems, Inc. and Defendant MERSCORP, Inc.
"Dietz" is Plaintiff Timothy Dietz.

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

amended complaints with the Court ruling that the SAC is the operative complaint.

Dietz's SAC does not cure the deficiencies of his original Complaint. Dietz's causes of action for violation of the FDCPA and the DTA still fail to state a claim against Wells Fargo or MERS and these claims should now be dismissed with prejudice. Dietz's newly pled claims for breach of contract and conspiracy of fraud (sic) are not pled with specificity and nevertheless fail to state a claim upon which relief can be granted.

Despite filing two amended complaints, Dietz still cannot state a claim against Wells Fargo or MERS. Accordingly, Dietz's claims against these defendants should be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

## II. FACTS

On September 26, 2008, Dietz consummated a loan (the "Loan") by executing a promissory Note (the "Note") for $192,375.00 with Hyperion Capital Group, L.L.C. ("HCG") as the lender. SAC ¶ 15, ECF No. 20.

On September 26, 2008, Dietz executed a Deed of Trust (the "DOT") naming HCG as the lender and securing property commonly known as 2503 34th Ave, Longview, Cowlitz County, Washington, 98632 (the "Property") as security for the Loan. *Id.* at ¶ 20. The DOT was recorded in the records of Cowlitz County on October 3, 2008, under Recording Number 3378077. *Id.* The Property is Dietz's primary residence. *Id.*

By letter dated March 20, 2013, Wells Fargo advised Dietz that it purchased his Loan from HCG "after closing." Letter, ECF No. 19-6 at 2. Dietz has attached a Wells Fargo Consumer Account Activity Statement ("CAAS") showing that Wells Fargo has been receiving his Loan payments since at least December 2009. CAAS, ECF No. 19-1 at 5. The CAAS also shows that, as of December 2009, Dietz was making payments on the Loan and there were no outstanding balances on the Loan. *Id.*

Dietz also attaches a validation of debt from Defendant Quality Loan Service Corp. of Washington ("QLS"). ECF No. 18-3 at 9-14. The validation states that Dietz's Loan is in default as a result of "Failure to make the 12/1/2010 payment[.]" *Id.* at ECF No. 18-3 at 11.

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

On or about May 17, 2011, America's Servicing Company, a division of Wells Fargo, recorded an assignment (the "Assignment") of the DOT to Wells Fargo in the county records. Assignment, Ex. B to Lorber Decl, ECF No. 7.

After recording the Assignment, Wells Fargo recorded a second Assignment in the county records. 2nd Assignment, Ex. C to Lorber Decl., ECF No. 7. The Assignment and 2nd Assignment are functionally identical: they were both recorded by Wells Fargo entities, they were both executed by MERS representatives, and they both assigned MERS's record agency interest in the DOT to Wells Fargo and gave public notice that Wells Fargo was the successor beneficiary of the DOT. *Compare* Exs. B and C to Lorber Decl., ECF No. 7.

On February 21, 2012, Wells Fargo recorded an appointment of successor trustee (the "Appointment"), naming Defendant Quality Loan Service Corp. of Washington ("QLS") as successor trustee of the DOT. Appointment, Ex. D to Lorber Decl., ECF No. 7.

On August 29, 2012, QLS recorded a notice of trustee's sale (the "1st Notice of Sale") against the Property. 1st Notice of Sale, Ex. E to Lorber Decl., ECF No. 7. The 1st Notice of Sale states, on its face, that Dietz was $23,887.12 behind on the Loan at the time it was executed. *Id.* at ¶ III. On October 17, 2012, QLS discontinued the 1st Notice of Sale via a recorded notice. Discontinuance, Ex. F to Lorber Decl., ECF No. 7.

On October 17, 2012, QLS recorded a second notice of trustee's sale (the "2nd Notice of Sale"), scheduling a non-judicial foreclosure of the Property for February 13, 2013. 2nd Notice of Sale, Ex. G to Lorber Decl., ECF No. 7.

