THE HONORABLE ROBERT J. BRYAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TIMOTHY DIETZ, <br><br> Plaintiff, <br><br> vs. <br><br> QUALITY LOAN SERVICE CORP. OF WASHINGTON; <br><br> WELLS FARGO HOME MORTGAGE; <br><br> WELLS FARGO BANK, N.A., <br><br> MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., <br><br> MERSCORP, INC., <br><br> MCCARTHY & HOLTHUS, LLP, <br><br> DOE DEFENDANTS 1 - 20 <br><br> Defendants. | Civil Case No.: 3:13-cv-05948-RJB <br><br> **MOTION IN OPPOSITION TO MOTION TO DISMISS** |

PLAINTIFF Timothy Dietz files this motion in opposition to motion to dismiss, stating:

### ISSUE

MOTION IN OPPOSITION
Civil Case No.: 3:13-cv-05948-RJB

Timothy Dietz
2503 34th Ave
Longview Washington 98632
360-442-9832

1. The issue for the court is whether a jury can conclude that the Plaintiff has waived his rights to bring an action because he failed to bring a motion to restrain the sale before it occurred, and whether a jury can conclude that the Defendant Wells Fargo can be held liable to the FDCPA.

2. If a jury could reach these conclusions, Defendants motion to dismiss should be denied.

## ARGUMENT

3. The foregoing issue has not been adjudicated.

4. No evidence has yet been presented on the record to contradict Plaintiff's allegations in regard to the foregoing issue.

5. Plaintiff has not completed discovery.

6. The Plaintiff's complaint is not about the alleged debt but rather the manner in which the Defendant Wells Fargo chose to collect the alleged debt.

7. It would be best that the Court not rule upon…motion to dismiss until discovery is completed.[1] An order in favor of a motion to dismiss is not proper where discovery has not yet been closed.

8. A motion to dismiss should not be granted until the facts have been sufficiently developed.

9. Plaintiff did not have a full understanding of the prerequisite to filing an action to restrain the sale of his property. Plaintiff understanding was that all the alleged arrears needed to be paid into the court before a motion for injunction could be heard. Rather, Plaintiff sent correspondence to Defendant Wells Fargo detailing relevant facts [ECF 19-9] that must be

---

[1] Coats vs Penrod Drilling Corp. 785 F. Supp. 614 - Dist. Court, SD Mississippi, 1992

MOTION IN OPPOSITION
Civil Case No.: 3:13-cv-05948-RJB

Timothy Dietz
2503 34th Ave
Longview Washington 98632
360-442-9832

corrected before legal statutory and contractual authority could be met prior to pursuing a foreclosure sale. Anything less would be acting outside of statutory and contractual authority. Defendant Wells Fargo was made aware of requisites and faulty documents that were presented but deliberately chose to ignore these presale requirements established by legislature.

10. RCW 61.24.040(1)(f)(IX) provides that "[f]ailure to bring . . . a lawsuit *may* result in waiver of any proper grounds for invalidating the Trustee's sale" (emphasis added). The word "may" indicates the legislature neither requires nor intends for courts to strictly apply waiver. Under the statute, we apply waiver only where it is equitable under the circumstances and where it serves the goals of the act.[2] The goal is to *promote* the stability of land titles.[3]

11. While the legislature has established a mechanism for nonjudicial sales, neither due process nor equity will countenance a system that permits the theft of a person's property by a lender or its beneficiary under the guise of a statutory nonjudicial foreclosure.[4]

12. In 2009 the legislature explicitly recognized a cause of action for damages for failure to comply with the DTA. It did so by amending the DTA to include RCW 61.24.127, which provides that a borrower or grantor does not waive certain claims for damages by failing to bring a civil action to enjoin a foreclosure sale…. This provision preserves a cause of action existing at the time a sale could be restrained—in other words, a claim existing before a foreclosure sale. It reflects the legislature's understanding of existing law.[5]

13. Because the DTA "dispenses with many protections commonly enjoyed by borrowers

---

[2] *Albice v. Premiere Mortg. Servs.* 276 P. 3d 1277, 174 Wash. 2d 560 - Wash: Supreme Court, 2012
[3] *Cox*, 103 Wn.2d at 387
[4] *Klem v. Washington Mut. Bank* 295 P. 3d 1179, 176 Wash. 2d 771 - Wash: Supreme Court, 2013
[5] *Walker v. Quality Loan Service Corp.* 308 P. 3d 716, 176 Wash. App. 294 - Wash: Court of Appeals, 1st …, 2013

