THE HONORABLE ROBERT J. BRYAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TIMOTHY DIETZ,<br><br>    Plaintiff,<br><br>    v.<br><br>QUALITY LOAN SERVICE CORP. OF WASHINGTON; WELLS FARGO HOME MORTGAGE; WELLS FARGO BANK, N.A.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; MERSCORP, INC.; McCARTHY & HOLTHUS LLP; DOE DEFENDANTS 1-20,<br><br>    Defendants. | No. 13-05948-RJB<br><br>**REPLY IN SUPPORT OF WELLS FARGO AND MERS'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**<br><br>Note on motion calendar:<br>March 21, 2014 |

## **REPLY**

Defendants Wells Fargo and MERS respectfully submit this reply in support of their Motion to Dismiss Plaintiff's Second Amended Complaint ("MTD") (ECF No. 23). Plaintiff Timothy Dietz filed an untimely response ("Response") on March 21, 2014 (ECF No. 28).[1]

**A.    The Court has Authority to Dismiss this Lawsuit on a Rule 12(b)(6) Motion.**

The main thrust of Dietz's response is that it would be unfair for the Court to dismiss this lawsuit without allowing him to conduct discovery or without a jury trial. Resp. ¶¶ 1, 4-5,

---

[1] "Wells Fargo" is, collectively, Defendant Wells Fargo Home Mortgage and Defendant Wells Fargo Bank, N.A. "MERS" is collectively Defendant Mortgage Electronic Registration Systems, Inc. and Defendant MERSCORP, Inc.
"Dietz" is Plaintiff Timothy Dietz.

REPLY IN SUPPORT OF WELLS FARGO AND MERS'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT - 1
No. CV-13-05948-RJB
105727.1513/5965340.2

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

7-8, ECF No. 28.  However, Fed. R. Civ. P. 12(b)(6) allows exactly this sort of summary dismissal where the well-pled facts of the complaint fail to state a claim upon which relief can be granted.  *See* Order 4-5, ECF No. 15 (articulating Rule 12 dismissal standard).  As argued in the MTD and supported herein, the allegations in Dietz's SAC, even if true, fail to state a claim as a matter of law and therefore Rule 12(b)(6) dismissal is appropriate.  As Dietz has now amended his complaint twice and still fails to state a claim, the Court should dismiss Wells Fargo and MERS with prejudice.

B.  **Dietz Has Not Pled a Viable Deed of Trust Act Claim Against Wells Fargo or MERS.**

In its Order dismissing Dietz's original Complaint, the Court observed:

> The allegations contained in the DTA causes of action appear to be asserted solely against Defendant Quality Loan Service Corp. Dietz's complaint includes no allegations that could give rise to a DTA claim against MERS or Wells Fargo.

Order 8, ECF No. 15.

In his SAC, Dietz once again asserts Deed of Trust Act ("DTA") claims against Quality only.  SAC 14-15, ECF No. 20-1.

In his Response, however, Dietz appears to contend that he has stated a DTA claim against Wells Fargo and MERS.  Resp. ¶¶ 9-14, ECF No. 28.  Dietz's argument is insufficient to survive the MTD.

First, contrary to Dietz's assertions, his request for relief that the Court invalidate the foreclosure of his property is contrary to the DTA and Washington Supreme Court precedent. *See* SAC 16, ECF No. 16.  The DTA explicitly forbids post-sale claims to unwind a trustee's sale where the borrower has not obtained a pre-sale injunction to restrain the sale.  RCW 61.24.127(2)(b)-(f).[2]

Further, the Washington Supreme Court recently ruled in the *Frizzell* case that failure to obtain a pre-sale injunction was a bar to a claim to unwind a foreclosure sale.  *Frizzell v. Murray*, 313 P.3d 1171, 1177 (Wash. 2013) (remanding for consideration of damages claims);

---

[2] On May 17, 2011, MERS assigned "all beneficial interest" it had in the DOT.  ECF No. 18-7 at 22-23.  Thus, MERS has had no interest in the Loan since that time.

REPLY IN SUPPORT OF WELLS FARGO AND MERS'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT - 2
No. CV-13-05948-RJB
105727.1513/5965340.2

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

*see also Guethlein v. Bank of America, N.A.*, Case No. C13-5546 RJB, *5-6 (W.D. Wash. Feb. 20, 2014) (dismissing DTA claim on summary judgment pursuant to *Frizzell*).  To the extent the DTA claim is asserted against Wells Fargo and MERS (it is not), Dietz's requested relief is unavailable at law.

Finally, the cases Dietz cites are inapposite:

Dietz cites *Albice v. Premier Mortg. Servs. of Wash., Inc.,* 174 Wash.2d 560, 568, 276 P.3d 1277 (2012).  Resp. FN 2, ECF No. 28.  This case stands for the proposition that a foreclosure that occurs more than 120 days after the original sale date listed in the notice of sale is invalid.  *Id.* at 567-8 (citing RCW 61.24.040(6).  Here, however, the sale was held well within the 120-day window and *Albice* does not apply.  *See* SAC ¶¶ 157, 172 (sale set for September 20, 2013; conducted September 29, 2013).

Dietz cites *Cox v. Helenius*, 103 Wash.2d 383, 693 (1985).  Resp. FN 3, ECF No. 28. This case stands for the proposition that a trustee's course of conduct that instills a reasonable reliance that the sale will not take place, along with grossly inadequate purchase price, can be a basis for setting aside a sale.  *Id.* at 387, 389.  Not only are these factors not present here, *Cox* was decided well before RCW 61.24.127 was enacted or *Frizzell* was decided.  Accordingly, *Cox* provides no basis for setting aside the sale here.

