UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TIMOTHY DIETZ,<br><br>                Plaintiff,<br><br>    v.<br><br>QUALITY LOAN SERVICE CORP. OF WASHINGTON; WELLS FARGO HOME MORTGAGE; WELLS FARGO BANK, N.A.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; MERSCORP, INC.; McCARTHY & HOLTHUS LLP; DOE DEFENDANTS 1-20,<br><br>                Defendants. | CASE NO. C13-5948 RJB<br><br>ORDER GRANTING DEFENDANTS WELLS FARGO AND MERS'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT WITH PREJUDICE |

      This matter comes before the Court on Defendants Wells Fargo Home Mortgage, Wells Fargo Bank, N.A. (collectively Wells Fargo), and Mortgage Electronic Registration Systems, Inc. and MERSCORP, Inc's (collectively MERS) motion to dismiss Plaintiff's Second Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6). Dkt. 23. The Court has considered the pleadings in support of and in opposition to the motion and the record herein.

ORDER GRANTING DEFENDANTS WELLS
FARGO AND MERS'S MOTION TO DISMISS
PLAINTIFF'S SECOND AMENDED COMPLAINT
WITH PREJUDICE- 1

## INTRODUCTION AND BACKGROUND

This is a post-sale wrongful foreclosure case. The pertinent and material facts are set forth in the Court's previous Order Granting Wells Fargo and MERS's Motion to Dismiss. Dkt. 15. Plaintiff Timothy Dietz (Dietz) filed this action on October 30, 2013, asserting violations of the Fair Debt Collection Practices Act (FDCPA)(Counts I and IV) and violations of the Washington Deed of Trust Act (DTA)(Counts II and III). Dkt. 1. On January 3, 2014, the Court granted Wells Fargo and MERS's Motion to Dismiss the FDCPA and Washington Deed of Trust claims and dismissed Wells Fargo and MERS from the lawsuit without prejudice. Dkt. 15. Dietz then filed multiple amended complaints attempting to cure the deficiencies in his original complaint, adding causes of action for breach of contract and fraud, and naming McCarthy & Holthus LLP as new party defendant to this action. Dkts. 18 and 20. On February 11, 2014, the Court entered an order ruling that Plaintiff's Second Amended Complaint (Dkt. 20) will be considered the operative complaint. Dkt. 21.

Dietz's first cause of action in the Second Amended Complaint re-alleges a cause of action for violation of the FDCPA against Wells Fargo. Dkt. 20-1 pp. 10-13. MERS is not named in the FDCPA claim. *Id*. Dietz's second cause of action alleges violation of the DTA. The DTA claim is directed at other named defendants and does not name Wells Fargo or MERS. Dkt. 20-1 pp. 14-15. Dietz third cause of action alleges breach of contract against Wells Fargo. Dkt. 20-1 pp. 15-16. Dietz's fourth cause of action alleges fraud against all defendants, including Wells Fargo and MERS. Dkt. 20-1 pp. 16-17.

## MOTION TO DISMISS STANDARD

The Court's review of a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6) is limited to the complaint. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). All

material factual allegations in the complaint are taken as admitted, and the complaint is to be liberally construed in the light most favorable to the plaintiff. *Id*. A complaint should not be dismissed under Fed. R. Civ. P. 12(b)(6) unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Dismissal under Fed. R. Civ. P. 12(b)(6) may be based upon "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true. *Id.*; *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). Generally, the court may not consider matters outside the pleadings without converting a 12(b)(6) motion into a motion for summary judgment. *Lee v. City of Los Angeles,* 250 F.3d 668, 688 (9th Cir. 2001); *In re Hawaiian & Guamanian Cabotage Antitrust Litig.*, 647 F.Supp.2d 1250, 1267 (W.D. Wash. 2009). There are two exceptions to this rule. First, the court may consider documents not physically attached to the complaint if the documents' authenticity is not contested and the plaintiff's complaint necessarily relies on them. *Lee*, at 688; *In re Hawaiian & Guamanian Cabotage Antitrust Litig.*, at 1202. Second, the Court may take judicial notice of matters of public record. *Id*. The documents considered by the Court are those necessarily relied upon by the complaint, are uncontested, and are of public record.

ORDER GRANTING DEFENDANTS WELLS
FARGO AND MERS'S MOTION TO DISMISS
PLAINTIFF'S SECOND AMENDED COMPLAINT
WITH PREJUDICE- 3

In assessing whether a case should be dismissed with prejudice and without leave to amend, five factors should be considered: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint. *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004); *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir.1995). "Futility alone can justify the denial of a motion for leave to amend." *Id*.

