THE HONORABLE ROBERT J. BRYAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TIMOTHY DIETZ, <br><br> Plaintiff, <br><br> vs. <br><br> QUALITY LOAN SERVICE CORP. OF WASHINGTON; <br><br> WELLS FARGO HOME MORTGAGE; <br><br> WELLS FARGO BANK, N.A.; <br><br> MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; <br><br> MERSCORP, INC.; <br><br> MCCARTHY & HOLTHUS, LLP; <br><br> DOE DEFENDANTS 1 - 20 <br><br> Defendants. | Civil Case No.: 3:13-cv-05948-RJB <br><br> MOTION FOR RECONSIDERATION ON ORDER DISMISSING WELLS FARGO HOME MORTGAGE, WELLS FARGO BANK N.A., MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, LLC, MERSCORP, INC. <br><br> <u>NOTE ON MOTION CALENDAR:</u> <br> April 24, 2014 |

1. I object to the courts order granting Wells Fargo Home Mortgage and Wells Fargo Bank, N.A. (collectively "Wells Fargo") and MERS motion to dismiss (Dkt. 30).

MOTION FOR RECONSIDERATION
Civil Case No.: 3:13-cv-05948-RJB

Timothy Dietz
2503 34th Ave
Longview Washington 98632
360-442-9832

1 of 8

2. Plaintiff, while studying the rules of the court and the laws that govern the court, has learned that he has been unjustly prejudiced for lack of knowledge in order to justly and timely object to Wells Fargo and MERS motion to dismiss (Dkt. 6, 23).

3. Wells Fargo and MERS motion to dismiss (Dkt. 6, 23) is not supported by any sworn statements from Wells Fargo or MERS.

4. No facts in this case have been objected to or disputed by neither Wells Fargo nor MERS.

5. Plaintiff has recently learned that Wells Fargo and MERS motion to dismiss is nothing more than a demurrer inasmuch as they only argue law and not the facts of the case. Any motion that tenders for the courts consideration of facts must be submitted, supported by an affidavit of a witness competent to testify.

6. Plaintiff has also just recently learned that in bringing a Fed. R. Civ. P. 12(b)(6) motion, there has to be someone who testifies under oath to impeach the Plaintiffs claim by clear and convincing evidence.

7. The attorneys have purposefully crafted a motion to draw the courts attention away from the relevant facts of the case. The court should strike the motions (Dkt. 6, 23) on grounds that it is an insufficient defense to the action, and further it is impertinent. Any federal court may strike any impertinent matter from a pleading Fed. R. Civ. P. 12(f).

8. The evidence relied upon (Dkt. 7) in Wells Fargo and MERS motion to dismiss (Dkt. 6, 23) do not meet the requirements of the federal rules of evidence and are considered hearsay and therefore should be stricken.

9. This case has been incorrectly referred to as a wrongful foreclosure case (Dkt. 6 p. 1, Dkt. 15 p. 2, Dkt. 23 p. 1, Dkt. 30 p. 2) by both the court and the attorney for Wells Fargo and MERS. The foreclosure itself has never been at issue here. The elements of the law by
MOTION FOR RECONSIDERATION  
Civil Case No.: 3:13-cv-05948-RJB

Timothy Dietz  
2503 34th Ave  
Longview Washington 98632  
360-442-9832

2 of 8

which Wells Fargo must strictly comply with while attempting to foreclose has been violated and is the basis of the complaint and the Plaintiff has supported these elements with facts. If one owes another a debt and the one being owed breaks the legs of the one owing while attempting to collect on that debt then the one being owed has violated the law. The debt is still owed but the one being owed now must be held accountable for violating the law while attempting to collect on that debt. Breaking the legs of the one owing while attempting to collect a debt is not a legal option for the one being owed, just as blatantly ignoring a duty to maintain strict compliance of the law while attempting to foreclose is not an option for Wells Fargo or MERS.

10. The attorneys for Wells Fargo have testified for Wells Fargo (Dkt. 6 pg. 1,5, 8, Dkt. 23 pg. 6) which is in violation of the ABA code of professional responsibility and should be disqualified as counsel as a matter of law.

11. The attorneys for Wells Fargo and MERS have claimed that the DTA is barred because the Plaintiff failed to bring a motion to restrain the sale (Dkt. 6 pg. 1, 2). That is an incorrect reading of the Statute and has been addressed in Plaintiffs motion in opposition to motion to dismiss (Dkt. 11 pg. 3 ¶ 12).

12. The attorneys for Wells Fargo and MERS have acknowledged that the plaintiff has filed a detailed and specific complaint (Dkt. 6 pg. 2).

