|   |   |
|---|---|
| | UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA |

| | |
|---|---|
| TIMOTHY DIETZ,<br><br>               Plaintiff,<br><br>   v.<br><br>QUALITY LOAN SERVICE CORP. OF WASHINGTON; WELLS FARGO HOME MORTGAGE; WELLS FARGO BANK, N.A.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; MERSCORP, INC.; McCARTHY & HOLTHUS LLP; DOE DEFENDANTS 1-20,<br><br>               Defendants. | CASE NO. C13-5948 RJB<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME AND DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION |

This matter comes before the Court on Plaintiff's Motion for an extension of time (Dkt. 32) and Motion for Reconsideration (Dkt. 32). The Court has considered the pleadings and the record herein.

ORDER GRANTING PLAINTIFF'S MOTION FOR
AN EXTENSION OF TIME AND DENYING
PLAINTIFF'S MOTION FOR
RECONSIDERATION- 1

Initially, Plaintiff's has requested an extension of time in which to file the present motion for reconsideration. Dkt. 32. The Court will grant the motion for an extension of time and consider the motion for reconsideration.

Pursuant to Local Rules W.D. Wash. CR 7(h)(1), motions for reconsideration are disfavored, and will ordinarily be denied unless there is a showing of (a) manifest error in the ruling, or (b) facts or legal authority which could not have been brought to the attention of the court earlier, through reasonable diligence. The term "manifest error" is "an error that is plain and indisputable, and that amounts to a complete disregard of the controlling law or the credible evidence in the record." *Black's Law Dictionary* 622 (9th ed. 2009).

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Natraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009). Neither the Local Civil Rules nor the Federal Rule of Civil Procedure, which allow for a motion for reconsideration, is intended to provide litigants with a second bite at the apple. A motion for reconsideration should not be used to ask a court to rethink what the court had already thought through — rightly or wrongly. *Defenders of Wildlife v. Browner*, 909 F.Supp. 1342, 1351 (D. Ariz. 1995). Mere disagreement with a previous order is an insufficient basis for reconsideration, and reconsideration may not be based on evidence and legal arguments that could have been presented at the time of the challenged decision. *Haw. Stevedores, Inc. v. HT & T Co.*, 363 F.Supp.2d 1253, 1269 (D. Haw. 2005). Whether or not to grant reconsideration is

ORDER GRANTING PLAINTIFF'S MOTION FOR
AN EXTENSION OF TIME AND DENYING
PLAINTIFF'S MOTION FOR
RECONSIDERATION- 2

committed to the sound discretion of the court.  *Navajo Nation v. Confederated Tribes & Bands of the Yakima Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

The motion to dismiss standard, Fed. R. Civ. P. 12(b)(6), permits the Court to consider documents not physically attached to the complaint if the documents' authenticity is not contested and the plaintiff's complaint necessarily relies on them.  The Court also may take judicial notice of matters of public record.  The documents considered by the Court in this case are those necessarily relied upon by the complaint, are uncontested, and are of public record.  These documents provide the basic facts of the case that warranted the dismissal of the action.

Plaintiff has not met the criteria for reconsideration.  Plaintiff has not shown manifest error in the ruling, or facts or legal authority which could not have been brought to the attention of the court earlier, through reasonable diligence.

## CONCLUSION

For the foregoing reasons, it is herby **ORDERED**:

1. Plaintiff's Motion for an extension of time (Dkt. 31) is **GRANTED**.

2. Plaintiff's Motion for Reconsideration (Dkt. 32) is **DENIED**.

3. The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 29th day of April, 2014.

ROBERT J. BRYAN
United States District Judge

ORDER GRANTING PLAINTIFF'S MOTION FOR
AN EXTENSION OF TIME AND DENYING
PLAINTIFF'S MOTION FOR
RECONSIDERATION- 3