THE HONORABLE ROBERT J. BRYAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TIMOTHY DIETZ,

      Plaintiff,

vs.

QUALITY LOAN SERVICE CORP. OF
WASHINGTON;

WELLS FARGO HOME MORTGAGE;

WELLS FARGO BANK, N.A.,

MCCARTHY AND HOLTHUS, LLP,

DOE DEFENDANTS 1 - 20

      Defendants.

Civil Case No.:  CV-13-5948-RJB

**MOTION TO ACCEPT SERVICE OF
SUMMONS AS BEING WAIVED AND
THAT THE DATE OF SERVICE OF
THE WAIVER BE DEFINED AS THE
DATE FROM WHICH THE USPS
DOCUMENTS AS THE DELIVERY
DATE OF THE WAIVER OF SERVICE**

<u>**NOTE ON MOTION CALENDAR:**</u>
**SEPTEMBER 5, 2014**

PURSUANT to the Federal Rules of Civil Procedure 4(d), an individual, corporation, or
association has a duty to avoid unnecessary costs of serving the summons. In order to move
this case along without undue delay, the Plaintiff is asking the court to accept the service of
summons as being waived and to accept the date of waiver of service as documented by the
USPS. Waiver of service has been sent to all defendants in February of 2014.

MOTION TO ACCEPT WAIVER OF SERVICE
CV-13-5948-RJB

Timothy Dietz
2503 34th Ave
Longview Washington 98632
360-442-9832

- 1 of 5 -

1. "Primary purpose of this rule providing for process is to give adequate notice of pendency of an action." *Sechrist v. Palshook*, D.C.Pa. 1951, 97 F.Supp. 505. Defendants have acknowledged pendency of an action against them by their notice of appearance filed on March 7, 2014. Should waiver not be accepted, then Defendants are to bear the costs of service. "Defendant who failed to respond despite actual service by first class mail and refused to execute acknowledgement of service would be required to bear costs of personal service." *Kress v. Scott Instruments*, W.D.Pa. 1987, 116 F.R.D. 631. "Attorney fees of over $1200 were allowable, pursuant to Federal Rule of Civil Procedure, as reasonable cost of obtaining personal service upon defendant who failed to acknowledge service by mail." *Premier Bank, Nat. Ass'n v. Ward*, M.D.La. 1990, 129 F.R.D.500.

2. Rule 4(d) states in relevant part;

> "Waiver of Service; Duty to Save Costs of Service; Request to Waive
> (2) An individual, corporation, or association that is subject to service under subdivision (e), (f), or (h) and that receives notice of an action in the manner provided in this paragraph has a duty to avoid unnecessary costs of serving the summons. To avoid costs, the plaintiff may notify such a defendant of the commencement of the action and request that the defendant waive service of a summons.
> (4) When the Plaintiff files a waiver of service with the court, the action shall proceed, except as provided in paragraph (3), as if a summons and complaint had been served at the time of filing the waiver, and no proof of service shall be required."

3. Plaintiff has followed the procedures for delivery of the waiver of service pursuant to the FRCP 4(d) and the only response that the Plaintiff has received is a notice of appearance.. Although proof of service is not required, one was filed anyway on February 15, 2014, Dkt. 22. The USPS documents delivery of the waiver of service to Quality Loan Service Corp. as February 25, 2014 (Attachment 1). The USPS documents

MOTION TO ACCEPT WAIVER OF SERVICE
CV-13-5948-RJB

Timothy Dietz
2503 34th Ave
Longview Washington 98632
360-442-9832

delivery of the waiver of service to McCarthy and Holthus as February 18, 2014

(Attachment 2). Defendants Quality Loan Service Corp. and McCarthy and Holthus have

taken the rules of civil procedure lightly as they have not returned the Waiver of service

to the Plaintiff, disrespecting the courts intention of costs saving.

4. FCRP rule 7.1 has a defined purpose which has been ignored by the Defendants. Rule

7.1(a) states in relevant part;

> "(a) A nongovernmental corporate party to an action or proceeding in a district
> court must file two copies of a statement that identifies any parent
> corporation and any publicly held corporation that owns 10% or more of
> its stock or states that there is no such corporation."

FRCP rule 7.1(b) states in relevant part;

> "(b) A party must
>     (1) file the rule 7.1(a) statement with its first appearance."

Neither Defendant has filed the rule 7.1 disclosures with their appearance.

5. At the completion of the rule 26(f) conference, defendant offered to file the joint

conference and scheduling report but failed to follow through, prompting the court to file

an Order to Show Cause upon the Plaintiff.

6. LCR 10 has also been disrespected by the Defendants. LCR 10(f) states that "any

attorney representing any party or any party not represented by an attorney must file a

notice with the court of any change in address, telephone number or e-mail address.

Such notice must be received by the Clerk's Office within ten days of the change."

Quality Loan Service Corp. and McCarthy and Holthus have changed their address from

Poulsbo, Washington to Seattle, Washington and have not informed the Clerk's Office

nor have they informed the Plaintiff of any such change.

MOTION TO ACCEPT WAIVER OF SERVICE
CV-13-5948-RJB

Timothy Dietz
2503 34th Ave
Longview Washington 98632
360-442-9832

WHEREFORE the Plaintiff moves the court to enter an order accepting the service of summons as being waived in order to avoid undue delay.

WHEREFORE the Plaintiff moves the court to accept the date of the waiver of service to Quality Loan Service Corp. as February 25, 2014.

WHEREFORE the Plaintiff moves the court to accept the date of the waiver of service to McCarthy and Holthus as February 18, 2014.

Dated August 22, 2014

## CERTIFICATE OF SERVICE

I CERTIFY UNDER PENALTY OF PERJURY under the laws of the State of Washington that the foregoing is true and correct and that a copy of the foregoing has been electronically provided to Robert McDonald, Esq., Attorney of Record.

Dated this 22nd day of August, 2014.

Timothy Dietz

## VERIFICATION

**STATE OF WASHINGTON**

**COUNTY OF THURSTON**

BEFORE ME personally appeared Timothy Dietz who, being by me first duly sworn and identified in accordance with Washington law, deposes and says:

1. My name is Timothy Dietz, Defendant herein.
2. I have read and understood the attached foregoing herein, and each fact alleged therein is true and correct of my own personal knowledge.

FURTHER THE AFFIANT SAYETH NAUGHT.

Timothy Dietz
2503 34th Ave
Longview Washington 98632
360-442-9832

MOTION TO ACCEPT WAIVER OF SERVICE
CV-13-5948-RJB

Timothy Dietz, Affiant

SWORN TO and subscribed before me this 22nd day of August, 2014.

Notary Public

My commission expires: 11/29/2016

DANIEL A SEIFFERT
NOTARY
Nov 29 2016
PUBLIC
STATE OF WASHINGTON

MOTION TO ACCEPT WAIVER OF SERVICE
CV-13-5948-RJB

Timothy Dietz
2503 34th Ave
Longview Washington 98632
360-442-9832