1
2
3
4
5
6
7
8          UNITED STATES DISTRICT COURT
           WESTERN DISTRICT OF WASHINGTON
9                    AT TACOMA
10

11   TIMOTHY DIETZ,                        CASE NO. C13-5948 RJB

                    Plaintiff,             ORDER DENYING PLAINTIFF'S
12                                         MOTION TO ACCEPT SERVICE OF
           v.                              SUMMONS AS WAIVED
13

14   QUALITY LOAN SERVICE CORP. OF
     WASHINGTON, *et al.,*
15
                    Defendants.
16

17         This matter comes before the Court on Plaintiff's motion to accept service of summons as

18   being waived.  Dkt. 44.  Plaintiff seeks an order finding that service of the summons was

19   effectuated on Defendants Quality Loan Service and McCarthy & Holthus, LLP when the

20   waivers of service were sent to defendants, or alternatively that service was waived as of the date

21   the requests for waiver were received.  *Id*.  The Court has considered the pleadings in support of

22   and in opposition to the motion and the record herein.

23

24

ORDER DENYING PLAINTIFF'S MOTION TO
ACCEPT SERVICE OF SUMMONS AS WAIVED-
1

**INTRODUCTION AND BACKGROUND**

Plaintiff asserts that he has followed the procedures for delivery of waiver of service pursuant to Fed. R. Civ. P. 4 by mailing the second amended complaint and "waiver of service of summons package" to the defendants on February 15, 2014.  Dkt. 22, Dkt. 44.  Defendants Quality Loan Service and McCarthy & Holthus, LLP did not return the waiver of service. Defendants have filed notices of appearance without waiver of any defenses, including insufficiency of process and lack of jurisdiction.  Dkts. 24, 25, and 43.

**SERVICE OF PROCESS AND FED. R. CIV. P. 4(d)**

A federal court does not have jurisdiction over a defendant unless the defendant has been properly served under Fed. R. Civ. P. 4.  *Direct Mails Specialists, Inc. v. Eclat Computerized Techs., Inc.,* 840 F.2d 685, 688 (9th Cir. 1988).  To determine whether service of process is proper, the court looks to the requirements of Fed. R. Civ. P. 4.

Rule 4 provides that "[a] summons must be served with a copy of the complaint."  Fed. R. Civ. P. 4(c)(1).  Service on a corporate defendant can be effectuated by following state law for service of a summons on an individual or by delivering a copy of the summons and complaint to an officer or other authorized agent of the defendant.  Fed. R. Civ. P. 4(h)(1); 4(e)(1).

Alternatively, Rule 4 permits service by mail when certain requirements are met.  Fed. R. Civ. P. 4(d).  The plaintiff may notify a defendant that an action has been commenced and request that the defendant waive service of a summons.  Fed. R. Civ. P. 4(d)(1).  The plaintiff's request must be accompanied by a copy of the complaint, two copies of a waiver form, and a prepaid means for returning the form, give the defendant a reasonable time of at least 30 days after the request was sent to return the waiver, and be sent by first-class mail or other reliable means.  *Id.*

1    Plaintiff contends that he complied with Rule 4(d) and service should be declared

2  effective.  Such relief is not permitted.  A defendant is not required to accept a request for waiver

3  of service.  If the defendant does not waive service, service has not been effected.  *Larsen v.*

4  *Mayo Medical Center*, 218 F.3d 863, 867-68 (8th Cir. 2000).  Thus, if the defendant does not

5  return the waiver form, the plaintiff must still serve the summons and complaint in a manner

6  prescribed by Rule 4.  See Fed. R. Civ. P. 4(d)(2).  While a defendant generally has a duty to

7  avoid the unnecessary expenses of serving the summons,[1] a defendant has no obligation to waive

8  its due process right to proper service.  *Adams v. AlliedSignal Gen. Aviation Avionics*, 74 F.3d

9  882, 885-86 (8th Cir. 1996); *3BA Properties LLC v. Claunch*, 2014 WL 2619070 n. 11 (W.D.

10  Wash. 2014).

11    Plaintiff's motion is without merit and will be denied.

12                                **CONCLUSION**

13    Therefore, it is hereby **ORDERED:**

14    Plaintiff's motion to accept service of summons as being waived (Dkt. 44) is **DENIED.**

15    The Clerk is directed to send uncertified copies of this Order to all counsel of record and

16  to any party appearing *pro se* at said party's last known address.

17    Dated this 12th day of September, 2014.

18

19    _____

20    ROBERT J. BRYAN
      United States District Judge

21

22  _____

23  [1]  The consequences of failing to return a waiver of service is that absent a showing of good
    cause, a defendant who fails to execute a valid waiver must pay the costs of formal service and
    any costs, including reasonable attorney's fees, of any motion required to collect service

24  expenses.  Fed. R. Civ. P. 4(d)(2).

ORDER DENYING PLAINTIFF'S MOTION TO
ACCEPT SERVICE OF SUMMONS AS WAIVED-
3