THE HONORABLE ROBERT J. BRYAN

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TIMOTHY DIETZ; <br><br> Plaintiffs, <br><br> vs. <br><br> QUALITY LOAN SERVICE CORP. OF WASHINGTON; et. al., <br><br> Defendants. | No.: 13-05948-RJB <br><br> MOTION FOR SUMMARY JUDGMENT BY DEFENDANTS QUALITY LOAN SERVICE CORPORATION OF WASHINGTON AND McCARTHY & HOLTHUS, LLP <br><br> **NOTE ON MOTION CALENDAR: OCTOBER 17, 2014** |

COMES NOW defendants Quality Loan Service Corporation of Washington ("Quality") and McCarthy & Holthus, LLP ("M&H") and moves the court for summary judgment of dismissal pursuant to FRCP 56.

## I.   FACTS

The pertinent facts are contained in the Court's two previous orders dismissing Wells Fargo and MERS.[1] Those facts are restated and supplemented as follows.

A.   <u>Loan Default and Non-Judicial Foreclosure</u>.

On September 25, 2008, Plaintiff executed a Note (the "Note") in favor of Hyperion Capital Group, LLC (the "Lender") for the principal sum of $192,375.00.[2]

As security for the Note, Plaintiff executed a Deed of Trust (the "Deed of Trust") in favor of Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for the Lender and its successors and assigns, encumbering real property commonly known as 2503 34th Avenue,

---

[1] Dkt 15 & 30
[2] Amended Complaint Exhibit L

Motion for Summary Judgment
Page -1-
MH #WA-14-614695-CV (QLS); WA-14-614702-CV (MH)

McCarthy & Holthus LLP
108 1st Ave South STE 300
Seattle, Washington
PH: (206) 319-9100
FAX: (206) 780-6862

Longview, WA 98632 (the "Property").[3]  The Deed of Trust is recorded under Cowlitz County Recorder's No. 3378077.

On May 16, 2011, MERS executed an Assignment of Deed of Trust, assigning the Deed of Trust to Wells Fargo Bank, N.A. ("Wells Fargo").[4]  The Assignment of Deed of Trust is recorded under Cowlitz County Recorder's No. 3437015.

Plaintiff defaulted under the terms of the Note and Deed of Trust by reason of nonpayment.[5]

On February 21, 2012, Wells Fargo executed an Appointment of Successor Trustee, appointing Quality as trustee under the Deed of Trust.[6]  The Appointment of Successor Trustee is recorded under Cowlitz County Recorder's No. 3451510.

On July 26, 2012, Quality issued a Notice of Default.[7]  The Notice of Default included Wells Fargo's Foreclosure Loss Mitigation Form, indicating the Plaintiff did not request a pre-foreclosure meet and confer.[8]

On August 4, 2012, Plaintiff wrote a letter to Quality "contesting the validity of the debt," and asking for a copy of the Note.[9]  Quality responded with a letter dated September 6, 2012, which included a copy of the Note.[10]

On April 17, 2013, Plaintiff wrote another letter to Quality.[11]  Similar to the previous letter, Plaintiff disputed the enforceability of the Note and Deed of Trust, and Wells Fargo's ability to appoint Quality as successor trustee.  Plaintiff also alleged that signatures were "fraudulent."  Plaintiff also asked Quality for a copy of its Beneficiary Declaration.  On June 4, 2013, Quality's attorneys, M&H, sent a responsive letter to Plaintiff, which included a copy of the Beneficiary Declaration.[12]

---

[3] Decl Lorber Exhibit A
[4] Decl Lorber Exhibit C
[5] Amended Complaint ¶ 85; Exhibit H (identifying the loan as being 21 months in arrears)
[6] Decl Lorber Exhibit D
[7] Amended Complaint Exhibit H
[8] *Id*.
[9] Amended Complaint Exhibit I
[10] Amended Complaint Exhibit L
[11] Amended Complaint Exhibit U
[12] Amended Complaint Exhibit Y

Motion for Summary Judgment
Page -2-
MH #WA-14-614695-CV (QLS); WA-14-614702-CV (MH)

McCarthy & Holthus LLP
108 1st Ave South STE 300
Seattle, Washington
PH: (206) 319-9100
FAX: (206) 780-6862

From August of 2012 to May of 2013, Quality issued three Notices of Sale against the Property; they are found under Cowlitz County Recorder's Nos. 3462652, 3465768, and 3480408.[13] Prior to issuing the Notices of Sale, Quality had in its possession the Beneficiary Declaration from Wells Fargo, confirming that Wells Fargo was the "holder" of the Note.[14]

The last Notice of Sale (Cowlitz County Recorder's No. 3480408) set an auction date of the Property for September 20, 2013. On that day, the auction was held. Wells Fargo was the highest bidder by credit bid. Plaintiff did not file a motion to restrain the sale in either this Court or Cowlitz County Superior Court before the sale occurred.

