THE HONORABLE ROBERT J. BRYAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TIMOTHY DIETZ,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>QUALITY LOAN SERVICE CORP. OF WASHINGTON;<br><br>WELLS FARGO HOME MORTGAGE;<br><br>WELLS FARGO BANK, N.A.,<br><br>MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,<br><br>MERSCORP, INC.,<br><br>MCCARTHY & HOLTHUS, LLP,<br><br>DOE DEFENDANTS 1 - 20<br><br>　　　　Defendants. | Civil Case No.: 3:13-cv-05948-RJB<br><br>**RESPONSE TO QUALITY LOAN SERVICE CORP. OF WASHINGTON, INC. AND MCCARTHY & HOLTHUS MOTION FOR SUMMARY JUDGMENT** |

NOW COMES the Plaintiff, Timothy Dietz, in opposition to a motion for summary judgment by Defendants Quality Loan Service Corp. of Washington (Hereinafter "QLSW") and McCarthy & Holthus, LLP (Hereinafter "MCCARTHY") and states as follows:

RESPONSE TO SUMMARY JUDGMENT　　　　　　　　　　　　　　　　　　　　　Timothy Dietz
Civil Case No.: 3:13-cv-05948-RJB　　　　　　　　　　　　　　　　　　　　　　　2503 34th Ave
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Longview Washington 98632
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　360-442-9832
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　timthepostman@yahoo.com

1. The Plaintiff objects to this motion for summary judgment as there are facts in dispute, and this motions lacks the necessary affidavits and evidence in support of the motion for summary judgment.

2. The Plaintiff has plead a prima facie case.

3. The doctrine that applies administratively on motion for summary judgment is impeachment. There must be clear and convincing evidence of undisputed material facts before a summary judgment can be granted. Defendants have not impeached the Plaintiff's claim.

4. The Defendants have not come forward with an affidavit of a competent fact witness to dispute the truth of the matters asserted. Statements of counsel in brief or in argument are not sufficient for motion to dismiss or for summary judgment. *Trinsey v Pagliaro*, D.C. Pa. 1964, 229 F. Supp. 647.

5. On or about September 2, 2014, Plaintiff sent QLSW and MCCARTHY the required Fed. R. Civ. Proc. Rule 26(a)(1) disclosures. Plaintiff is not in receipt of QLSW or MCCARTHY Fed. R. Civ. Proc. Rule 26(a)(1) disclosures and therefore is not in receipt of any witnesses. Defendants have submitted a declaration of Sierra-Herbert West (Hereinafter "WEST"). Plaintiff objects to the declaration of WEST. West does not appear on any witness list Plaintiff has been denied the opportunity to depose WEST prior to submission of the WEST declaration. This declaration should not be allowed.

6. Even if WEST appeared on a witness list, the declaration of West is presented in bad faith and is untrustworthy for several reasons. WEST states that QLSW had the State DTA required alleged declaration from the beneficiary prior to commencing foreclosure. Dkt. 20-1 ¶ 131-135 addresses this issue. Plaintiff objects to this claim. QLSW has

RESPONSE TO SUMMARY JUDGMENT
Civil Case No.: 3:13-cv-05948-RJB

Timothy Dietz
2503 34th Ave
Longview Washington 98632
360-442-9832
timthepostman@yahoo.com

misrepresented this alleged declaration from the beneficiary. Plaintiff was not in possession of any document that verified QLSW was in possession of any declaration from the beneficiary prior to commencing foreclosure and Wells Fargo Home Mortgage confirmed this fact during a conversation with Plaintiff (see Dkt. 20-1 Pg. 4 ¶ 134). This is a disputed material fact and the motion for summary judgment fails because this disputed fact must proceed to trial.

7. The date on the alleged declaration from the beneficiary is also suspect and the Plaintiff objects to this cited date as the Plaintiff is not in receipt of any document that verifies the validity of this date. In *Klem v Washington Mutual Bank,* "Klem submitted evidence that Quality had a practice of having a notary predate notices of sale. This is often a part of the practice known as "robo-signing. Specifically, in this case, it appears that at least from 2004-2007, Quality notaries regularly falsified the date on which documents were signed." *Klem v. Washington Mut. Bank*, 295 P. 3d 1179 - Wash: Supreme Court 2013. Plaintiff moves the court to take judicial notice of the fact that QLSW has a history of pre-dating documents.

