THE HONORABLE ROBERT J. BRYAN

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TIMOTHY DIETZ;<br><br>                          Plaintiffs,<br><br>vs.<br><br>QUALITY LOAN SERVICE CORP. OF WASHINGTON; et. al.,<br><br>                          Defendants. | No.: 13-05948-RJB<br><br>REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT BY DEFENDANTS QUALITY LOAN SERVICE CORPORATION OF WASHINGTON AND McCARTHY & HOLTHUS, LLP |

COMES NOW defendants Quality Loan Service Corporation of Washington ("Quality") and McCarthy & Holthus, LLP ("M&H") and submits this reply in support of summary judgment.

## I.    REPLY

A.    <u>Response is Untimely; Should be Stricken</u>.

Plaintiff's response was due Monday before the noting date, which would have been October 13. Plaintiff didn't file his response until the noting date, October 17. Defendants have been prejudiced by having less than a full day to prepare this reply. The response should be stricken as both untimely and prejudicial.

B.    <u>Summary Judgment Standard</u>.

When a properly supported motion for summary judgment is made, the adverse party "must set forth specific facts showing that there is a genuine issue for trial." FRCP 56(c); Anderson v. Liberty Lobby, 477 U.S. 242, 250, 106 S.Ct. 2505 (1986). Moreover, a Plaintiff

Reply
Page -1-
MH #WA-14-614695-CV (QLS); WA-14-614702-CV (MH)

McCarthy & Holthus LLP
108 1st Ave South STE 300
Seattle, WA 98104
PH: (206) 319-9100
FAX: (206) 780-6862

cannot merely rely on the allegations in his complaint to defeat a summary judgment motion. *Id.* at 256.

In this case, Plaintiff's response simply repeats the same allegations made in his complaint. No additional evidence is provided. And as explained further below, Plaintiff's legal arguments are unpersuasive. There are no genuine issues of fact based on the record, and judgment as a matter of law is appropriate.

C.     Beneficiary Declaration from "Holder" Satisfies RCW 61.24.030(7)(a).

Prior to issuing the Notice of Sale, Quality had in its possession the Beneficiary Declaration from Wells Fargo, stating that Wells Fargo "held" the Note[1]. Plaintiff argues that the trustee was required to have a declaration from the "owner" of the Note, not the "holder". This argument was squarely rejected by Washington's Court of Appeals, Division I, in the case of *Trujillo v. Northwest Trustee Services, Inc.*, 181 Wn.App 484 (Div. 1, 2014) (trustee's obligation is to have the declaration from the "holder", not the "owner"). *Trujillo* is directly on point for the proposition that the trustee can rely on a declaration from the "holder", and Plaintiff fails to offer any legal authority to the contrary.

Plaintiff also quibbles with the form of the Beneficiary Declaration, suggesting it is ambiguous, and could identify a different obligation than the one secured by the subject deed of trust. This assertion is disingenuous. The Beneficiary Declaration contains the property address and loan number that corresponds with the subject note obligation[2]. Plaintiff has not demonstrated, with any evidence, a different obligation that the Beneficiary Declaration could pertain to. Plaintiff is simply trying to create an issue that does not exist.

---

[1] Decl of Herbet-West, Exhibit A

[2] The loan number – which is a personal identifier -- was blacked-out to protect Plaintiff's privacy. However, if the Court wishes, and Plaintiff consents to the filing of his loan number, defendants would be more than happy to provide un-redacted copies demonstrating the loan number matches that of the subject obligation.

Reply
Page -2-
MH #WA-14-614695-CV (QLS); WA-14-614702-CV (MH)

McCarthy & Holthus LLP
108 1st Ave South STE 300
Seattle, WA 98104
PH: (206) 319-9100
FAX: (206) 780-6862

D.  <u>Declaration of Sierra Herbert-West.</u>

Defendants' inadvertently filed the Declaration of Sierra West [Dkt 48-1] without Exhibit A. Exhibit A is the Beneficiary Declaration. This was corrected by a Praecipe [Dkt 49] filed on October 14, 2014.

Plaintiff cannot claim any prejudice as a result of the late filing of Exhibit A. Plaintiff knew exactly what the document was. Plaintiff already had a copy of the Beneficiary Declaration through correspondences with Quality's attorney prior to the suit, and Plaintiff attached the document to his complaint[3]. Plaintiff also does not dispute Quality's possession of this document in advance of sale; rather, his focus is that the document does not satisfy the trustee's obligation under the law.

Plaintiff's other challenges to the Declaration of Herbert-West are without merit. Ms. West's testimony is based on her review of business records kept in the ordinary course, which is admissible as an exception to the hearsay rule. ER 803(6). Furthermore, Plaintiff has had ample time to depose a representative of Quality, or depose Ms. West following the filing of her declaration. No effort has been made to do either.

E.  <u>Defendant McCarthy & Holthus, LLP.</u>

Plaintiff in his response does not address any of the defenses raised by defendant McCarthy & Holthus, LLP ("M&H"). This should be taken as acknowledgment that M&H's defenses prevail, and there is no independent cause of action against M&H, nor a legal mechanism to impute the actions of Quality onto M&H.

## II.  CONCLUSION

There are no genuine issues of material fact and dismissal of Quality and M&H is appropriate as a matter of law.

---

[3] Dkt 19, Exhibit Y

Reply
Page -3-
MH #WA-14-614695-CV (QLS); WA-14-614702-CV (MH)

McCarthy & Holthus LLP
108 1st Ave South STE 300
Seattle, WA 98104
PH: (206) 319-9100
FAX: (206) 780-6862

1 | Dated: October 17, 2014

2 | MCCARTHY & HOLTHUS, LLP

3 | /s/ Joseph Ward McIntosh
4 | Joseph Ward McIntosh, WSBA #39470
Attorneys for Quality and M&H

Reply
Page -4-
MH #WA-14-614695-CV (QLS); WA-14-614702-CV (MH)

McCarthy & Holthus LLP
108 1st Ave South STE 300
Seattle, WA 98104
PH: (206) 319-9100
FAX: (206) 780-6862