UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TIMOTHY DIETZ,<br><br>           Plaintiff,<br><br>      v.<br><br>QUALITY LOAN SERVICE CORP. OF WASHINGTON; WELLS FARGO HOME MORTGAGE; WELLS FARGO BANK, N.A.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; MERSCORP, INC.; McCARTHY & HOLTHUS LLP; DOE DEFENDANTS 1-20,<br><br>           Defendants. | CASE NO. C13-5948 RJB<br><br>ORDER GRANTING DEFENDANTS QUALITY LOAN SERVICE CORPORATION OF WASHINGTON AND MCCARTHY & HOLTHUS, LLP'S  MOTION FOR SUMMARY JUDGMENT |

This matter comes before the Court on Defendants Quality Loan Service Corporation of Washington (Quality) and McCarthy & Holthus, LLP's (McCarthy) motion for summary judgment. Dkt. 48. The Court has considered the pleadings in support of and in opposition to the motion and the record herein.

ORDER GRANTING DEFENDANTS QUALITY
LOAN SERVICE CORPORATION OF
WASHINGTON AND MCCARTHY & HOLTHUS,
LLP'S  MOTION FOR SUMMARY JUDGMENT- 1

# INTRODUCTION AND BACKGROUND

This is a post-sale wrongful foreclosure case. The pertinent and material facts are set forth in the Court's previous two Orders Granting Wells Fargo and MERS's Motions to Dismiss. Dkt. 15 and 30. Plaintiff Timothy Dietz (Dietz) filed this action on October 30, 2013, asserting violations of the Fair Debt Collection Practices Act (FDCPA)(Counts I and IV) and violations of the Washington Deed of Trust Act (DTA)(Counts II and III). Dkt. 1. On January 3, 2014, the Court granted Wells Fargo and MERS's Motion to Dismiss the FDCPA and Washington Deed of Trust claims and dismissed Wells Fargo and MERS from the lawsuit without prejudice. Dkt. 15. Dietz then filed multiple amended complaints attempting to cure the deficiencies in his original complaint, adding causes of action for breach of contract and fraud, and naming McCarthy & Holthus LLP as new party defendant to this action. Dkts. 18 and 20. On February 11, 2014, the Court entered an order ruling that Plaintiff's Second Amended Complaint (Dkt. 20) will be considered the operative complaint. Dkt. 21.

Dietz's first cause of action in the Second Amended Complaint alleges a cause of action for violation of the FDCPA against Wells Fargo. Dkt. 20-1 pp. 10-13. MERS is not named in the FDCPA claim. Dietz's second cause of action alleges violation of the DTA. The DTA claim is directed at Quality and McCarthy and does not name Wells Fargo or MERS. Dkt. 20-1 pp. 14-15. Dietz's third cause of action alleges breach of contract against Wells Fargo. Dkt. 20-1 pp. 15-16. Dietz's fourth cause of action alleges fraud against all defendants. Dkt. 20-1 pp. 16-17.

On March 25, 2014, the Court granted Wells Fargo and MERS's motion to dismiss the amended complaint. Dkt. 30. Dietz's cause of action for violation of the FDCPA was subject to dismissal because Wells Fargo is not a debt collector under the FDCPA and there are no

allegations giving rise to a cognizable violation of the FDCPA by Wells Fargo. *Id.* at 4. The claim of a violation of the DTA was dismissed as to Wells Fargo and MERS because they were not trustees of the deed of trust and therefore not subject to post-sale claims under the DTA. *Id.* at 5. The breach of contract claim was dismissed because Dietz failed to set forth a viable breach of contract claim against Wells Fargo or MERS. *Id*. at 5-7. Finally, Dietz's fraud conspiracy claim was dismissed because of his failure to properly plead a claim for fraud. *Id*. at 7-8.