The sale was postponed several times and the 2nd Notice of Sale eventually expired without a sale taking place. SAC. ¶ 157, ECF No. 20. On May 21, 2013, QLS recorded a new notice of sale (the "3rd Notice of Sale") scheduling a non-judicial foreclosure sale of the Property for September 20, 2013. 3rd Notice of Sale, Ex. H to Lorber Decl., ECF No. 7. The 3rd Notice of Sale states, on its face, that Dietz was $33,456.86 behind on the Loan at the time it was executed. *Id.* at ¶ III. The 3rd Notice of Sale also states that Dietz had been in default for almost three years. *Id.* at ¶ IV (stating interest was due on the Note from December 1, 2010).

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

QLS sold the Property on September 20, 2013 and the Property reverted to Wells Fargo. Trustee's Deed, Ex. I to Lorber Decl., ECF No. 7.

Dietz did not file a motion to restrain the sale in either this Court or Cowlitz County Superior Court before the sale occurred.[2]

On January 3, 2014, the Court granted Wells Fargo and MERS's Motion to Dismiss and dismissed Wells Fargo and MERS from this lawsuit without prejudice. ECF No. 15. Dietz filed an amended complaint on February 7, 2014 and the SAC on February 10, 2014. ECF Nos. 18, 20. On February 11, 2014, the Court confirmed that the SAC is the operative complaint. ECF No. 21.

## III. EVIDENCE RELIED UPON

This motion relies on the allegations in Dietz's SAC, the recorded documents attached as Exhibits to the Lorber Declaration of which the Court may take judicial notice, and the other pleadings and papers on file with the Court in this matter.[3]

## IV. ISSUE

Should Dietz's SAC be dismissed with prejudice because it fails to state a claim upon which relief can be granted?

## V. ARGUMENT

### A. Motion to Dismiss Standard

This Court has recently articulated the Fed. R. Civ. P. 12(b) standard:

> Fed.R.Civ.P. 12(b)(6) motions to dismiss may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir.1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295 (9th

[2] *See* search for cases in Cowlitz County Superior Court filed in or after 2010 including parties named "Dietz, T," http://dw.courts.wa.gov/index.cfm?fa=home.superiorsearch&terms=accept, accessed Nov. 13, 2013.

[3] The Court may take judicial notice of publicly recorded documents and may consider the documents without turning this motion into a motion for summary judgment. *See, e.g.*, *Shaw v. Hahn*, 56 F.3d 1128, 1129 n. 1 (9th Cir. 1995); *See United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (court may consider documents to which the complaint "refers extensively" or "form the basis of the plaintiffs' claim"); *Parrino v. FHP, Inc.*, 146 F.3d 669, 707 (9th Cir. 1998) ("A court may consider evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion.").

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

> Cir.1983). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964–65, 167 L.Ed.2d 929 (2007) (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 1965. Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974.
>
> * * *
>
> In assessing whether a case should be dismissed with prejudice and without leave to amend, five factors should be considered: "(1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint." *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir.2004) (citing *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir.1995)). "Futility alone can justify the denial of a motion for leave to amend." *Id.*

*Call v. Routh Crabtree Olsen, P.S.*, Case No. 13-5241 RJB, 2013 WL 3805651, * 4, 6 (July 18, 2013) (dismissing case with prejudice and without leave to amend).

This lawsuit should be dismissed with prejudice and without leave to amend against Wells Fargo and MERS because Dietz has amended the Complaint two times and his claims still fail.

**B. <u>Dietz Fails to State a Claim for Relief for Violation of the FDCPA</u>.[4]**

Dietz's first cause of action is for violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692. SAC, ECF No. 20-1 at 10. In its Order Granting Wells Fargo and MERS's Motion to Dismiss, the Court accepted Wells Fargo's argument that it was not a "debt collector" under the FDCPA and thus could not be liable for violations of the same. ECF No. 15 at 6-7. The Court noted Dietz's contention that the Loan was in default at the time of assignment to Wells Fargo, but found that the "undisputed facts, however, indicate that Wells Fargo purchased the loan in 2008, prior to Dietz's default." *Id.* at 7. The Court also held that Dietz's claim that Wells Fargo failed to notify him that it purchased the Loan was barred by the statute of limitations. *Id.* Finally, the Court held that Dietz's FDCPA claims failed because

[4] As in the original Complaint, the FDCPA claim is not asserted against MERS.