MOTION IN OPPOSITION
Civil Case No.: 3:13-cv-05948-RJB

Timothy Dietz
2503 34th Ave
Longview Washington 98632
360-442-9832

under judicial foreclosures, lenders must strictly comply with the statutes and courts must strictly construe the statutes in the borrower's favor.[6]

14. The failure to strictly comply with the statute process is fatal.[7]

15. Defendant Wells Fargo alleges a purchase of the Plaintiffs note in 2008 [ECF NO. 19-6]. The Plaintiff has taken notice of this allegation but has never recognized nor accepted that this event has ever taken place. Despite Plaintiff's attempts to ascertain from Defendant Wells Fargo the actual date of this alleged purchase, Wells Fargo has never introduced evidence in this case to support that claim. The earliest recorded evidence, provided by Wells Fargo, establishes that Wells Fargo started accepting payments from Plaintiff in December of 2009. This date establishes that Wells Fargo started accepting payments while the Plaintiff's loan was in default.

16. The Alleged debt that Wells Fargo was attempting to collect is a "debt" (under the Act, because they were "obligation[s] . . . to pay money arising out of a transaction in which the . . . property . . .which [is] the subject of the transaction [is] primarily for personal, family, or household purposes." 15 U.S.C.A. § 1692a(5).[8]

17. The Plaintiff's ("debt" remained a "debt" even after foreclosure proceedings commenced.[9]

18. ….foreclosure proceedings were used to collect the debt. We see no reason to make an exception to the Act when the debt collector uses foreclosure instead of other methods.[10]

---

[6] Albice v. Premier Mortgage Servs., Inc., 276 P.3d 1277, 1281 (Wash. 2012) quoting Udall v. T.D. Escrow Servs., Inc., 159 Wash.2d 903, 915-16, 154 P.3d 882 (2007); See Koegel v. Prudential Mut. Sav. Bank, 51 Wash.App. 108, 111-12, 752 P.2d 385 (1988)
[7] Baggao v. Mascaro, 77 OR APP 627 (1986).
[8] Wilson v. Draper & Goldberg, PLLC 443 F. 3d 373 - Court of Appeals, 4th Circuit, 2006
[9] Piper v. Portnoff Law Assocs., 396 F.3d 227, 234 (3d Cir. 2005)
[10] Wilson v. Draper & Goldberg, PLLC 443 F. 3d 373 - Court of Appeals, 4th Circuit, 2006, See Piper, 396 F.3d at 236 ("We agree with the District Court that if a collector were able to avoid liability under the [Act] simply by choosing to proceed in rem rather than in personam, it would undermine the purpose of the [Act].")(internal quotation marks omitted).

MOTION IN OPPOSITION  
Civil Case No.: 3:13-cv-05948-RJB

Timothy Dietz  
2503 34th Ave  
Longview Washington 98632  
360-442-9832

19. The attorney for Wells Fargo has incorrectly addressed the Plaintiff's reference to 15 U.S.C. § 1641(g). §1641(g) is a TILA requirement and not an FDCPA. The Plaintiff did not learn of this requirement until after the time to bring a suit had expired. The Plaintiff merely made reference to this statute. Even though time barred, the fact still remains that Wells Fargo ignored this requirement and the Plaintiff moves the court to take judicial notice of this fact.

WHEREFORE Plaintiff prays the Court will enter an Order denying Defendant's motion to dismiss and granting such further relief as the Court may deem reasonable under the circumstances.

Dated this 21st Day of March, 2014

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

/s/ Timothy Dietz
Timothy Dietz, Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing will be electronically mailed to Ronald E. Beard and Abraham K. Lorber this 21st day of March, 2013.

/s/ Timothy Dietz
Timothy Dietz, Plaintiff
2503 34th Ave
Longview WA 98632
360-442-9832

MOTION IN OPPOSITION
Civil Case No.: 3:13-cv-05948-RJB

Timothy Dietz
2503 34th Ave
Longview Washington 98632
360-442-9832