Dietz cites *Klem v. Wash. Mut. Bank*, 176 Wash.2d 771, 295 P.3d 1179 (2013).  Resp. FN 4. This case stands for the proposition that a sale may be unwound where the trustee fails to act in good faith.  The bad faith at issue in *Klem* included a borrower who was being represented by a guardian following a finding that the borrower was a vulnerable adult, admitted falsification of documents and signatures, refusal by the trustee to restrain the sale except on the beneficiary's instructions, and refusal to restrain the sale even though the borrower had a signed purchase and sale agreement with a third party seller that would have allowed her to completely repay the loan being foreclosed.  *Id.* at 775- 779.  None of these facts are present here and *Klem* is therefore distinguishable.

REPLY IN SUPPORT OF WELLS FARGO AND MERS'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT - 3
No. CV-13-05948-RJB
105727.1513/5965340.2

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

Finally, Dietz cites *Walker v. Quality Loan Service Corp.*, 176 Wash. App. 294, 308 P.3d 716 (2013). Resp. FN 5, ECF No. 28. This case stands for the proposition that, on a motion to dismiss, the fact that MERS executed the appointment of successor trustee is sufficient to state a claim that the trustee was not properly appointed because MERS might not be a proper beneficiary of the subject deed of trust. *Id.* at 308-09. However, *Walker* is a pre-sale case and is inapplicable here. *Id.* at 303. Further, the appointment in this case was executed by Wells Fargo, the beneficiary, not MERS. ECF No. 18-7 at 26.

Not only is Dietz's DTA claim not alleged against Wells Fargo or MERS, even if it were alleged against Wells Fargo or MERS, the claim would fail as a matter of law because it barred by waiver. Accordingly, the Court should dismiss the DTA claim against MERS and Wells Fargo with prejudice.

C. **Dietz Fails to Save his FDCPA Claim.**

In its MTD, Wells Fargo argues that the evidence presented in the SAC and the other documents Dietz has submitted to the Court shows that Dietz did not default on the Loan until December 2010 but that Wells Fargo purchased the Loan in 2008, or, at the latest, December 2009. MTD 6, ECF No. 23. In his Response, Dietz admits Wells Fargo's ownership interest in 2009, but claims he was in default at the time. Resp. ¶ 15, ECF No. 28. However, this claim directly contradicts the Wells Fargo payment ledger submitted by Dietz, which shows no outstanding balance in December 2009. ECF No. 19-1 at 5. Since Dietz was not in default when Wells Fargo purchased the Loan, Wells Fargo is not a debt collector under the FDCPA and no FDCPA liability can attach. *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985). Thus, the FDCPA claim should be dismissed with prejudice

D. **Dietz Does Not Address His Fraud or Breach of Contract Claims.**

In the MTD, Wells Fargo and MERS argued for dismissal with prejudice of Dietz's claims for breach of contract and fraud. MTD 7-9, ECF No. 23. In his Response, Dietz does not attempt to support either of these claims (except to argue that the breach of contract claim is not barred by waiver). The Court should take Dietz's failure to respond in support of these

REPLY IN SUPPORT OF WELLS FARGO AND MERS'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT - 4
No. CV-13-05948-RJB
105727.1513/5965340.2

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

1  claims as an admission that the MTD has merit with respect to these claims and they should be
2  dismissed with prejudice.  LCR 7(b)(2).

## II. CONCLUSION

The Second Amended Complaint is Dietz's third attempt to state a claim against Wells Fargo or MERS.  Despite multiple opportunities, Dietz still cannot state a cognizable claim against these defendants.  For the reasons articulated in the MTD and supported herein, Dietz's claims against Wells Fargo and MERS should be dismissed with prejudice.

DATED:  March 25, 2014.

LANE POWELL PC


By  /s/Abraham K. Lorber
    Ronald E. Beard, WSBA No. 24014
    beardr@lanepowell.com
    Abraham K. Lorber, WSBA No. 40668
    lorbera@lanepowell.com
    1420 Fifth Avenue, Suite 4200
    PO Box 91302
    Seattle, WA  98111-9402
    Telephone:  206.223.7000
    Fax:  206.223.7107

Attorneys for Defendants Wells Fargo Home Mortgage, Inc., Wells Fargo Bank, N.A., and Mortgage Electronic Registration Systems, Inc.

REPLY IN SUPPORT OF WELLS FARGO AND MERS'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT - 5
No. CV-13-05948-RJB
105727.1513/5965340.2

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

Case 3:13-cv-05948-RJB   Document 29   Filed 03/25/14   Page 6 of 6

**CERTIFICATE OF SERVICE**

I certify that on the date indicated below, I caused the foregoing document to be filed with the Clerk of the Court via the CM/ECF system. In accordance with their ECF registration agreement and the Court's rules, the Clerk of the Court will send e-mail notification of such filing to the following persons:

Timothy Dietz
2503 34th Ave
Longview WA  98632
timthepostman@yahoo.com

I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

SIGNED March 25, 2014 at Seattle, Washington

/s/ Debi Wollin
Debi Wollin

REPLY IN SUPPORT OF WELLS FARGO AND MERS'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT - 6
No. CV-13-05948-RJB
105727.1513/5965340.2

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107