## FAIR DEBT COLLECTION PRACTICES ACT

Dietz re-alleges a FDCPA claim against Wells Fargo. As stated in the Court's previous Order, the FDCPA applies only to the activities of "debt collectors" as defined by that statute. 15 U.S.C. §1692a(6). See Dkt. 15 p. 6. The FDCPA's definition of a debt collector "does not include the consumer's creditors, a mortgage servicing company, or any assignee of the debt, so long as the debt was not in default at the time it was assigned." *Nool v. HomeQ Servicing,* 653 F. Supp.2d 1047, 1053 (E.D. Cal. 2009). The debt was not in default at the time of assignment to Wells Fargo. See Dkt. 15 p. 15. Any claim of a failure to provide proper notification of the transfer of the loan is barred by the FDCPA's one year statute of limitations. Dkt. 15 p. 7. Finally, a claim of wrongful disclosure is not cognizable under the FDCPA. *Id.*

Dietz's Second Amended Complaint does not alter the fact that Wells Fargo is not a debt collector under the FDCPA and that there are no allegations giving rise to a cognizable violation of the FDCPA by Wells Fargo.

The FDCPA claim against Wells Fargo is subject to dismissal. MERS is not named in the FDCPA claim and is entitled to dismissal.

## WASHINGTON DEED OF TRUST ACT

Dietz's second cause of action re-alleges violations of the Washington Deed of

ORDER GRANTING DEFENDANTS WELLS
FARGO AND MERS'S MOTION TO DISMISS
PLAINTIFF'S SECOND AMENDED COMPLAINT
WITH PREJUDICE- 4

Trust Act (DTA), RCW 61.24. *et seq.* This claim was dismissed against Wells Fargo and MERS in the prior Order. Dkt. 15 p. 8. As in the original Complaint, the Second Amended Complaint does not name Wells Fargo or MERS as violators of the DTA. Post-sale claims under the DTA are confined to claims that allege "failure of the trustee to materially comply with the provisions of this chapter." RCW 61.24.127(1)(c). Neither Wells Fargo nor MERS is a trustee of the deed of trust.

The DTA claims against Wells Fargo and MERS are subject to dismissal.

## BREACH OF CONTRACT

Dietz's third cause of action alleges a breach of contract by Wells Fargo. Dietz claims that Wells Fargo breached the Deed of Trust contract by failing to comply with Department of Housing and Urban Development (HUD) regulations that affect the Deed of Trust. Dietz cites to language in the Deed of Trust that states:

> **Regulations of HUD Secretary**. In many circumstances regulations issued by the Secretary will limit Lender's rights, in the case of payment defaults, to require immediate payment in full and foreclose if not paid. This security instrument does not authorize acceleration or foreclosure if not permitted by regulations of the Secretary.

Dkt. 20-1 p. 15.

Dietz does not specify which HUD regulations with which Wells Fargo failed to comply with. Without such specification, the Second Amended Complaint fails to state a claim for breach of contract. See *Bardy v.Cardiac Science Corp.*, 2014 WL 294526, *5 (W.D. Wash. 2014)

An additional basis for dismissal of the contract claim is the lack of a breach of duty.

ORDER GRANTING DEFENDANTS WELLS
FARGO AND MERS'S MOTION TO DISMISS
PLAINTIFF'S SECOND AMENDED COMPLAINT
WITH PREJUDICE- 5

A contract is actionable for breach when it imposes a duty, the duty is breached, and the breach proximately causes damage to the one owed the duty. *Nw. Indep. Forest Mfrs. V. Dep't of Labor & Indus.,* 78 Wn.App. 707, 712 (1995).

Courts have held that the HUD regulations, including the failure to make a reasonable attempt to conduct a face-to-face meeting with borrowers before initiating a foreclosure suit, are conditions precedent and must be followed before a mortgagee has the right to foreclose on a HUD-insured property. Courts have held that a mortgagee's noncompliance can be asserted as an affirmative defense or an equitable defense to a judicial-foreclosure action. See e.g., *Pfeifer v. Countrywide Home Loans, Inc.* 211 Cal.App.4th 1250, 1268 (2012); *Lacy–McKinney v. Taylor, Bean & Whitaker Mortg. Corp*. 937 N.E.2d 853, 864 (Ind. App. 2010); *Wells Fargo v. Neal*, 922 A.2d 538, 543–544 (Md. 2007); *Washington Mut. Bank v. Mahaffey*, 796 N.E.2d 39, 42–44 (Ohio App. 2003); *Federal Land Bank of St. Paul v. Overboe*, 404 N.W.2d 445, 449 (N.D. 1987); *Fleet Real Estate Funding Corp. v. Smith*, 530 A.2d 919, 922–923 (Pa. Super. 1987); *Bankers Life Co. v. Denton*, 120 Ill.App. 458 N.E.2d 203, 205 ( Ill.App. 1983). These cases hold that the HUD regulations do not create an implied cause of action for damages, but may be used only defensively as an affirmative defense to a judicial foreclosure action instituted by the creditor. *Id.*

Dietz is not seeking to use HUD regulations as a defense to foreclosure. Dietz's breach of contract claim is post-foreclosure and he cannot assert a violation of HUD regulations as a basis for a contract claim. The breach of contract claim is subject to dismissal.