13. The attorneys for Wells Fargo and MERS acknowledge that Wells Fargo cannot be a debt collector unless the loan was in default at the time it was *assigned* [emphasis added] (Dkt. 6 pg. 5).

14. The attorneys for Wells Fargo and MERS acknowledge that the Plaintiffs loan was in default at least as of December 1, 2010 (Dkt. 6 pg. 3, Dkt 23 pg. 2, 3).

MOTION FOR RECONSIDERATION  
Civil Case No.: 3:13-cv-05948-RJB

Timothy Dietz  
2503 34th Ave  
Longview Washington 98632  
360-442-9832

15. The attorneys for Wells Fargo and MERS acknowledge that the servicing rights were assigned to Wells Fargo on or about May 17, 2011 (Dkt. 6 pg. 2, Dkt 23 pg. 3) and have never disputed the fact that the servicing rights were assigned on this date.

16. Based on the facts acknowledge by the attorneys for Wells Fargo and MERS in ¶ 9, 10, 11, the attorneys for Wells Fargo and MERS Acknowledge that the Plaintiffs loan was in default at the time it was assigned.

17. The attorneys for Wells Fargo and MERS argue that Plaintiffs claim of a violation of 15 U.S.C. § 1641(g) is time barred (Dkt. 6, pg. 7). This statute was not made a cause of action as it is time barred but does not escape the fact that Wells Fargo deliberately hide the allegation of purchase of the Plaintiffs note and their duty under § 1641(g) which was breeched and the Plaintiff included this allegation in order for this court to take judicial notice of this breech of duty to establish a pattern of deliberate violations by Wells Fargo. However, this is not an FDCPA claim as the attorneys for Wells Fargo and MERS claim (Dkt. 6 pg. 7 ¶ 2), it is a TILA violation.

18. The testimony by the attorneys for Wells Fargo and MERS in Dkt. 6 pg. 8 as to the business practices of Wells Fargo are not supported by any facts or sworn statements from Wells Fargo.

19. Plaintiffs Note dated September 25, 2008 (Dkt. 10-1 p. 2) states the amount borrowed from Hyperion Capital Group, LLC as $192,375.00 (Dkt. 10-1 p. 2 ¶ 2, Dkt. 20 p. 6 ¶ 15).

20. The alleged customer account activity statement (Dkt. 19-1 pg. 5-7) provided by Wells Fargo states a beginning date that Wells Fargo alleges to have started servicing the Plaintiffs loan as December 4, 2009, which is one year and two months after the date stated on the Plaintiffs note. The beginning balance on December 4, 2009 as stated by

MOTION FOR RECONSIDERATION  
Civil Case No.: 3:13-cv-05948-RJB

Timothy Dietz  
2503 34th Ave  
Longview Washington 98632  
360-442-9832

Wells Fargo was $198,144.60 (Dkt. 19-1 p. 5, Dkt. 20-1 p. 3 ¶ 122). That is an increase of $5,769.60 from Plaintiff's original loan amount of September 25, 2008 (Dkt. 20-1 p. 3 ¶ 123). Plaintiff has addressed this issue in his second amended complaint (Dkt. 20-1 pg. 3 ¶ 123).

21. Wells Fargo has refused to offer any explanation of this difference. Plaintiff has addressed this issue in his second amended complaint (Dkt. 20-1 pg. 3 ¶ 124). Absent any explanation for this difference one would be required to logically conclude that a default existed when Wells Fargo allegedly started servicing Plaintiffs loan. Wells Fargo's own records (Dkt. 19-1 p. 5) clearly imply an admittance that a default of Plaintiff's loan existed prior to acquiring the servicing of the Plaintiff's loan. Thus, Wells Fargo cannot hide under the protections of 15 U.S.C. § 1692a(6)(F)(iii).

22. Attorneys for Wells Fargo suggest that it is a fact that Wells Fargo purchased Plaintiffs loan in 2008 (Dkt. 6 pg. 6) relying on Dkt. 1 ¶ 69. This paragraph lacks any actual date, let alone 2008. In that same paragraph Plaintiff argues the validity of Wells Fargo as being the owner of the note.

23. This paragraph therefore cannot be relied upon as a fact of sale of the note. In communications from Wells Fargo to Plaintiff, Wells Fargo stated part of the disclosure as required by the FDCPA (Dkt. 20-1 p. 2 ¶ 117, Dkt. 19-1 p. 2), essentially self-admitting to being liable and accountable to the FDCPA.