On September 24, 2013, Quality issued to Wells Fargo a Trustee's Deed Upon Sale.[15] The Trustee's Deed Upon Sale is recorded under Cowlitz County Recorder's No. 3489605.

B.    Subject Lawsuit.

Plaintiff, pro se, filed the subject lawsuit on October 29, 2013, naming Quality, Wells Fargo, and MERS as defendants. An amended complaint was filed on February 7, 2014, adding M&H as a party defendant.[16] Plaintiff alleges various wrongdoings by defendants in connection with foreclosure.

On March 25, 2014, the Court entered an order dismissing all claims against Wells Fargo and MERS.[17] As discussed further below, and based on the record before the Court, dismissal of Quality and M&H is also appropriate.

## II.    ISSUES PRESENTED

1. Whether there is no genuine issue of material fact and dismissal of Quality and M&H is appropriate as a matter of law.

## III.    EVIDENCE RELIED UPON

1. Plaintiffs' complaint and the undisputed facts of which the court may take judicial notice of;

---

[13] Decl of Lorber Exhibits E, G, H
[14] Decl of Herbert-West Exhibit A
[15] Decl Lorber Exhibit I
[16] Dkt 20
[17] Dkt 30

Motion for Summary Judgment
Page -3-
MH #WA-14-614695-CV (QLS); WA-14-614702-CV (MH)

McCarthy & Holthus LLP
108 1st Ave South STE 300
Seattle, Washington
PH: (206) 319-9100
FAX: (206) 780-6862

2. Declaration of Abraham Lorber[18];

3. Declaration of Sierra Herbert-West;

4. This motion and memorandum of law.

## IV.  LEGAL AUTHORITY

**A.  Summary Judgment Standard.**

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt"). See also Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

**B.  Quality Complied With the Deed of Trust Act ("DTA"); No Claim for "Material" Noncomplaince.**

As explained in the motion to dismiss by co-defendants', Plaintiff's failure to enjoin sale results in waiver of his DTA claims that do not survive by operation of RCW 61.24.127.

To the extent Plaintiff claims damages against Quality for not "materially" complying with the DTA under RCW 61.24.127(1)(c), those claims should be dismissed.  The record demonstrates

---

[18] Dkt 7

Motion for Summary Judgment
Page -4-
MH #WA-14-614695-CV (QLS); WA-14-614702-CV (MH)

McCarthy & Holthus LLP
108 1st Ave South STE 300
Seattle, Washington
PH: (206) 319-9100
FAX: (206) 780-6862

Quality complied in all respects with the DTA in advancing the non-judicial foreclosure of the Property.

1. <u>Notice of Default</u>.

Under RCW 61.24.030(8), a notice of default is required 30 days before the recording of a notice of sale. The form of the notice of default is provided by statute, which includes a statement of the arrears. *Id*. For owner-occupied real property, the notice of default must include the Foreclosure Loss Mitigation Form from the beneficiary or its agent, confirming that the beneficiary has satisfied its pre-foreclosure notice requirements. RCW 61.24.031(2). Unless it has violated its duty of good faith, the trustee is allowed to rely on Foreclosure Loss Mitigation Form as evidence that the pre-foreclosure notice requirements have been satisfied. *Id*.

Plaintiff in this case does not dispute defaulting on his loan. He does not dispute receiving the Notice of Default from Quality, with the Foreclosure Loss Mitigation Form attached. Nor does he demonstrate that the form of the Notice of Default, or Foreclosure Loss Mitigation Form, failed to comply with Washington's DTA.

Plaintiff in this case continues to make the same bald assertions that the loan was unenforceable, that Quality could not act as successor trustee, and that "fraud" was committed in signing the documents. Plaintiff failed to provide any support for these positions in his correspondences with Quality pre-sale, nor does he now in this case's pleadings.