8. WEST states that she has knowledge of records kept with QLSW but does not confirm that she has any personal knowledge as to any facts. Fed. R. Civ. Proc. Rule 56(a)(4) requires that a declaration be by personal knowledge and not general knowledge.

9. Fed. R. Civ. Proc. Rule 56(c) requires that a summary judgment cite materials in the record. The Defendants cite Dkt. 49 Pg. 4 (Exhibit A) which was not part of the record prior to submission of the motion for summary judgment and must not be considered.

10. Plaintiff objects to the contents of the alleged declaration from the beneficiary as it does not meet the standards as required by the DTA. The DTA 61.24.030(7) states that "the

RESPONSE TO SUMMARY JUDGMENT
Civil Case No.: 3:13-cv-05948-RJB

Timothy Dietz
2503 34th Ave
Longview Washington 98632
360-442-9832
timthepostman@yahoo.com

- 3 of 8 -

trustee shall have proof that the beneficiary is the [owner] of any promissory note or other obligation secured by the deed of trust." Even if the Defendants cited the same document already in the record (see Dkt. 19-13), it does not satisfy the requisite of the DTA. The DTA specifies [owner] and not [holder] of any obligations. There are two issues with this declaration, first, that the declaration states that Wells Fargo Bank, N.A. (Hereinafter "WFB") is the [holder] and not the [owner] of the promissory note or other obligation. Second, this declaration leaves the reader with a choice of whether WFB holds the actual promissory note or that WFB holds some other obligation. If the signer of this declaration personally reviewed the actual debt instrument, then the signer would be able state with absolute [certainty] as to what obligation the beneficiary was the [owner] of. It appears that this declaration was intentionally crafted to deceive the reader into believing that this declaration met the requisite requirements of the DTA.

11. Defendants are relying on alleged facts relied upon in the two orders dismissing Wells Fargo and MERS (See Dkt. 48 Pg. 1). The Plaintiff objects to the orders relied upon as there was no rendering of findings of fact and conclusions of law supporting any order granting a motion to dismiss. These orders granting motions to dismiss are void on their face. As stated before, statements of council are not facts before the court, and there are no competent fact witnesses or affidavits in the record supporting Wells Fargo and MERS motions to dismiss (See Dkt. 6 and Dkt. 23) and therefore the motions to dismiss Wells Fargo and MERS are inadmissible. Counsel cannot submit facts into the record without a competent fact witness and they cannot argue law. No matter what label is given to the motion to dismiss, it is a demurrer, and demurrers have been abolished in the state of

RESPONSE TO SUMMARY JUDGMENT
Civil Case No.: 3:13-cv-05948-RJB

Timothy Dietz
2503 34th Ave
Longview Washington 98632
360-442-9832
timthepostman@yahoo.com

Washington and therefore could not be relied upon as the basis for granting a motion to dismiss.

12. Dkt. 15 and Dkt. 30 rely upon undisputed facts which are not facts at all (see Dkt. 20-1 Pg. 6 ¶ 142). Plaintiff merely cited unsupported statements by WFB and there is no language in Plaintiffs complaint that would indicate that Wells Fargo had purchased the Plaintiff's note in 2008, as these orders granting a motion to dismiss suggests.

13. Defendants are relying upon Lorber Exhibits A, C, D, E, G, AND H in support of their motion for summary judgment. Plaintiff objects, hearsay. These exhibits do not meet the guidelines pursuant to the rules of evidence and therefore are inadmissible. These are unofficial documents retrieved from the internet. In the declaration of Lorber, Lorber has attempted to be both attorney for Wells Fargo and MERS, and witness for Wells Fargo and MERS. An attorney cannot be both attorney and witness. Any reference to these exhibits or the Lorber declaration must be voided. "An unauthenticated printout obtained from the Internet does not meet the public records exception to the hearsay rule under RCW 5.44.040. Nor does it qualify as a self-authenticating document under ER 902(e)". *State v. Davis, 10 P. 3d 977, 141 Wash. 2d 798 - Wash: Supreme Court, 2000.*

14. Defendants are attempting to use the Plaintiff's exhibits H, I, L, U, and Y in support of their motion for summary judgment without authentication from a competent fact witness. Plaintiff objects to any reference to these documents without authentication from a competent fact witness. For the purpose of the defendants, these documents are prima facie and are out of court statements offered to prove the truth of what it says. Defendants cannot cite these exhibits unless they have been authenticated by a competent fact witness.