The remaining Defendants to this action, Quality and McCarthy, seek summary judgment of dismissal. Dkt. 48. The following undisputed facts are material to the motion. On February 21, 2012, after Dietz's default, Wells Fargo executed an Appointment of Successor Trustee, appointing Quality as trustee under the Deed of Trust. Dkt. 15 at 3; Dkt. 10-3 at 10-12. On July 26, 2012, Quality issued a Notice of Default. Dkt. 18-3. The Notice of Default included Wells Fargo's Foreclosure Loss Mitigation Form, indicating that Dietz did not request a pre-foreclosure meet and confer. *Id*. On August 4, 2012, Dietz wrote a letter to Quality "contesting the validity of the debt," and asking for a copy of the Note. Dkt. 18-4. Quality responded with a letter dated September 6, 2012, which included a copy of the Note. Dkt. 18-7. On April 17, 2013, Dietz wrote another letter to Quality. Dkt. 19-8. Similar to the previous letter, Dietz disputed the enforceability of the Note and Deed of Trust, and Wells Fargo's ability to appoint Quality as successor trustee. Dietz also alleged that signatures were "fraudulent." Dietz also asked Quality for a copy of its Beneficiary Declaration. *Id*. On June 4, 2013, Quality's attorneys, McCarthy, sent a responsive letter to Dietz, which included a copy of the Beneficiary Declaration. Dkt. 19-3. From August of 2012 to May of 2013, Quality issued three Notices of Sale against the Property; they are found under Cowlitz County Recorder's Nos. 3462652, 3465768, and 3480408. Dkt. 15 at 3. Prior to issuing the Notices of Sale, Quality had in its possession the

ORDER GRANTING DEFENDANTS QUALITY
LOAN SERVICE CORPORATION OF
WASHINGTON AND MCCARTHY & HOLTHUS,
LLP'S  MOTION FOR SUMMARY JUDGMENT- 3

Beneficiary Declaration from Wells Fargo, confirming that Wells Fargo was the "holder" of the Note. Dkt. 19-3; Dkt. 48-1; Dkt. 49. The last Notice of Sale set an auction date of the Property for September 20, 2013. On that day, the auction was held. Wells Fargo was the highest bidder by credit bid. Dietz did not file a motion to restrain the sale. On September 24, 2013, Quality issued to Wells Fargo a Trustee's Deed Upon Sale. Dkt. 7 at 44-46.

**SUMMARY JUDGMENT STANDARD**

Summary judgment is proper where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Rule 56(a) mandates summary judgment against a party who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Broussard v. Univ. of Cal. at Berkeley*, 192 F.3d 1252, 1258 (9th Cir. 1999).

A party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and of identifying those portions of the pleadings and discovery responses that demonstrate the absence of a genuine issue of material fact. *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007). When the moving party has carried its burden under Rule 56(a) the opposing party must do more than simply show that there is some metaphysical doubt as to the material facts and come forward with specific facts showing that there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586–87 (1986). An issue is 'genuine' only if there is a sufficient evidentiary basis on which a reasonable fact finder could find for the nonmoving party, and a dispute is 'material' only if it could affect the outcome of the suit under the governing law. *In re Barboza*, 545 F.3d 702, 707 (9th Cir. 2008). When considering the evidence on a motion for summary judgment, the court must draw

ORDER GRANTING DEFENDANTS QUALITY
LOAN SERVICE CORPORATION OF
WASHINGTON AND MCCARTHY & HOLTHUS,
LLP'S  MOTION FOR SUMMARY JUDGMENT- 4

all reasonable inferences on behalf of the nonmoving party.  *Matsushita Elec. Indus. Co.,* 475 U.S. at 587; *Posey v. Lake Pend Oreille Sch. Dist. No. 84*, 546 F.3d 1121, 1126 (9th Cir. 2008).