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

"Claims based on foreclosure activities are not cognizable under the FDCPA." *Id.*

Dietz's SAC fails to cure the deficiencies of the original Complaint: Wells Fargo is not a "debt collector" under the Act. Indeed the documents Dietz has submitted to the Court show the following:

- Wells Fargo purchased the Loan in 2008 after origination (ECF No. 19-6 at 2);
- Wells Fargo has been receiving payments on the Loan since at least December 2009 (ECF No. 19-1 at 5);
- There was no past due balance under the Loan in December 2009 (*id.*);
- Dietz defaulted on the Loan in December 2010 (ECF No. 18-3 at 11).

Under these factual allegations, Wells Fargo is not a "debt collector" as defined by the FDCPA because it was the successor lender/ servicer of Dietz's Loan. *Perry v. Stewart Title Co.* 756 F.2d 1197, 1208 (5th Cir. 1985). Therefore the FDCPA claim should be dismissed with prejudice.

**C. Dietz Fails to State a Claim Against Wells Fargo or MERS for Violation of the DTA.**

Dietz's second cause of action alleges violation of the Washington Deed of Trust Act ("DTA"), RCW 61.24 et seq. SAC, ECF No. 20-1 at 14. As in the original Complaint, the DTA claim is not directed at Well Fargo or MERS. As this claim has already been dismissed against these defendants and is not reasserted against them in the SAC, Dietz's amended DTA claim is insufficient to keep Wells Fargo and MERS in this suit. *See* Order, ECF No. 15 at 8 ("Post-sale claims under the DTA are confined to claims that allege 'failure of the trustee to materially comply with the provisions of this chapter.' RCW 61.24.127(1)(c). Neither Wells Fargo nor MERS is a trustee of the deed of trust. The DTA claims against Wells Fargo and MERS are subject to dismissal.").



**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

**D. Dietz Fails to State a Claim Against Wells Fargo for Breach of Contract.**

Dietz third cause of action alleges breach of contract. SAC, ECF No. 20-1 at 15. Dietz claims that Wells Fargo breached the DOT contract by failing to comply with Department of Housing and Urban Development ("HUD") regulations that affect the DOT. SAC ¶ 210-11, ECF No. 20-1.

To state a claim for breach of contract, a plaintiff must allege (1) the existence of a valid contract between the parties, (2) breach by the defendant, and (3) damages. *Lehrer v. State Dep't of Social & Health Servs.*, 101 Wash. App. 509, 516, 5 P.3d 722 (2000). Dietz's breach of contract claim fails for multiple reasons.

First, Dietz fails to specify which HUD regulations with which Wells Fargo failed to comply and, without such specific allegations, the SAC does not meet the Fed. R. Civ. P. 8(a) or 12(b)(6) standard. *See Bardy v. Cardiac Science Corp.*, Case No. C13–0778JLR, 2014 WL 294526, *5 (W.D. Wash. Jan. 27, 2014) (dismissing breach of contract claim where essential element of damages was pled by "naked assertion" and "without factual enhancement."). [5]

Second, as with the DTA claims, any pre-sale breach of contract claims are barred by the *Brown* waiver doctrine and RCW 61.24.127. *See* Order, ECF No. 15 at 8.

Third, Dietz's breach of contract claim fails because he cannot satisfy the element of damages. Dietz claims he was damaged by "the sale of Mr. Dietz's property." SAC ¶ 212, ECF No. 20-1. However, Dietz admits taking out the Loan, signing the DOT, and defaulting on his Loan payments. SAC ¶¶ 15, 20, 28, ECF No. 20. To the extent that the sale of the Property damaged Dietz, such damage was caused by his own default on the Loan, not by any breach committed by Wells Fargo. Dietz has not (and cannot) allege any damages flowing from Wells Fargo's alleged breach of the DOT and so his third cause of action should be dismissed with prejudice.

[5] Dietz cites to 24 U.S.C. § 203.604 for the proposition that a lender must arrange a face-to-face meeting with a borrower before foreclosing. SAC ¶ 77, ECF No. 20. Title 24 of the U.S.C., however, deals with hospitals and asylums and has nothing to do with residential mortgages.

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

**E. <u>Dietz Fails to State a Claim for Fraud</u>.**

Dietz's fourth cause of action alleges fraud. SAC, ECF No. 20-1 at 16. The essence of Dietz's claim is that all defendants committed fraud by including MERS in the Loan transaction. *See id.* This claim fails because Dietz fails to plead fraud with necessary specificity.