This ruling is in accord with the provisions of the DTA which bars all post-foreclosure claims except those that allege "failure of the trustee to materially comply with the provisions of this chapter." RCW 61.24.127(1)(c); *Plein v. Lackey*, 149 Wn.2d 214, 227-28 (2003); *Brown v.*

ORDER GRANTING DEFENDANTS WELLS FARGO AND MERS'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT WITH PREJUDICE- 6

1  *Household Realty Corp.,* 146 Wn.App. 157, 163 (2008).  Neither Wells Fargo nor MERS is the

2  trustee and the post-foreclosure contract claim is barred.

3  **FRAUD**

4  Dietz's fourth cause of action alleges a fraud conspiracy.  Dietz asserts that MERS

5  members conspired to commit fraud by using MERS as a sham beneficiary, promoting and

6  facilitating predatory lending practices through the use of MERS, and making it impossible for

7  borrowers to track the changes in lenders.  See Dkt. 20-1 pp.16-17.  The essence of Dietz's claim

8  is that all the defendants committed fraud by including MERS in the mortgage loan transaction.

9  Fed. R. Civ. P. 9(b) imposes a heightened pleading standard for parties alleging fraud,

10  requiring that they "state with particularity the circumstances constituting fraud."  *Swartz v.*

11  *KPMG LLP,* 476 F.3d 756, 764 (9th Cir. 2007).  Each of nine elements must be established to

12  prevail on a claim for fraud under Washington law:

13  (1) Representation of an existing fact; (2) materiality; (3) falsity; (4) the speaker's
knowledge of its falsity; (5) intent of the speaker that it should be acted upon by the
14  plaintiff; (6) plaintiff's ignorance of its falsity; (7) plaintiff's reliance on the truth of
the representation; (8) plaintiff's right to rely upon it; and (9) damages suffered by the
15  plaintiff.

16  *Stiley v. Block*, 130 Wn.2d 486, 505 (1996).

17  Dietz's allegations fail to address several of these necessary elements for a fraud claim.

18  Dietz has not identified any representations made to him about the MERS system and its role in

19  his mortgage loan that were false and material. None of Dietz's allegations indicate that the he

20  was misinformed about MERS's role as a beneficiary, or the possibility that the loan would be

21  resold and tracked through the MERS system.  Dietz has not alleged that he relied on any

22  misrepresentations about MERS in deciding to enter into the mortgage loan, or that he would not

23  have entered into the loan if he had more information about how MERS worked.  Dietz has also

24  ORDER GRANTING DEFENDANTS WELLS
FARGO AND MERS'S MOTION TO DISMISS
PLAINTIFF'S SECOND AMENDED COMPLAINT
WITH PREJUDICE- 7

failed to show that the designation of MERS as a beneficiary caused any injury, i.e. affected the terms of his mortgage loan, the ability to repay the loan, or his obligation as borrower. See *Wear v. Sierra Pacific Mortg. Co., Inc.*, 2013 WL 6008498, *2 (W.D. Wash. 2013)

The mere inclusion of MERS in the loan transaction is not actionable under Washington law. *Bain v. Metro. Mtg. Group., Inc.*, 175 Wash.2d 83, 120 (2012). The mere inclusion of MERS in a loan transaction also does not support a fraud claim. *Babrauskas v. Paramount Equity Mtg.*, 2013 WL 5743903, *5 (W.D. Wash. 2013); *Abubo v. Bank of New York Mellon*, 2011 WL 6011787, *8 (D. Haw. 2011); *Green v. Eagle Bank*, 2013 WL 6248848, *9-10 (D. Mont. 2013).

Dietz has failed to state a claim for conspiracy to commit fraud.

## DISMISSAL WITH PREJUDICE

If a Rule 12(b)(6) motion to dismiss is granted, claims may be dismissed with or without prejudice, and with or without leave to amend. In assessing whether a case should be dismissed with prejudice and without leave to amend, five factors should be considered: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint. *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004); *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir.1995)).

Here, the complaint has been previously dismissed against these Defendants with leave to amend the complaint. See Dkt. 15. Dietz has filed two amended complaints that have failed to cure the deficiencies in the original complaint. Further amendment would be futile and prejudicial to Defendants. Wells Fargo and MERS are entitled to dismissal of Plaintiff's Second Amended Complaint with prejudice.

## CONCLUSION

For the foregoing reasons, it is herby **ORDERED**:

1. Defendants Wells Fargo and MERS's Motion to Dismiss Plaintiff's Second Amended Complaint (Dkt. 23) is **GRANTED.**

2. Defendants Wells Fargo Home Mortgage, Wells Fargo Bank, N.A., Mortgage Electronic Registration Systems, Inc., and MERSCorp., Inc. are **DISMISSED** from this lawsuit **WITH PREJUDICE.**

3. The claims against Defendants Quality Loan Service Corp. of Washington and McCarthy & Holthus, LLP may proceed.

4. The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 25th day of March, 2014.

*[signature: Robert J. Bryan]*

ROBERT J. BRYAN
United States District Judge

ORDER GRANTING DEFENDANTS WELLS
FARGO AND MERS'S MOTION TO DISMISS
PLAINTIFF'S SECOND AMENDED COMPLAINT
WITH PREJUDICE- 9