24. Attorneys for Wells Fargo suggest that it is a fact that Plaintiff originally defaulted in 2010 (Dkt 6 pg. 6). Attorneys for Wells Fargo rely upon a document that does not exist and has not been offered in support of their claim.

MOTION FOR RECONSIDERATION
Civil Case No.: 3:13-cv-05948-RJB

Timothy Dietz
2503 34th Ave
Longview Washington 98632
360-442-9832

5 of 8

25. Wells Fargo and MERS have not disputed any factual allegations presented by the Plaintiff and the attorneys for Wells Fargo and MERS have argued only law and not facts in both their motions to dismiss (Dkt. 6, 23). The attorneys for Wells Fargo and MERS became witnesses for their clients the moment they offered testimony for their clients. Therefore the court should strike both motions in their entirety as a matter of law.

26. The Courts order on motion to dismiss states that it is an undisputed fact that Wells Fargo purchased the loan in 2008 (Dkt. 15 p. 7). The Plaintiff has made no factual references in neither the documents attached to the complaint or the complaint itself that would imply that the Plaintiff conceded as fact that Wells Fargo had purchased Plaintiffs note in 2008. In fact, the opposite is true. Wells Fargo has not attempted to provide any evidence of any purchase of the note in 2008 or any other year. There have only been allegations by Wells Fargo that Wells Fargo had purchased the Plaintiffs note after closing (Dkt. 19-6 pg. 2) which could mean just about anything since the attorneys for Wells Fargo could not possibly know the business practices of Wells Fargo as they have previously testified to as knowing. The Plaintiff has contested the allegations by Wells Fargo as having purchased his note (Dkt. 1 p. 10 ¶ 69, Dkt. 19-7 p. 3 ¶ 3, Dkt. 19-9 p. 2 ¶ 1, (Dkt. 19-9 p. 2 ¶ 2, Dkt. 20-1 p. 6 ¶ 142, (Dkt. 20-1 p. 7 ¶ 153).

27. The Courts order on motion to dismiss states that many courts have held that mortgage companies are not debt collectors liable under the FDCPA (Dkt. 15 p. 6 ¶ 3). There is a distinction between a mortgage company and a mortgage servicer. Wells Fargo is the alleged mortgage servicer and does not fall within this observation.

28. In the courts order (Dkt. 30 pg. 4), the court states that The FDCPA's definition of a debt collector "does not include the consumer's creditors, a mortgage servicing company, or

MOTION FOR RECONSIDERATION  
Civil Case No.: 3:13-cv-05948-RJB

Timothy Dietz  
2503 34th Ave  
Longview Washington 98632  
360-442-9832

6 of 8

any assignee of the debt, so long as the debt was not in default at the time it was assigned." *Nool v. HomeQ Servicing,* 653 F. Supp.2d 1047, 1053 (E.D. Cal. 2009). The attorneys for Wells Fargo clearly state that the Plaintiffs loan was in a default status on 12/1/2010. Exhibit C (Dkt. 10-3 pg. 2-3) clearly shows an assignment to Wells Fargo after a default had occurred. Plaintiffs second amended complaint clearly alleges an assignment after a default had occurred (Dkt. 20 pg. 8 ¶ 27).

29. In the courts order (Dkt. 30 pg. 4), states that the debt was not in default at the time of assignment to Wells Fargo, relying on Dkt. 15 pg. 15, which does not exist.

30. In the courts order (Dkt. 30 pg. 4), The court is testifying for Wells Fargo stating that Wells Fargo is not a debt collector without giving any reference to the pleadings.

**WHEREFORE,** Plaintiff moves the court to reconsider its order to dismiss Wells Fargo and MERS and strike the order granting motion to dismiss and enter an order denying Wells Fargo and MERS motion to dismiss, and any other and further relief which is just and proper under the totality of the circumstances.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

EXECUTED on April 23, 2014, at Longview, Washington.

_____
Timothy Dietz

CERTIFICATE OF SERVICE

MOTION FOR RECONSIDERATION
Civil Case No.: 3:13-cv-05948-RJB

Timothy Dietz
2503 34th Ave
Longview Washington 98632
360-442-9832

7 of 8

1  I HEREBY CERTIFY that a true and correct copy of the foregoing will be electronically
2  mailed to all Defendants this 23rd day of April, 2014.

3  Respectfully,

4  *[signature]*
   Timothy Dietz
5  2503 34th Ave
   Longview WA 98632
6  360-442-9832
   timthepostman@yahoo.com

MOTION FOR RECONSIDERATION                                                          Timothy Dietz
Civil Case No.: 3:13-cv-05948-RJB                                                   2503 34th Ave
                                                                             Longview Washington 98632
                                                                                     360-442-9832