Importantly, Quality owes its duty of good faith to *both* parties, not just the Plaintiff. RCW 61.24.010(4). Prior to sale, Plaintiff provided nothing to Quality that would objectively call into question the enforceability of the Note and Deed of Trust, Quality's lawful ability to act as successor trustee, or the integrity of the signature on the Foreclosure Loss Mitigation Form. Quality was, by law, allowed to rely on these documents.

In sum, nothing in the record demonstrates any non-compliance by Quality in issuing the Notice of Default.

2. <u>Notice of Sale</u>.

Under Washington's Deed of Trust Act, the "beneficiary" is the "holder of the instrument or document evidencing the obligations secured by the deed of trust". RCW 61.24.005(2)

Motion for Summary Judgment
Page -5-
MH #WA-14-614695-CV (QLS); WA-14-614702-CV (MH)

McCarthy & Holthus LLP
108 1st Ave South STE 300
Seattle, Washington
PH: (206) 319-9100
FAX: (206) 780-6862

(emphasis added). Washington's Supreme Court has further confirmed that the "beneficiary" is the "holder" of the note obligation. *Bain v. Metropolitan Mortgage Group, Inc.*, 175 Wn.2d 83 (2012).

The trustee's statutory obligation to verify the identity of the beneficiary is triggered prior to issuance of the Notice of Sale:
> **RCW 61.24.030**
> **Requisites to trustee's sale.**
> It shall be requisite to a trustee's sale:
>
> (7)(a) That, for residential real property, before the notice of trustee's sale is recorded, transmitted, or served, the trustee shall have proof that the beneficiary is the owner of any promissory note or other obligation secured by the deed of trust. **A declaration by the beneficiary made under the penalty of perjury stating that the beneficiary is the actual holder of the promissory note or other obligation secured by the deed of trust shall be sufficient proof as required under this subsection.** (emphasis added).

Importantly, per the above, the trustee is allowed to rely on a declaration stating that the beneficiary is the "holder" of the note or obligation.

In this case, the record before the Court demonstrates that prior to issuing the Notice of Sale, Quality had in its possession the Beneficiary Declaration made under penalty of perjury, testifying that Wells Fargo was the "holder" of the Note. The statute expressly allows Quality to rely on this declaration. *See also*, *Trujillo v. Northwest Trustee Services, Inc.*, 2014 Wash.App. LEXIS 1343 (Div. 1, 2014) (trustee can rely on declaration from note "holder").

To the extent Plaintiff alleges defects with MERS' involvement as nominal beneficiary under the Deed of Trust, and alleged defects in the chain-of-title, these are legally irrelevant. The beneficiary with the power to advance the sale is the "holder" of the Note, and the trustee's obligation to verify the "holder" is satisfied by the Beneficiary Declaration.

In sum, Quality had in its possession the Beneficiary Declaration prior to issuing the Notices of Sale. The Beneficiary Declaration was also provided by Quality to Plaintiff in its pre-sale correspondences. Plaintiff offered nothing to Quality, pre-sale, that would objectively call into question the integrity of the Beneficiary Declaration. Nor does Plaintiff have any proof in these proceedings that an entity other than Wells Fargo "held" the Note.

Motion for Summary Judgment
Page -6-
MH #WA-14-614695-CV (QLS); WA-14-614702-CV (MH)

McCarthy & Holthus LLP
108 1st Ave South STE 300
Seattle, Washington
PH: (206) 319-9100
FAX: (206) 780-6862

Quality followed the law in advancing the non-judicial foreclosure on behalf of Wells Fargo. There was no "material" defect in the sale. Nor has Plaintiff suffered damages as a proximate cause of Quality's actions. Rather, Quality's actions of noting and conducting the sale of the property was a legal consequence of Plaintiff's loan default. Thus, to the extent an action against the trustee survives sale under RCW 61.24.127(1)(c), Plaintiff has failed to demonstrate any facts supporting such a claim, and it should be dismissed.