RESPONSE TO SUMMARY JUDGMENT
Civil Case No.: 3:13-cv-05948-RJB

Timothy Dietz
2503 34th Ave
Longview Washington 98632
360-442-9832
timthepostman@yahoo.com

- 5 of 8 -

This authentication is not a part of the record and all references to these exhibits must be voided.

15. Any motion tendering for the Courts consideration of facts must be submitted and supported by an affidavit of a witness competent to testify. Therefore, if any exhibit or document submitted by the Plaintiff are used by the Defendants to state or prove a contrary position of the Plaintiff's allegations, the claims of the Defendants must have authentication. And that authentication is a competent witness under oath testifying to the Defendant's assertions thereby authenticating their claim.

16. Dkt 48 Pg. 3 states that prior to issuing a notices of sale, QLSW had in its possession the Beneficiary Declaration confirming that Wells Fargo was the [holder] of the note. The Plaintiff objects to this statement as being misleading and not supported by a competent fact witness. The Plaintiff relied on the declaration from the beneficiary as being the owner of the note for the past year until recently when the Plaintiff realized that this declaration allegedly confirmed that Wells Fargo was the [holder] and not the [owner] of the note. The Plaintiff's house has been sold by QLSW and the Plaintiff is still not in receipt of any document verifying that Wells Fargo is the [owner] of the note which is a requisite of the DTA 61.24.030(7) prior to recording any notice of sale. The record does not show any evidence of QLSW as being in possession of any document from the beneficiary confirming that Wells Fargo is the [owner] of the note.

17. Dkt 48 Pg. 4, Defendant states that the Plaintiff waived his DTA claims by virtue of not enjoining the trustee sale. Plaintiff objects, misrepresentation. "In 2009 the legislature explicitly recognized a cause of action for damages for failure to comply with the DTA. It did so by amending the DTA to include RCW 61.24.127, which provides that a borrower

RESPONSE TO SUMMARY JUDGMENT
Civil Case No.: 3:13-cv-05948-RJB

Timothy Dietz
2503 34th Ave
Longview Washington 98632
360-442-9832
timthepostman@yahoo.com

or grantor does not waive certain claims for damages by failing to bring a civil action to enjoin a foreclosure sale. The claims not waived include the failure of the trustee to materially comply with the provisions of this chapter." *Walker v. Quality Loan Service Corp.*, 308 P. 3d 716 - Wash: Court of Appeals, 1st Div. 2013.

18. QLSW asserts that they have complied in all respects to the DTA. Plaintiff objects, Plaintiff is not in receipt of any document nor that verifies that QLSW has ever met the requirements of RCW 61.24.030(7). The record does not show QLSW as meeting the requirements of RCW 61.24.030(7). The declaration names a [holder] but not an [owner]. The declaration also does not specify what obligation that the alleged beneficiary [holds]. There is also no affidavit of a competent fact witness testifying to compliance with the DTA attached to the motion for summary judgment.

19. On a motion for summary judgment, the moving party bears the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

20. Unsupported contentions of material fact are not sufficient on motion for summary judgment, but rather, material facts must be supported by affidavits and other testimony and documents that would be admissible in evidence at trial. *Cinco Enterprises, Ins. v. Benso*, Okla., 890 P2d. 866 (1994).

21. There is no evidence in the record of a competent fact witness disputing any of the Plaintiff's claims. The summary judgment cannot survive without one.

RESPONSE TO SUMMARY JUDGMENT  
Civil Case No.: 3:13-cv-05948-RJB

Timothy Dietz  
2503 34th Ave  
Longview Washington 98632  
360-442-9832  
timthepostman@yahoo.com

WHEREFORE, Plaintiff moves this court to enter a judgment denying Defendants QLSW and MCCARTHY Motion for Summary Judgment.

Dated October 17, 2014

_____
Timothy Dietz

### CERTIFICATE OF SERVICE

I CERTIFY UNDER PENALTY OF PERJURY under the laws of the State of Washington that the foregoing is true and correct and that a working copy of the Plaintiff's has been electronically provided on October 16, 2014 and a copy of the foregoing has been electronically provided to Thomas Moore, Esq., and Joseph McIntosh, Esq.

Executed this 17th day of October, 2014.

_____
Timothy Dietz
2503 34th Ave
Longview WA 98632
360-442-9832
timthepostman@yahoo.com

RESPONSE TO SUMMARY JUDGMENT
Civil Case No.: 3:13-cv-05948-RJB

Timothy Dietz
2503 34th Ave
Longview Washington 98632
360-442-9832
timthepostman@yahoo.com