## FAIR DEBT COLLECTION PRACTICES ACT

Dietz alleges a FDCPA claim.  As stated in the Court's previous Orders, the FDCPA applies only to the activities of "debt collectors" as defined by that statute.  15 U.S.C. §1692a(6).  See Dkt. 15 at 6; Dkt. 30 at 4.  To plead a claim for violation of the FDCPA, Plaintiff must allege facts demonstrating that (1) Defendants were collecting a debt as debt collectors and that (2) Defendants' debt collection actions violated the federal statute.  *Jerman v. Carlisle, et. al.*, 559 U.S. 573 (2010).  The FDCPA's definition of a debt collector "does not include the consumer's creditors, a mortgage servicing company, or any assignee of the debt, so long as the debt was not in default at the time it was assigned."  *Nool v. HomeQ Servicing,* 653 F. Supp.2d 1047, 1053 (E.D. Cal. 2009).  A claim of wrongful foreclosure is not cognizable under the FDCPA.  That would exclude any FDCPA claim against Quality or McCarthy.  Their only involvement with Dietz's loan was advancing the non-judicial foreclosure of the property.  The Notice of Default and Notice of Sale(s) are statutorily required notices under Washington's DTA. They are not "debt collection" activities separate from the non-judicial process.

Further, even if Quality was a "debt collector", there is no basis for a claim under 15 USC § 1692f(6) (threatening non-judicial action without enforceable security).  Dietz admits to signing the Note and Deed of Trust, and defaulting by reason of nonpayment.  The Deed of Trust is a legally enforceable security interest against the property.  Wells Fargo, as "holder" of the Note is the legal beneficiary of the Deed of Trust under Washington law, and is entitled to instruct the trustee to proceed with foreclosure.

Finally, as to Defendant McCarthy, it is not a trustee and owed no duty to Dietz.

The FDCPA claims against Quality and McCarthy are subject to dismissal.

## WASHINGTON DEED OF TRUST ACT

Dietz's second cause of action alleges violations of the Washington Deed of Trust Act (DTA), RCW 61.24. *et seq.* Post-sale claims under the DTA are confined to claims that allege "failure of the trustee to materially comply with the provisions of this chapter." RCW 61.24.127(1)(c). The undisputed record reveals that Defendants complied in all respects to the obligations of the DTA.

Pursuant to RCW 61.24.030(8), a notice of default is required 30 days before the recording of a notice of sale. The form of the notice of default is provided by statute, which includes a statement of the arrears. *Id*. For owner-occupied real property, the notice of default must include the Foreclosure Loss Mitigation Form from the beneficiary or its agent, confirming that the beneficiary has satisfied its pre-foreclosure notice requirements. RCW 61.24.031(2). Unless it has violated its duty of good faith, the trustee is allowed to rely on the Foreclosure Loss Mitigation Form as evidence that the pre-foreclosure notice requirements have been satisfied. *Id*. Dietz does not dispute defaulting on his loan. He does not dispute receiving the Notice of Default from Quality, with the Foreclosure Loss Mitigation Form attached. Nor does he demonstrate that the form of the Notice of Default, or Foreclosure Loss Mitigation Form, failed to comply with Washington's DTA. Prior to sale, Dietz provided nothing to Quality that would objectively call into question the enforceability of the Note and Deed of Trust, Quality's lawful ability to act as successor trustee, and other than bare allegations, the integrity of the signature on the Foreclosure Loss Mitigation Form. Quality was, by law, allowed to rely on these documents. In sum, nothing in the record demonstrates any non-compliance by Quality in issuing the Notice of Default.

ORDER GRANTING DEFENDANTS QUALITY
LOAN SERVICE CORPORATION OF
WASHINGTON AND MCCARTHY & HOLTHUS,
LLP'S  MOTION FOR SUMMARY JUDGMENT- 6

1     Quality also complied with the notice of sale requirements of the DTA. The record

2 demonstrates that prior to issuing the Notice of Sale, Quality had in its possession the

3 Beneficiary Declaration made under penalty of perjury, testifying that Wells Fargo was the

4 "holder" of the Note. The statute expressly allows Quality to rely on this declaration. See RCW

5 61.24.030(7).