Fed. R. Civ. P. 9(b) imposes a heightened pleading standard for parties alleging fraud, requiring that they "state with particularity the circumstances constituting fraud." *See* Swartz *v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007). Each of nine elements must be established to prevail on a claim for fraud under Washington law:

> (1) Representation of an existing fact; (2) materiality; (3) falsity; (4) the speaker's knowledge of its falsity; (5) intent of the speaker that it should be acted upon by the plaintiff; (6) plaintiff's ignorance of its falsity; (7) plaintiff's reliance on the truth of the representation; (8) plaintiff's right to rely upon it; and (9) damages suffered by the plaintiff.

*Stiley v. Block*, 130 Wash.2d 486, 505, 925 P.2d 1984 (1996).

The mere inclusion of MERS in a loan transaction is not actionable under Washington law. *Bain v. Metro. Mtg. Gp., Inc.*, 175 Wash.2d 83, 120, 285 P.3d 34 (2012). The mere inclusion of MERS in a loan transaction also does not support a fraud claim where the plaintiff does not allege each element of fraud with particularity. *See Babrauskas v. Paramount Equity Mtg.*, Case No. C13-0494 RSL, 2013 WL 5743903, *5 (W.D. Wash. Oct. 23, 2013) (Granting motion to dismiss fraud claims based on MERS identification as beneficiary in deed of trust where "plaintiff has not alleged that he relied on that representation (as opposed to relying on subsequent holders' and servicer's representations that they had the right to collect payments on the note) or that he suffered damages caused by MERS' misrepresentation."); *Wilson v. Bank of America, N.A.*, Case No. No. C12–1532JLR, 2013 WL 275018, *5 (W.D. Wash. Jan. 24, 2013) (same).

Dietz's allegations regarding the MERS "conspiracy of fraud" simply fails to state a claim under Fed. R. Civ. P. 9(b). Importantly, there is no identification of a specific statement or fact made by Wells Fargo or MERS that Dietz relied on to his detriment. To the extent

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

Dietz's claims are premised on MERS's identification as "beneficiary" in the DOT, Dietz fails to allege how he was injured by such identification. Indeed, Dietz admits signing for the Loan, he does not dispute receiving the benefit of the Loan, and he possessed the Property pursuant to the Loan since the time of origination. SAC ¶¶ 15, 20, ECF No. 20. Under these alleged facts there are no damages caused by detrimental reliance and so the fraud claim fails as a matter of law.

The allegations in the SAC, even if true, do not support a claim for fraud against Wells Fargo and MERS. This claim should therefore be dismissed with prejudice.

## VI. CONCLUSION

The SAC represents Dietz's third attempt to state a claim against Wells Fargo or MERS. Despite multiple opportunities, Dietz still cannot state a cognizable claim against these defendants. For the foregoing reasons, Dietz's claims against Wells Fargo and MERS should be dismissed with prejudice.

DATED: February 24, 2014.

LANE POWELL PC

By /s/Abraham K. Lorber
Ronald E. Beard, WSBA No. 24014
beardr@lanepowell.com
Abraham K. Lorber, WSBA No. 40668
lorbera@lanepowell.com
1420 Fifth Avenue, Suite 4200
PO Box 91302
Seattle, WA 98111-9402
Telephone: 206.223.7000
Fax: 206.223.7107

Attorneys for Defendants Wells Fargo Home Mortgage, Inc., Wells Fargo Bank, N.A., and Mortgage Electronic Registration Systems, Inc.

WELLS FARGO AND MERS'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT - 9
No. CV-13-05948-RJB
105727.1513/5943265.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

**CERTIFICATE OF SERVICE**

I certify that on the date indicated below, I caused the foregoing document to be filed with the Clerk of the Court via the CM/ECF system.  In accordance with their ECF registration agreement and the Court's rules, the Clerk of the Court will send e-mail notification of such filing to the following persons:

Timothy Dietz
2503 34th Ave
Longview WA  98632
timthepostman@yahoo.com

I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

SIGNED  February 24, 2014  at Seattle, Washington


/s/Patricia King
Patricia King

WELLS FARGO AND MERS'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT - 10
No. CV-13-05948-RJB
105727.1513/5943265.1

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107