C.  **No Claim Under FDCPA.**

The Fair Debt Collection Act ("FDCPA") was enacted as a broad remedial statute designed to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantage, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. 1692(e). To plead a claim for violation of the FDCPA, Plaintiff must allege facts demonstrating that (1) Defendants were collecting debt as debt collectors and that (2) Defendants' debt collection actions violated the federal statute. *Jerman v. Carlisle, et. al.*, 559 U.S. 573, 130 S.Ct. 1605, 1606 (2010) (citing 15 U.S.C. 1692 et seq).

This Court, in its first order dismissing Wells Fargo and MERS[19], held that "[c]laims based on foreclosure activities are not cognizable under the FDCPA". That would exclude any FDCPA claim against Quality. Quality's only involvement with Plaintiff's loan was advancing the non-judicial foreclosure of the property. The Notice of Default and Notice of Sale(s) are statutorily required notices under Washington's DTA. They are not "debt collection" activities separate from the non-judicial process.

Furthermore, even if Quality was a "debt collector", there is no basis for a claim under 15 USC 1692f(6) (threatening non-judicial action without enforceable security)[20]. Plaintiff admits to signing the Note and Deed of Trust, and defaulting by reason of nonpayment. The Deed of Trust is a legally enforceable security interest against the property. Wells Fargo, as "holder" of the Note,

---

[19] Dkt 15

[20] *Thepvongsa v. Regional Trustee Services Corp.*, 972 F.Supp.2d 1221 (WWD, 2013), footnote 8 ("The current trend among district courts in the Ninth Circuit is to find that, at least insofar as defendant confines itself to actions necessary to effectuate a nonjudicial foreclosure, only Section 1692f(6) of the FDCPA applies.")

Motion for Summary Judgment
Page -7-
MH #WA-14-614695-CV (QLS); WA-14-614702-CV (MH)

McCarthy & Holthus LLP
108 1st Ave South STE 300
Seattle, Washington
PH: (206) 319-9100
FAX: (206) 780-6862

is the legal beneficiary of the Deed of Trust under Washington law, and is entitled to instruct the trustee to proceed with foreclosure.

**D.     No Claims Against M&H.**

Plaintiff's claims against M&H appear to be derivative of those against Quality, and fail for the same reasons.

But even if there was some "material" noncompliance with the DTA by Quality, Plaintiff has no legal basis to impute liability to M&H, Quality's attorneys. Plaintiff acknowledges that Quality and M&H are separately incorporated under the law, and thus, they are entitled to separate treatment under the law. Plaintiff offers no authority for the proposition that one's attorneys can be held liable for the actions of the client.

Finally, to the extent Plaintiff alleges that M&H's representation of both lenders and Quality creates "bias," that claim is only ripe against the trustee, who is the party with the duty to Plaintiff. M&H was not the trustee, as the record confirms, and does not owe any legal duties to Plaintiff.

## V.     CONCLUSION

There are no genuine issues of material fact and dismissal of Quality and M&H is appropriate as a matter of law.

Dated: September 23, 2014

MCCARTHY & HOLTHUS, LLP

/s/ Joseph Ward McIntosh
Joseph Ward McIntosh, WSBA #39470
Attorneys for Quality and M&H

Motion for Summary Judgment
Page -8-
MH #WA-14-614695-CV (QLS); WA-14-614702-CV (MH)

McCarthy & Holthus LLP
108 1st Ave South STE 300
Seattle, Washington
PH: (206) 319-9100
FAX: (206) 780-6862

**CERTIFICATE OF SERVICE**

On Septmber 23, 2014 I caused a copy of Quality Loan Service Corporation of Washington and McCarthy & Holthus, LLP Motion for Summary Judgment, Declaration of Sierra West, and proposed Order Dismissing Quality Loan Service Corporation and McCarthy & Holthus, LLP to be served electronically to the parties and method specified below:

Via CM/ECF
Timothy Dietz
2503 34th Avenue
Longview, WA 98632
360-442-9832
Email: timthepostman@yahoo.com

I declare under penalty of perjury under the laws of the United States of America and the State of Washington that the foregoing Certificate of Service is true and correct and that this Declaration was executed in Seattle, Washington.

Dated: September 23, 2014

McCarthy & Holthus, LLP

*/s/ John Petri*
John Petri

Motion for Summary Judgment
Page -9-
MH #WA-14-614695-CV (QLS); WA-14-614702-CV (MH)

McCarthy & Holthus LLP
108 1st Ave South STE 300
Seattle, Washington
PH: (206) 319-9100
FAX: (206) 780-6862