6     Quality followed the law in advancing the non-judicial foreclosure on behalf of Wells

7 Fargo. There was no "material" defect in the sale. Nor has Dietz demonstrated that he suffered

8 damages as a proximate cause of Quality's actions. Rather, Quality's actions of noting and

9 conducting the sale of the property were legal consequences of Dietz's loan default. Thus, to the

10 extent an action against the trustee survives sale under RCW 61.24.127(1)(c), Dietz has failed to

11 demonstrate any facts supporting such a claim, and it is subject to dismissal.

12     The DTA claims against Quality and McCarthy are subject to dismissal.

13                                  **FRAUD**

14     Dietz's fourth cause of action alleges a fraud conspiracy. Dietz asserts that MERS

15 members conspired to commit fraud by using MERS as a sham beneficiary, promoting and

16 facilitating predatory lending practices through the use of MERS, and making it impossible for

17 borrowers to track the changes in lenders. See Dkt. 20-1 pp.16-17. The essence of Dietz's claim

18 is that all the defendants committed fraud by including MERS in the mortgage loan transaction.

19     The Court has previously ruled that Dietz's allegations fail to address several of the

20 necessary elements for a fraud claim. Dkt. 30. Dietz has not identified any representations made

21 to him about the MERS system and its role in his mortgage loan that were false and material.

22 None of Dietz's allegations indicate that the he was misinformed about MERS's role as a

23 beneficiary, or the possibility that the loan would be resold and tracked through the MERS

24

ORDER GRANTING DEFENDANTS QUALITY
LOAN SERVICE CORPORATION OF
WASHINGTON AND MCCARTHY & HOLTHUS,
LLP'S  MOTION FOR SUMMARY JUDGMENT- 7

1  system.  Dietz has not alleged that he relied on any misrepresentations about MERS in deciding
2  to enter into the mortgage loan, or that he would not have entered into the loan if he had more
3  information about how MERS worked.  Dietz has also failed to show that the designation of
4  MERS as a beneficiary caused any injury, i.e. affected the terms of his mortgage loan, the ability
5  to repay the loan, or his obligation as borrower.  See *Wear v. Sierra Pacific Mortg. Co., Inc*.,
6  2013 WL 6008498, *2 (W.D. Wash. 2013).  The mere inclusion of MERS in the loan transaction
7  is not actionable under Washington law.  *Bain v. Metro. Mtg. Group., Inc*., 175 Wash.2d 83, 120
8  (2012). The mere inclusion of MERS in a loan transaction also does not support a fraud claim.
9  *Babrauskas v. Paramount Equity Mtg*., 2013 WL 5743903, *5 (W.D. Wash. 2013); *Abubo v.
10 Bank of New York Mellon*, 2011 WL 6011787, *8 (D. Haw.  2011); *Green v. Eagle Bank*, 2013
11 WL 6248848, *9-10 (D. Mont. 2013).

12     Dietz has failed to raise a question of material fact supporting a claim against Quality or
13 McCarthy for conspiracy to commit fraud.  This cause of action is subject to dismissal.

## CONCLUSION

15     Despite Dietz's protestations to the contrary, there are no genuine issues of material fact
16 supporting the claims against Defendants Quality and McCarthy.  For the foregoing reasons, it is
17 hereby **ORDERED**:

18     1. Defendants Quality Loan Service Corporation of Washington and McCarthy &
19        Holthus, LLP's Motion for Summary Judgment (Dkt. 48) is **GRANTED.**

20     2. Defendants Quality Loan Service Corporation of Washington and McCarthy &
21        Holthus, LLP are **DISMISSED** from this lawsuit **WITH PREJUDICE.**

22     3. All claims against all Defendants having been dismissed, this case may be closed.

1     4. The Clerk is directed to send uncertified copies of this Order to all counsel of record

2          and to any party appearing *pro se* at said party's last known address.

3     Dated this 20th day of October, 2014.

                 *[signature]*

                 ROBERT J. BRYAN
                 United States District Judge

ORDER GRANTING DEFENDANTS QUALITY LOAN SERVICE CORPORATION OF WASHINGTON AND MCCARTHY & HOLTHUS, LLP'S MOTION FOR SUMMARY JUDGMENT- 9